# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **loanDepot.com, LLC** | |
| Plaintiff, | Case No. _____ |
| vs. | **ECF Case** |
| **CROSSCOUNTRY MORTGAGE, LLC, KEISHA ANTOINE, SCOTT BONORA, STUART KOLINSKY, BARRY KOVEN, ENRICO MARTINO, SCOTT NADLER, EMELINE RAMOS, ROBERT RAUSH, MICHAEL SECOR, ERIKA VIGNOLA, and YAN ZHENG** | |
| Defendants. | |

**LOANDEPOT'S FIRST SET OF INTERROGATORIES**
**DIRECTED TO CROSSCOUNTRY MORTGAGE LLC**

Under Federal Rules of Civil Procedure 26 and 33, the Local Rules of this Court, and the Court's Order Concerning Expedited Discovery (Dkt. __), Plaintiff loanDepot, LLC, hereby requests that Defendant CrossCountry Mortgage LLC ("CrossCountry") answer each of the following interrogatories (the "Interrogatories"), separately and fully in writing, and serve the responses on loanDepot's counsel within __ days of this request, at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022.

**DEFINITIONS**

1.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.    "Complaint" means the Complaint filed in the above-captioned action and any amended complaint that Plaintiff may file at a later time.

1

3.    "Compensation" means financial remuneration, including, but not limited to, the payment of cash, equity options, commission, incentive plans, or any other pecuniary benefit.

4.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5.    "CrossCountry," "Defendant," "You," or "Your" mean CrossCountry Mortgage, LLC and any of its employees, subsidiaries, employees, agents, affiliates, and individuals otherwise acting on behalf of CrossCountry.

6.    "Departed NY Employees" means Defendants Keisha Antoine, Scott Bonora, Stuart Kolinsky, Barry Koven, Enrico ("Rick") Martino, Scott Nadler, Emeline Ramos, Robert Raush, Michael Secor, Erika Vignola, and Yan ("Jenny") Zheng as defined herein.

7.    "Describe" or "Identify" means:

(i)    When used in reference to an individual: state his/her full name, present or last known business and residential address and telephone number, and last known business affiliation or employment and position;

(ii)    When used in reference to a corporation: state its full name, its state of incorporation, its date of incorporation, its principal place of business, its address, and its telephone number;

(iii)    When used in reference to a Person other than an individual or corporation: state its official name, its organizational form, the state or nation in which it was organized, its address, and its telephone number;

(iv)    When used in reference to a Document: state the type of Document; its date; its author; its addressee; its signer; its recipient; its title; its present or last-known location; the name, address, and job title of each Person having custody of such Document, including the name, address, and job title of its proper custodian; and

the substance of its contents (in lieu of identifying any Documents, copies thereof may be furnished);

(v)    When used in reference to any act or occurrence: state the event or events constituting such act or occurrence; the location, date and time it transpired; and any Persons participating or present; and

(vi)    When used in reference to any discussion, conversation, Communication, or statement: state the date and time it transpired, the Persons participating, and the substance of the discussion.

8.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  A draft or non-identical copy is a separate Document within the meaning of this term.

9.    "loanDepot" or "Plaintiff" means loanDepot.com, LLC and any of its employees, subsidiaries, employees, agents, or affiliates.

## **INSTRUCTIONS**

1.    You shall respond individually to these Interrogatories.

2.    "All," "any," and "each" shall each be construed as encompassing any and all.

3.    "And/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

4.    The use of the singular form of any word includes the plural and vice versa.

5.    "Refer," "relate," "reflect," "regard," or "concern" shall be construed to bring within the scope of the Interrogatory all information that comprises, evidences, constitutes,

describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of the subject matter of the Interrogatory, including, but not limited to, all Documents that reflect, record, memorialize, discuss, evaluate, consider, review, or report the subject matter of the Interrogatory.

6.    You shall construe each Interrogatory herein independently and not with reference to any other Interrogatory for the purposes of limitation.

7.    If a claim of privilege is asserted, in whole or in part, with respect to any Interrogatory, or if You object to answering an Interrogatory herein, in whole or in part, on any ground, You shall answer all remaining parts of the Interrogatory, state the nature of the privilege or objection, including work product, that is being claimed, the facts sufficient to support Your claim of privilege or objection, and if the privilege is being asserted in connection with a claim or defense covered by state or federal law, indicate the state or federal rule being invoked. You shall additionally identify each item of information, Communication, Document, or part thereof as to which You claim privilege or object as follows: (a) describe the nature of the information, Communication, or Document (*e.g.*, letter, memorandum, minutes, telegram, notes, etc.); (b) specify the date on which the Communication or Document was prepared; (c) identify the Person(s) who prepared or authored the Document or the Person(s) who communicated the information; (d) identify the Person(s) to whom the information, Communication, or Document was sent, copied, or shown; (e) set forth the subject matter of the information, Communication, or Document; (f) state the privilege or other doctrine pursuant to which the information, Communication, or Document is being withheld from production and set forth the basis for such claim of privilege or immunity from production; and (g) state the number of the

4

Interrogatory to which the Document, Communication, or other information is responsive.

8.    All grounds for an objection to an Interrogatory shall be stated with specificity. Any ground not stated with specificity or in a timely objection is waived unless excused by the Court for good cause shown.

9.    These Interrogatories are continuing in nature. If, after responding to the Interrogatories, You obtain or become aware of any further or different information, either directly or indirectly, a supplementary answer is required. You are under a duty reasonably to amend a prior response upon learning that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Defendants during the discovery process or in writing.

10.   All defined terms shall be given the meanings provided herein, whether or not such terms are capitalized.

11.   All definitions set forth above are in addition to the defined words' standard meanings. If You contend that You do not understand the definition of the term or phrase used in any Interrogatory, You should respond to that portion of the Interrogatory that You do understand and explain what it is that You do not understand with regard to the remainder of the Interrogatory. If You believe that any Interrogatory is overbroad in part, You should respond to that portion of the Interrogatory that You do not consider overbroad and explain why You believe the remainder is overbroad.

**INTERROGATORIES**

**INTERROGATORY NO. 1**

Identify and Describe any and all devices, platforms, and accounts You used to communicate with Departed NY Employees including all email addresses and account user names on any chat and/or messaging platforms.

**INTERROGATORY NO. 2**

Identify all CrossCountry employees, representatives, and/or agents, including but not limited to third-party recruiters, who have worked with any of the Departed NY Employees, and/or have been in contact with the Departed NY Employees on behalf of CrossCountry regarding employment with CrossCountry, and for each such person, please (a) state the name of the person, (b) provide the position that person holds within CrossCountry or, otherwise, the position that person holds with a third party affiliated with and/or working with CrossCountry, and (c) identify any and all communications with each such person that relates to the recruitment, hiring, onboarding, or employment of any of the Departed NY Employees.

**INTERROGATORY NO. 3**

Identify and Describe all information and Documents You received from the Departed NY Employees related in any way to loanDepot. If any information or Document is no longer in CrossCountry's possession, custody, or control, please (a) state the date it left CrossCountry's possession, custody, or control, and (b) describe in detail all facts and circumstances pertaining to why the Document or information is no longer in CrossCountry's possession, custody, or control.

**INTERROGATORY NO. 4**

Identify each and every current or former employee of loanDepot, other than the Departed NY Employees, with or about whom CrossCountry has had contact or communicated since November 1, 2021 regarding employment or potential employment with CrossCountry or the Departed NY Employees, including (a) the date(s) of the contact or communication, and (b) the substance of the contact or communication.

**INTERROGATORY NO. 5**

Identify each and every current, former, or prospective customer of loanDepot with whom the Departed NY Employees have had contact with or communicated with since any of them commenced employment with CrossCountry, including (a) the date(s) of the contact or communication, and (b) the substance of the communication.

**INTERROGATORY NO. 6**

Identify each and every current, former, or prospective customer of loanDepot that CrossCountry has communicated about or discussed with one or more of the Departed NY Employees, including the (a) date(s) of the communication, (b) the participants in any such communication, and (c) the substance of the communication, including the current, former, or prospective customer discussed or referenced.

**INTERROGATORY NO. 7**

Identify each and every loanDepot Document, piece of information or data, ESI, or other loanDepot property that was or is in CrossCountry's possession, custody, or control, and please identify the location where such loanDepot Property was or is stored. If any information or Document is no longer in CrossCountry's possession, custody, or control, please (a) state the date it left CrossCountry's possession, custody, or control, and (b) describe in detail all facts and

circumstances pertaining to why the Document or information is no longer in CrossCountry's possession, custody, or control.

**INTERROGATORY NO. 8**

Identify all CrossCountry email accounts, Computers, data storage devices, hardware, Customer Relationship Management tools or applications, media, cloud-based storage accounts, or other repositories of information any of the Departed NY Employees utilize or to which any of the Departed NY Employees have access to perform their work for CrossCountry.

**INTERROGATORY NO. 9**

Identify and Describe Your recruitment of any current or former loanDepot employee since November 1, 2021 including (a) the name of the employee, (b) the participants in any such recruitment, and (c) the substance of any Communications.

**INTERROGATORY NO. 10**

Identify and Describe any Compensation You offered the Departed NY Employees, including, but not limited to, whether and to what extent CrossCountry offered to indemnify, advance or reimburse for legal expenses, and any bonus Compensation.

Dated: July __, 2022                    Respectfully Submitted,

                                        **KIRKLAND & ELLIS LLP**

                                        DRAFT_____
                                        Josh Greenblatt, P.C.
                                        John Del Monaco
                                        KIRKLAND & ELLIS LLP
                                        601 Lexington Avenue
                                        New York, NY 10022
                                        Telephone: +1 212 446 4800
                                        Facsimile: +1 212 446 4900
                                        josh.greenblatt@kirkland.com
                                        john_delmonaco@kirkland.com

                                        *Counsel for Plaintiff loanDepot.com*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **loanDepot.com, LLC** | |
| Plaintiff, | Case No. _____ |
| vs. | |
| **CROSSCOUNTRY MORTGAGE, LLC, KEISHA ANTOINE, SCOTT BONORA, STUART KOLINSKY, BARRY KOVEN, ENRICO MARTINO, SCOTT NADLER, EMELINE RAMOS, ROBERT RAUSH, MICHAEL SECOR, ERIKA VIGNOLA, and YAN ZHENG** | |
| Defendants. | |

## LOANDEPOT'S FIRST SET OF INTERROGATORIES
## DIRECTED TO _____

Under Federal Rules of Civil Procedure 26 and 33, the Local Rules of this Court, and the Court's Order Concerning Expedited Discovery Discovery (Dkt. __), Plaintiff loanDepot, LLC, hereby requests that Defendant _____ answer each of the following interrogatories (the "Interrogatories"), separately and fully in writing, and serve the responses on loanDepot's counsel within __ days of this request, at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022.

## DEFINITIONS

1. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2. "Complaint" means the Complaint filed in the above-captioned action and any amended complaint that Plaintiff may file at a later time.

3.    "Compensation" means financial remuneration, including, but not limited to, the payment of cash, equity, commission payments, incentive plans, or any other pecuniary benefit.

4.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5.    "CrossCountry" means CrossCountry Mortgage, LLC and any of its employees, subsidiaries, employees, agents, affiliates, or individuals otherwise acting on behalf of CrossCountry.

6.    "Departed NY Employees" means Defendants Keisha Antoine, Scott Bonora, Stuart Kolinsky, Barry Koven, Enrico ("Rick") Martino, Scott Nadler, Emeline Ramos, Robert Raush, Michael Secor, Erika Vignola, and Yan ("Jenny") Zheng, as defined herein.

7.    "Describe" or "Identify" means:

(i)    When used in reference to an individual: state his/her full name, present or last known business and residential address and telephone number, and last known business affiliation or employment and position;

(ii)    When used in reference to a corporation: state its full name, its state of incorporation, its date of incorporation, its principal place of business, its address, and its telephone number;

(iii)    When used in reference to a Person other than an individual or corporation: state its official name, its organizational form, the state or nation in which it was organized, its address, and its telephone number;

(iv)    When used in reference to a Document: state the type of Document; its date; its author; its addressee; its signer; its recipient; its title; its present or last-known location; the name, address, and job title of each Person having custody of such Document, including the name, address, and job title of its proper custodian; and

2

the substance of its contents (in lieu of identifying any Documents, copies thereof may be furnished);

(v)     When used in reference to any act or occurrence: state the event or events constituting such act or occurrence; the location, date and time it transpired; and any Persons participating or present; and

(vi)    When used in reference to any discussion, conversation, Communication, or statement: state the date and time it transpired, the Persons participating, and the substance of the discussion.

8.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  A draft or non-identical copy is a separate Document within the meaning of this term.

9.     "loanDepot" or "Plaintiff" means loanDepot.com, LLC and any of its employees, subsidiaries, employees, agents, or affiliates.

10.    "You" or "Your" means _____ and any affiliated person acting on your behalf.

## **INSTRUCTIONS**

1.     You shall respond to these Interrogatories individually.

2.     "All," "any," and "each" shall each be construed as encompassing any and all.

3.     "And/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

4.     The use of the singular form of any word includes the plural and vice versa.

3

5.      "Refer," "relate," "reflect," "regard," or "concern" shall be construed to bring within the scope of the Interrogatory all information that comprises, evidences, constitutes, describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of the subject matter of the Interrogatory, including, but not limited to, all Documents that reflect, record, memorialize, discuss, evaluate, consider, review, or report the subject matter of the Interrogatory.

6.      You shall construe each Interrogatory herein independently and not with reference to any other Interrogatory for the purposes of limitation.

7.      If a claim of privilege is asserted, in whole or in part, with respect to any Interrogatory, or if You object to answering an Interrogatory herein, in whole or in part, on any ground, You shall answer all remaining parts of the Interrogatory, state the nature of the privilege or objection, including work product, that is being claimed, the facts sufficient to support Your claim of privilege or objection, and if the privilege is being asserted in connection with a claim or defense covered by state or federal law, indicate the state or federal rule being invoked. You shall additionally identify each item of information, Communication, Document, or part thereof as to which You claim privilege or object as follows: (a) describe the nature of the information, Communication, or Document (*e.g.*, letter, memorandum, minutes, telegram, notes, etc.); (b) specify the date on which the Communication or Document was prepared; (c) identify the Person(s) who prepared or authored the Document or the Person(s) who communicated the information; (d) identify the Person(s) to whom the information, Communication, or Document was sent, copied, or shown; (e) set forth the subject matter of the information, Communication, or Document; (f) state the privilege or other doctrine pursuant to which the information,

Communication, or Document is being withheld from production and set forth the basis for such claim of privilege or immunity from production; and (g) state the number of the Interrogatory to which the Document, Communication, or other information is responsive.

8.      All grounds for an objection to an Interrogatory shall be stated with specificity. Any ground not stated with specificity or in a timely objection is waived unless excused by the Court for good cause shown.

9.      These Interrogatories are continuing in nature. If, after responding to the Interrogatories, You obtain or become aware of any further or different information, either directly or indirectly, a supplementary answer is required. You are under a duty reasonably to amend a prior response upon learning that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Defendants during the discovery process or in writing.

10.     All defined terms shall be given the meanings provided herein, whether or not such terms are capitalized.

11.     All definitions set forth above are in addition to the defined words' standard meanings. If You contend that You do not understand the definition of the term or phrase used in any Interrogatory, You should respond to that portion of the Interrogatory that You do understand and explain what it is that You do not understand with regard to the remainder of the Interrogatory. If You believe that any Interrogatory is overbroad in part, You should respond to that portion of the Interrogatory that You do not consider overbroad and explain why You believe the remainder is overbroad.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify each current or former employee of loanDepot with whom You have communicated about: (a) employment or potential employment with CrossCountry, (b) leaving loanDepot, or (c) employment with any person, business, or entity other than loanDepot. For each such current or former loanDepot employee: (a) identify the date of the communication(s), and (b) describe in detail the substance of Your communications.

### INTERROGATORY NO. 2

Identify each current or former loanDepot employee about whom You have communicated with CrossCountry regarding: (a) employment or potential employment with CrossCountry, or (b) otherwise ending employment with loanDepot. For each such current or former loanDepot employee so identified, please: (a) state the identity of the CrossCountry agent or employee with whom You discussed the current or former loanDepot employee, (b) state the date of Your communication, and (c) describe in detail the substance of Your communications.

### INTERROGATORY NO. 3

Identify all employees, representatives, recruiters, and/or agents of CrossCountry with whom You discussed employment or potential employment with CrossCountry, and for each such person, please identify: (a) the date(s) and substance of any such discussion or communication, and (b) any loanDepot Document or information you transmitted to that person or to CrossCountry generally regarding any of loanDepot's current or former employees or current, former, or prospective customers.

**INTERROGATORY NO. 4**

Identify each and every loanDepot Document or any electronic loanDepot data that is in Your possession, custody, or control, or was in Your possession custody or control after Your employment ended with loanDepot, and for each such document or piece of data, please: (a) describe the document or data, including disclosing the title of the document or data in question, (b) the present or former location of the document or data, (c) if You no longer possess the Document or data please: state the date it left Your possession, custody, or control, and describe in detail all facts and circumstances pertaining to why the Document or information is no longer in Your possession, custody, or control.

**INTERROGATORY NO. 5**

Identify all CrossCountry email accounts, Computers, data storage devices, hardware, customer relationship management tools or applications, media, cloud-based storage accounts, or other repositories of information You utilize or have access to perform Your work for CrossCountry.

**INTERROGATORY NO. 6**

Identify all personal or CrossCountry email accounts, Computers, data storage devices, customer relationship management tools or applications, hardware, and/or other media (such as cloud-based storage accounts or Google Docs) on which You accessed or stored loanDepot Documents, data, communications, or other loanDepot information, including any information about any of loanDepot's current or former employees or current, former, or prospective customers, and for each please state its current location, and whether any loanDepot information remains on or in such account, Computer, data storage device, customer relationship management tool or other application, hardware, and/or other media.

7

**INTERROGATORY NO. 7**

Identify and Describe the terms of Your Compensation at CrossCountry, including, but not limited to, whether and to what extent CrossCountry offered to indemnify You, advance or reimburse You for legal expenses associated with Your new employment at CrossCountry, and any bonus Compensation.

**INTERROGATORY NO. 8**

Identify each and every current, former, or prospective loanDepot customer You have had contact with or communicated with regarding CrossCountry or any products or services offered by CrossCountry, including (a) the date(s) of the contact or communication, and (b) the substance of the communication.

**INTERROGATORY NO. 9**

Identify each and every current, former, or prospective loanDepot customer about whom You have communicated with CrossCountry. For each such customer so identified: (a) state the identity of the person at CrossCountry with whom You discussed the customer; (b) the date of the communication; and (c) describe in detail the substance of Your communications with CrossCountry.

**INTERROGATORY NO. 10**

Identify each and every current, former, or prospective customer You have assisted with prequalification, closing, or recording a loan since Your employment commenced with CrossCountry.

Dated: July __, 2022                                    Respectfully Submitted,

                                                        **KIRKLAND & ELLIS LLP**

<u>DRAFT</u>

Josh Greenblatt, P.C.
John Del Monaco
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: +1 212 446 4800
Facsimile: +1 212 446 4900
josh.greenblatt@kirkland.com
john_delmonaco@kirkland.com

*Counsel for Plaintiff loanDepot.com*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **loanDepot.com, LLC**<br><br>     Plaintiff,<br><br>vs.<br><br>**CROSSCOUNTRY MORTGAGE, LLC, KEISHA ANTOINE, SCOTT BONORA, STUART KOLINSKY, BARRY KOVEN, ENRICO MARTINO, SCOTT NADLER, EMELINE RAMOS, ROBERT RAUSH, MICHAEL SECOR, ERIKA VIGNOLA, and YAN ZHENG**<br><br>     Defendants. | Case No. _____ |

## <u>LOANDEPOT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO _____</u>

   Under Federal Rules of Civil Procedure 26 and 34, the Local Rules of this Court, and the Court's Order Concerning Expedited Discovery (Dkt. __), Plaintiff loanDepot, LLC, hereby requests that _____ produce for inspection and copying all of the documents called for by the requests below, in accordance with the instructions and definitions set forth below, within thirty (30) days of this request, at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022.

## <u>DEFINITIONS</u>

1.  "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.  "Complaint" means the Complaint filed in the above-captioned action and any amended complaint that Plaintiff may file at a later time.

3.      "Compensation" means financial remuneration paid, including, but not limited to, the payment of cash, equity options, commission, incentive plans, or other pecuniary benefits conferred.

4.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5.      "CrossCountry" means CrossCountry Mortgage, LLC and any of its employees, subsidiaries, employees, agents, or affiliates.

6.      "Departed NY Employees" means Defendants Keisha Antoine, Scott Bonora, Stuart Kolinsky, Barry Koven, Enrico ("Rick") Martino, Scott Nadler, Emeline Ramos, Robert Raush, Michael Secor, Erika Vignola, and Yan ("Jenny") Zheng as defined herein.

7.      "Describe" or "Identify" means:

(i)      When used in reference to an individual: state his/her full name, present or last known business and residential address and telephone number, and last known business affiliation or employment and position;

(ii)      When used in reference to a corporation: state its full name, its state of incorporation, its date of incorporation, its principal place of business, its address, and its telephone number;

(iii)      When used in reference to a Person other than an individual or corporation: state its official name, its organizational form, the state or nation in which it was organized, its address, and its telephone number;

(iv)      When used in reference to a Document: state the type of Document; its date; its author; its addressee; its signer; its recipient; its title; its present or last-known location; the name, address, and job title of each Person having custody of such Document, including the name, address, and job title of its proper custodian; and

2

the substance of its contents (in lieu of identifying any Documents, copies thereof may be furnished);

(v)     When used in reference to any act or occurrence: state the event or events constituting such act or occurrence; the location, date and time it transpired; and any Persons participating or present; and

(vi)    When used in reference to any discussion, conversation, Communication, or statement: state the date and time it transpired, the Persons participating, and the substance of the discussion.

8.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  A draft or non-identical copy is a separate Document within the meaning of this term.

9.     "loanDepot" or "Plaintiff" means loanDepot.com, LLC and any of its employees, subsidiaries, employees, agents, or affiliates.

10.    "You" or "Your" means each and every individual named as a defendant in the above-captioned action (and/or anyone acting on their behalf), including Keisha Antoine, Scott Bonora, Stuart Kolinsky, Barry Koven, Enrico ("Rick") Martino, Scott Nadler, Emeline Ramos, Robert Raush, Michael Secor, Erika Vignola, and Yan ("Jenny") Zheng, all of whom must individually respond to these requests and produce documents responsive to the requests within their possession, custody, or control.

## INSTRUCTIONS

1.     You shall respond individually to these Requests.

2.     "All," "any," and "each" shall each be construed as encompassing any and all.

3.    "And/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its  scope.

4.    The use of the singular form of any word includes the plural and vice versa.

5.    "Refer," "relate," "reflect," "regard," or "concern" shall be construed to bring within the scope of the Request all information that comprises, evidences, constitutes, describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of the subject matter of the Request, including, but not limited to, all Documents that reflect, record, memorialize, discuss, evaluate, consider, review, or report the subject matter of the Request.

6.    You shall construe each Request herein independently and not with reference to any other Request for the purposes of limitation.

7.    Each Document requested is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire Document to be relevant or responsive to the Request.  If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted and identify the basis for the redaction.

8.    If no Documents exist that are responsive to a particular Request, You shall so state in writing and explain in detail the steps You took to search for and identify any Documents responsive to that Request.

9.    If You have reason to believe there are responsive e-mails that have not been retained, state the name of the individual whose e-mail has not been retained, the individual's e-mail address, and the service (*e.g.*, Microsoft Outlook, intra-company,

Bloomberg, or Gmail) used by that individual during the period and what efforts You have made to retrieve the requested information.

10.    If any Document requested herein is withheld or redacted on the basis of any claim of attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, You shall provide a written statement: (a) describing the nature of the Document (*e.g.*, letter, memorandum, minutes, telegram, notes, etc.); (b) specifying the date on which the Document was prepared; (c) identifying the Person(s) who prepared or authored the Document; (d) identifying the Person(s) to whom the Document was sent, copied, or shown; (e) setting forth the subject matter of the Document; (f) stating the privilege or other doctrine pursuant to which the Document is being withheld from production and setting forth the basis for such claim of privilege or immunity from production; and (g) state the number of the Request to which the Document is responsive.

11.    All grounds for an objection to a Request for Production shall be stated with specificity.  Any ground not stated with specificity or in a timely objection is waived unless excused by the Court for good cause shown.

12.    If Defendants choose to make a joint Document production, each produced Document shall clearly indicate its source and custodian(s).

13.    If, after responding to the Requests, You obtain or become aware of any further responsive information, either directly or indirectly, a supplementary answer is required. You are under a duty reasonably to amend a prior response upon learning that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Defendants during the discovery process or in writing.

14.    All defined terms shall be given the meanings provided herein, whether or not such terms are capitalized.

15.    All definitions set forth above are in addition to the defined words' standard meanings.  If You contend that You do not understand the definition of the term or phrase used in any Request, You should respond to that portion of the Request that You do understand and explain what it is that You do not understand with regard to the remainder of the Request.  If You believe that any Request is overbroad in part, You should respond to that portion of the Request that You do not consider overbroad and explain why You believe the remainder is overbroad.

## **REQUESTS FOR PRODUCTION**

### **REQUEST NO. 1**

All Documents and Communications that refer to CrossCountry, or that were exchanged between you and CrossCountry, prior to your resignation and last day with loanDepot.

### **REQUEST NO. 2**

All Documents and Communications concerning your actual or potential employment or association with CrossCountry, including, without limitation, any employment agreements with CrossCountry, policies or contractual provisions governing your employment with CrossCountry (and any post-employment covenants), compensation from CrossCountry, commission or pipeline reports relating to your work at CrossCountry, indemnification or advancement agreements, or other documents relating to the terms and conditions of your employment with CrossCountry.

**REQUEST NO. 3**

All Documents and Communications between you and any current or former loanDepot employee dated between January 1, 2022 and the present relating to: (a) your or any other Departed NY Employees' plans or intentions to leave loanDepot and/or to join CrossCountry or any other competitor, (b) job opportunities with or employment with CrossCountry, (c) loanDepot compensation, (d) any other terms or conditions of employment with loanDepot, or (e) the terms and conditions of employment (including but not limited to compensation and agreements that are required as a condition of employment) with CrossCountry.

**REQUEST NO. 4**

All Documents or Communications between you and CrossCountry relating to any current or former loanDepot employee(s).

**REQUEST NO. 5**

All Documents or Communications relating or referring to any agreement between you and loanDepot.

**REQUEST NO. 6**

All Documents and Communications that belong to, originated at, were downloaded from, transferred from, copied from, forwarded from, came from, or were otherwise contained on any Computer, email system, Data Storage Device, cloud-based storage account, Customer Relationship Management ("CRM") tools or applications, or other repository of information belonging to loanDepot ("loanDepot Documents").

**REQUEST NO. 7**

All documents or communications relating to loanDepot Documents, including: (a) all documents or communications forwarding loanDepot Documents to CrossCountry; (b) all

documents or communications that include, contain, or incorporate information from a loanDepot Document; (c) all documents or communications reflecting that any loanDepot Documents were uploaded or saved to a CrossCountry Computer, email system, Data Storage Device, cloud-based storage account, CRM tool or application, or other repository of information; or (d) otherwise indicating that loanDepot Documents are or were saved, stored, or located somewhere other than loanDepot (e.g., on any of your personal Computers, Data Storage Devices, accounts, applications, or cloud storage).

## REQUEST NO. 8

All Documents and Communications with or relating to: (a) any former, current, or prospective customer that you had contact with, worked with, communicated with, or serviced while you were employed by loanDepot, or (b) who is identified in or whose information is contained on/in any of the documents referenced in the Verified Complaint or Declaration of Jim Vaughn.

## REQUEST NO. 9

All Documents or Communications that support, refute, or in any way relate to the allegations in the Verified Complaint or any claims or defenses asserted by you.

Dated: July __, 2022                                    Respectfully Submitted,

                                                        **KIRKLAND & ELLIS LLP**

                                                        DRAFT _____
                                                        Josh Greenblatt, P.C.
                                                        John P. Del Monaco
                                                        KIRKLAND & ELLIS LLP
                                                        601 Lexington Avenue
                                                        New York, NY 10022
                                                        Telephone: (212) 446-4800
                                                        Facsimile: (212) 446-4900
                                                        josh.greenblatt@kirkland.com
                                                        jdelmonaco@kirkland.com

*Counsel for Plaintiff loanDepot.com*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **loanDepot.com, LLC**<br><br>          Plaintiff,<br><br>vs.<br><br>**CROSSCOUNTRY MORTGAGE, LLC, KEISHA ANTOINE, SCOTT BONORA, STUART KOLINSKY, BARRY KOVEN, ENRICO MARTINO, SCOTT NADLER, EMELINE RAMOS, ROBERT RAUSH, MICHAEL SECOR, ERIKA VIGNOLA, and YAN ZHENG**<br><br>          Defendants. | Case No. _____ |

## LOANDEPOT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO CROSSCOUNTRY MORTGAGE, LLC

Under Federal Rules of Civil Procedure 26 and 34, the Local Rules of this Court, and the Court's Order Concerning Expedited Discovery (Dkt. __), Plaintiff loanDepot, LLC, hereby requests that Defendant CrossCountry Mortgage LLC ("CrossCountry") produce for inspection and copying all of the documents called for by the requests below, in accordance with the instructions and definitions set forth below, within __ days of this request, at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022.

## DEFINITIONS

1.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.    "Complaint" means the Complaint filed in the above-captioned action and any amended complaint that Plaintiff may file at a later time.

1

3.     "Compensation" means financial remuneration, including, but not limited to, the payment of cash, equity options, commission, incentive plans, or other pecuniary benefits.

4.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5.     "CrossCountry," "Defendant," "You," or "Your" means CrossCountry Mortgage, LLC and any of its employees, subsidiaries, employees, agents, or affiliates.

6.     "Departed NY Employees" means Defendants Keisha Antoine, Scott Bonora, Stuart Kolinsky, Barry Koven, Enrico ("Rick") Martino, Scott Nadler, Emeline Ramos, Robert Raush, Michael Secor, Erika Vignola, and Yan ("Jenny") Zheng, as defined herein.

7.     "Describe" or "Identify" means:

(i)     When used in reference to an individual: state his/her full name, present or last known business and residential address and telephone number, and last known business affiliation or employment and position;

(ii)     When used in reference to a corporation: state its full name, its state of incorporation, its date of incorporation, its principal place of business, its address, and its telephone number;

(iii)     When used in reference to a Person other than an individual or corporation: state its official name, its organizational form, the state or nation in which it was organized, its address, and its telephone number;

(iv)     When used in reference to a Document: state the type of Document; its date; its author; its addressee; its signer; its recipient; its title; its present or last-known location; the name, address, and job title of each Person having custody of such Document, including the name, address, and job title of its proper custodian; and

the substance of its contents (in lieu of identifying any Documents, copies thereof may be furnished);

(v)      When used in reference to any act or occurrence: state the event or events constituting such act or occurrence; the location, date and time it transpired; and any Persons participating or present; and

(vi)      When used in reference to any discussion, conversation, Communication, or statement: state the date and time it transpired, the Persons participating, and the substance of the discussion.

8.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

9.      "loanDepot" or "Plaintiff" means loanDepot.com, LLC and any of its employees, subsidiaries, employees, agents, or affiliates.

## INSTRUCTIONS

1.      You shall respond individually to these Requests.

2.      "All," "any," and "each" shall each be construed as encompassing any and all.

3.      "And/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

4.      The use of the singular form of any word includes the plural and vice versa.

5.      "Refer," "relate," "reflect," "regard," or "concern" shall be construed to bring within the scope of the Request all information that comprises, evidences, constitutes,

describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of the subject matter of the Request, including, but not limited to, all Documents that reflect, record, memorialize, discuss, evaluate, consider, review, or report the subject matter of the Request.

6.    You shall construe each Request herein independently and not with reference to any other Request for the purposes of limitation.

7.    Each Document requested is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire Document to be relevant or responsive to the Request.  If You have redacted any portion of a Document, stamp the word "redacted" on each page of the Document that You have redacted and identify the basis for the redaction.

8.    If no Documents exist that are responsive to a particular Request, You shall so state in writing and explain in detail the steps You took to search for and identify any Documents responsive to that Request.

9.    If You have reason to believe there are responsive e-mails that have not been retained, state the name of the individual whose e-mail has not been retained, the individual's e-mail address, and the service (*e.g.*, Microsoft Outlook, intra-company, Bloomberg, or Gmail) used by that individual during the period and what efforts You have made to retrieve the requested information.

10.    If any Document requested herein is withheld or redacted on the basis of any claim of attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, You shall provide a written statement: (a) describing the nature of the Document (*e.g.*, letter, memorandum, minutes, telegram, notes, etc.); (b) specifying the

date on which the Document was prepared; (c) identifying the Person(s) who prepared or authored the Document; (d) identifying the Person(s) to whom the Document was sent, copied, or shown; (e) setting forth the subject matter of the Document; (f) stating the privilege or other doctrine pursuant to which the Document is being withheld from production and setting forth the basis for such claim of privilege or immunity from production; and (g) state the number of the Request to which the Document is responsive.

11. All grounds for an objection to a Request for Production shall be stated with specificity.  Any ground not stated with specificity or in a timely objection is waived unless excused by the Court for good cause shown.

12. If Defendants choose to make a joint Document production, each produced Document shall clearly indicate its source and custodian(s).

13. If, after responding to the Requests, You obtain or become aware of any further responsive information, either directly or indirectly, a supplementary answer is required. You are under a duty reasonably to amend a prior response upon learning that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Defendants during the discovery process or in writing.

14. All defined terms shall be given the meanings provided herein, whether or not such terms are capitalized.

15. All definitions set forth above are in addition to the defined words' standard meanings.  If You contend that You do not understand the definition of the term or phrase used in any Request, You should respond to that portion of the Request that You do understand and explain what it is that You do not understand with regard to the remainder

of the Request.  If You believe that any Request is overbroad in part, You should respond to that portion of the Request that You do not consider overbroad and explain why You believe the remainder is overbroad.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All Documents or Communications to, from, or about the Departed NY Employees including, but not limited to, any analysis, discussion, or acknowledgment of the risks, benefits, financial impact, or other possible implications of hiring the Departed NY Employees.

### REQUEST NO. 2

All Documents and Communications between CrossCountry and any third party regarding the Departed NY Employees, including, but not limited to, any Documents and Communications between or among: any CrossCountry agent or employee and any recruiter(s) regarding the Departed NY Employees, any CrossCountry agent or employee and any loanDepot employee regarding the Departed NY Employees, or any CrossCountry agent or employee and any customer or referral source regarding the Departed NY Employees. This request includes, but is not limited to, any announcements regarding CrossCountry hiring the Departed NY Employees.

### REQUEST NO. 3

All Documents and Communications regarding the recruitment, hiring, or employment of any current or former loanDepot employee from January 1, 2021 to the present.

### REQUEST NO. 4

All Documents and Communications between CrossCountry and any current or former loanDepot employee (other than the Departed NY Employees) since January 1, 2021 regarding:

(a) employment with CrossCountry; (b) compensation with CrossCountry; (c) any CrossCountry agreement; (d) leaving loanDepot; (e) any other loanDepot employee; or (f) any current, former, or prospective customer of loanDepot.

**REQUEST NO. 5**

All Documents and Communications between CrossCountry and any Departed NY Employee (including documents and communications exchanged among the Departed NY Employees) regarding any current, former, or prospective customer of loanDepot.

**REQUEST NO. 6**

All Documents and Communications between any Departed NY Employee and any current, former, or prospective customer of loanDepot.

**REQUEST NO. 7**

All Documents and Communications concerning, referencing, or relating to any agreement between a Departed NY Employee (or the contractual provisions in any such agreements) and loanDepot.

**REQUEST NO. 8**

All Documents or Communications related to personnel files and personnel documents for the Departed NY Employees, including, but not limited to, any agreements between CrossCountry and the Departed NY Employees (including without limitation non-competition, non-solicitation, confidentiality, or non-disclosure agreement(s)); indemnification or advancement agreements; offer letters; documents reflecting the Departed NY Employees' compensation, including payroll records or bonuses received; expense reimbursement reports; and commission or incentive payments made to the Departed NY Employees.

**REQUEST NO. 9**

All loanDepot Documents, or documents or communications referencing or incorporating information from loanDepot Documents, including but not limited to, electronically stored information ("ESI"), in CrossCountry's possession, custody, or control. This includes without limitation all emails from a loanDepot email address (and attachments), all documents that reference loanDepot, any compilations of data that the Departed NY Employees transferred to CrossCountry, and/or any documents referenced in the Verified Complaint or Declaration of Jim Vaughn.

**REQUEST NO. 10**

All customer lists, prospective customer lists, contact lists, referral lists, pipeline reports, or any other lists, reports, or documents reflecting customer or prospective customer information generated by CrossCountry which were prepared for the Departed NY Employees, generated or prepared by the Departed NY Employees, provided to the Departed NY Employees, or to which the Departed NY Employees have access.

Dated: July __, 2022                    Respectfully Submitted,

                                        **KIRKLAND & ELLIS LLP**

                                        DRAFT _____
                                        Josh Greenblatt, P.C.
                                        John P. Del Monaco
                                        KIRKLAND & ELLIS LLP
                                        601 Lexington Avenue
                                        New York, NY 10022
                                        Telephone: (212) 446-4800
                                        Facsimile: (212) 446-4900
                                        josh.greenblatt@kirkland.com
                                        jdelmonaco@kirkland.com

                                        *Counsel for Plaintiff loanDepot.com*

8