# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Josh Greenblatt, P.C.
To Call Writer Directly:
+1 212 446 4869
josh.greenblatt@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

July 14, 2022

**VIA CM/ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   *loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*, Case No.
> 1:22-cv-05971-LGS

Dear Judge Schofield:

We represent Plaintiff loanDepot.com, LLC ("loanDepot") in connection with the above-captioned action.  In accordance with Rule I(D)(3) of Your Honor's Individual Rules and Procedures for Civil Cases, we write to request permission to seal/redact limited portions of the Declaration of Jim Vaughn and Exhibit B attached thereto (Dkt. No. 5) and filed in support of Plaintiff's Order to Show Cause for Expedited Discovery (together, the "Vaughn Declaration" or "Redacted Documents").  The Redacted Documents list the titles of confidential files and folders that were misappropriated from loanDepot by the Defendants.  The file and folder titles often contain customer names or other personal identifying information.  The Redacted Documents redact all but the first initial of this confidential customer information.

While there is a presumption of public access to judicial documents, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents."  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  In doing so, courts must balance "the competing interests of public access against the privacy interests of the parties," among other factors.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also* Fed. R. Civ. P. 26.  Where the presumption of public access is outweighed by such factors, courts routinely grant requests to seal.  *Lugosch*, 435 F.3d at 119.

Here, this balancing test weighs in favor of sealing the confidential portions of the Vaughn Declaration.  The redaction/sealing of the Redacted Documents will protect confidential customer names and information from disclosure.  As shown in the Verified Complaint (Dkt. 1),

## KIRKLAND & ELLIS LLP

July 14, 2022
Page 2

under the individual defendants' agreements with loanDepot, customer information of this kind is confidential and protected information.  In addition, federal law requires loanDepot to protect nonpublic customer information.  *See* 15 U.S.C. §§ 6801- 6809.  We do not believe there is any public interest served by revealing the names of individual customers, let alone an interest that outweighs the privacy interests of the individuals.

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Josh Greenblatt*
Josh Greenblatt, P.C.

Application GRANTED.  The documents filed at Dkt. Nos. 34 and 34-1 will remain sealed, and only the parties, individuals identified in the attached Appendix, and other counsel of record for the Defendants, including Jennifer Del Medico of Jones Day and Jeffrey Widman and Mitchell Berns of Fox Rothschild LLP, will have access.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Filing the above-referenced documents in redacted form is necessary to prevent the  dissemination of the names of Plaintiff's non-party customers and related details about the status of their prospective mortgage loans, which Plaintiff keeps confidential.  The names of those individuals and of specific files created by Plaintiff relating to them are not material to any issue currently presented in this case, so the privacy interests of those non-parties outweigh the public's right of access at this stage.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 33.

Dated: August 19, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

**Appendix 1: List of Parties and Counsel**

All counsel of record may have access to the filings:

**Counsel for Plaintiff loanDepot.com, LLC**

> Josh Greenblatt, P.C., Kirkland & Ellis LLP
> John P. Del Monaco, Kirkland & Ellis LLP

**Counsel for Defendants CrossCountry Mortgage, LLC, Keisha Antoine, Scott Bonora, Stuart Kolinsky, Barry Koven, Enrico Martino, Scott Nadler, Emeline Ramos, Robert Raush, Michael Secor, Erika Vignola, and Yan Zheng**

> Michael A. Platt, Jones Day