# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190

TELEPHONE: +1.216.586.3939 • FACSIMILE: +1.216.579.0212

Direct Number: (216) 586-7221
maplatt@JonesDay.com

August 30, 2022

VIA ELECTRONIC CASE FILING

Hon. Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007-1312

      Re:    *loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*,
            No. 1:22-cv-05971-LGS (S.D.N.Y.)

Dear Judge Schofield:

      Pursuant to Rule III.C.2 of the Court's Individual Rules and Procedures for Civil Cases, defendant CrossCountry Mortgage, LLC ("CrossCountry") submits this pre-motion letter regarding its prospective motion to dismiss plaintiff loanDepot.com, LLC's ("loanDepot's") claims against CrossCountry. As discussed below, loanDepot's only federal claim—Count I for violation of the federal Defendant Trade Secrets Act ("DTSA")—fails to state a claim against CrossCountry under Federal Rule 12(b)(6). As a result, there is no basis for the exercise of subject-matter jurisdiction over the remaining state-law claims against CrossCountry: Counts III (tortious interference with contract), IV (tortious interference with prospective economic advantage), VI (aiding and abetting breach of fiduciary duty), and VII (unfair competition). And even if there were jurisdiction over those state-law claims, they should nonetheless be dismissed for failure to state a claim under Rule 12(b)(6). CrossCountry proposes that it file its motion to dismiss and supporting memorandum on September 8, that any memorandum in opposition be due on or before October 6, and that any reply memorandum be due on or before October 27.

**A.    loanDepot Fails to State a Claim Against CrossCountry Under the DTSA.**

      "To state a claim for trade secret misappropriation under the DTSA, a plaintiff must plausibly allege that (1) it possessed a trade secret, and (2) the defendant misappropriated the trade secret." *ExpertConnect, L.L.C. v. Fowler*, No. 18-cv-4828, 2019 WL 3004161, at *3 (S.D.N.Y. July 10, 2019). The DTSA defines "misappropriation" as the "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means" or "disclosure or use of a trade secret of another without express or implied consent" in specified circumstances. 18 U.S.C. § 1839(5).

      Here, loanDepot cannot plausibly plead misappropriation. While the Complaint alleges that the individual Defendants "downloaded to external drives, emailed to their personal email addresses, and/or otherwise absconded with the identities of customers that use loanDepot services," Compl. ¶ 178, it is devoid of any factual allegation that any such information subsequently came into CrossCountry's possession. In trying to avoid that defect, loanDepot

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

August 30, 2022
Page 2

offers only rank conclusion—"upon information and belief," no less—that the purported trade secrets are in the possession of CrossCountry. *Id.* ¶ 184. But that boilerplate allegation is insufficient under *Iqbal* and *Twombly*. And loanDepot cannot cure this deficiency with an allegation on "upon information and belief" where, as here, such allegation is not "accompanied by a statement of the facts upon which the belief is founded." *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 385 (S.D.N.Y. 2006).

Beyond that, there are no allegations that CrossCountry knew, or had reason to know, that any confidential information was acquired by improper means or that CrossCountry ever asked for such information. The most that loanDepot alleges as to CrossCountry is that CrossCountry hired employees who allegedly took confidential information from loanDepot. But this does not pass muster. There is nothing unlawful about recruiting employees from another mortgage lender in a highly competitive market. *See Metito (Overseas) Ltd. v. General Elec. Co.*, No. 05 Civ. 9478 (GEL), 2009 WL 399221, *14 (S.D.N.Y. Feb. 18, 2009) ("Even assuming that [defendant] did engage in solicitation, inducement of an at-will employee to join a competitor is not actionable . . . ."). In sum, loanDepot's Complaint fails to state a DTSA claim.

As for the Complaint's assertion that several individual Defendants closed mortgage loans for former loanDepot customers after joining CrossCountry, Compl. ¶¶ 135, 146, 151, 165, 168, that too fails, for the Complaint offers no factual allegations whatsoever that any such loans were closed using any trade secrets taken from loanDepot, and loanDepot does nothing to overcome the "obvious alternative explanation" that those customers merely followed the loan officer with whom they had been working. *Weisshaus v. Port Auth. of New York & New Jersey*, No. 11 CIV. 06616 (RKE), 2018 WL 6619736, at *3 (S.D.N.Y. Dec. 18, 2018), *rev'd on other grounds and remanded*, 814 F. App'x 643 (2d Cir. 2020).

**B.     There is No Subject-Matter Jurisdiction Over the Non-DTSA Claims.**

Because complete diversity does not exist, and the DTSA claim is the only one arising under federal law, all of loanDepot's remaining claims against CrossCountry should be dismissed once the DTSA claim is dismissed. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state-law claims that "form part of the same case or controversy" as the federal claims, and may decline such jurisdiction if the "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(a), (c). The decision to decline supplemental jurisdiction requires the weighing of four factors: "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Supreme Court has held that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* at 350. Likewise, the Second Circuit has directed that, "[i]n most circumstances, a district court should decline supplemental jurisdiction if all federal claims have been dismissed at the pleading stage." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 130 (2d Cir. 2003), *abrogated on other grounds as recognized by Am.Psych. Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352 (2d Cir. 2016).

JONES DAY

August 30, 2022
Page 3

With the DTSA claim dismissed, this case presents no compelling reasons to extend supplemental jurisdiction to the non-DTSA claims. Thus, the Court should "'avoid needless decisions of state law'" and decline supplemental jurisdiction as to the non-DTSA claims. *Principia Partners LLC v. Swap Financial Group, LLC*, No. 18 CIV. 7998 (AT), 2019 WL 4688711, *6 (S.D.N.Y. Sept. 26, 2019).

**C.    In Any Event, The Complaint Fails to State Any Claim As to the Non-DTSA Claims.**

loanDepot also failed to plausibly plead the essential elements of its non-DTSA claims against CrossCountry. For example, loanDepot's claim for tortious interference with contract fails to plead intent and causation. In support of that claim, loanDepot alleges only that CrossCountry's CEO "was offering CrossCountry's recruiters a $50,000 bounty," and that, upon information and belief, CrossCountry offered to indemnify the individual Defendants for potential litigation. *See* Compl. ¶¶ 92, 201. But a "$50,000 bounty," even if true, is not an incentive to the individual Defendants because it would be paid to recruiters, not the individual Defendants. Moreover, loanDepot's allegation on information and belief is indicative of the entire Complaint: loanDepot provides no basis and points to no facts to support this allegation.

As to its claim for tortious interference with prospective economic advantage, loanDepot utterly fails to plead that CrossCountry acted "solely out of malice, or used dishonest, unfair, or improper means." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006). Instead, loanDepot pleads only lawful motives. *See* Compl. ¶ 12 ("fresh investor capital was intended to grow CrossCountry's geographical footprint and expand its platform."). Seeking to expand a company's geographical footprint is not improper. *See Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 191 (2004). Nor is there anything improper about recruiting employees from a competitor, no matter how often the Complaint uses the word "poaching" to describe ordinary recruiting.

The claim for aiding and abetting breach of fiduciary duty is similarly deficient, as the Complaint fails to plead CrossCountry's involvement in any breaches of duty by the individual Defendants. Instead, the Complaint relies on the vague and conclusory allegation that all the "Defendants gave each other substantial assistance or encouragement to breach the Departed NY Employees' and other loanDepot employees' respective duties." Compl. ¶ 221. Lastly, the unfair-competition claim merely regurgitates loanDepot's deficient DTSA claim, and therefore is also fatally defective. *Executive Trim Construction, Inc. v. Gross*, 525 F. Supp. 3d 357, 376 (N.D.N.Y. 2021).

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Michael A. Platt*
Michael A. Platt

cc:  All counsel of record (by ECF)