# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Josh Greenblatt, P.C.
To Call Writer Directly:
+1 212 446 4869
josh.greenblatt@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

September 13, 2022

**VIA ECF**

Hon. Lorna G. Schofield
U.S. District Court, Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

      Re:    *loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*, Case No. 1:22-cv-05971-LGS

Dear Judge Schofield:

      Pursuant to the Court's September 8, 2022 Order (ECF No. 87), we write to explain why the Court should adopt loanDepot's proposed TRO (attached at Ex. A). As reflected in the redline of the draft TRO (attached as Ex. B), the parties' dispute centers on the "carve out" for customer contact information. CrossCountry's position is that the TRO should allow Defendants to use customer information *notwithstanding* that such information comes directly from improperly misappropriated loanDepot data. According to CrossCountry, if a former employee accessed loanDepot's Customer Relationship Management system on their way out the door and illicitly extracted compiled data on loanDepot clients and potential clients developed by loanDepot, such information should be "fair game" for Defendants to use in converting loanDepot's clients to CrossCountry. This position is legally meritless and unacceptable to loanDepot.

      loanDepot does not dispute that names and contact information may not qualify as trade secrets in certain circumstances and, to that end, loanDepot's proposed "carve out" would allow use of customer information that Defendants developed *independently* (rather than extracted from stolen documents). But the issue here is different: whether customer information is protectable when it is compiled by a company and maintained as confidential.[1] The law clearly says that it is. *See Medidata Sol. v. Veeva Sys.*, No. 17 CIV. 589 (LGS), 2021 WL 467110, at *8 (S.D.N.Y. Feb. 9, 2021) ("internal directories containing contact information for … current and prospective customers" protected under the DTSA). Accordingly, at this stage of the case, the TRO should track orders against CrossCountry and others in other similar matters and prohibit use of loanDepot's customer information where that information is extracted from misappropriated loanDepot documents. *See Homeside v. CrossCountry, et al.*, 8:18-cv-2639, Dkt. 27 at 6 (D. Md. 2018); *loanDepot v. Schneider et al.*, 1:22-cv-1874, Dkt. 21 at 6 (N.D Ill. 2022); ECF No. 6 at 13.

---

[1]    Agreements signed by the individual Defendants unambiguously protect the customer contact information at issue (*see* ECF 1, ¶ 74), while allowing Defendants to use information developed outside of their employment. *Id.*

## KIRKLAND & ELLIS LLP

September 13, 2022
Page 2

    loanDepot appreciates the Court's attention to this matter.

                                                      Respectfully submitted,

                                                      */s/ Josh Greenblatt*

                                                      Josh Greenblatt, P.C.