# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190

TELEPHONE: +1.216.586.3939 • FACSIMILE: +1.216.579.0212

DIRECT NUMBER: (216) 586-7221
maplatt@JonesDay.com

September 13, 2022

VIA ELECTRONIC CASE FILING

Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

   Re: *loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*,
     No. 1:22-cv-05971-LGS (S.D.N.Y.)

Dear Judge Schofield:

  Pursuant to the Court's Order of September 8, 2022 (ECF No. 87), Defendant CrossCountry makes the attached submission, showing the parties' areas of disagreement over the language of Defendants' proposed stipulation. Exhibit A is a clean version of Defendants' proposed stipulation; Exhibit B shows, in track changes, the revisions proposed by loanDepot. Defendants respectfully submit that loanDepot's revisions, which reflect the parties' two areas of disagreement, are improper and unnecessary.

  First, loanDepot's revisions inappropriately misconstrue a proposal made by the Court at the hearing on September 7, 2022. Specifically, the Court asked, in order to resolve loanDepot's request for a TRO, whether Defendants would be willing to enter into a stipulation in which they agree not to use any confidential information that may have been taken from loanDepot, with a carveout for basic customer contact information. Defendants are willing to so agree, and Exhibit A therefore reflects that agreement. In particular, the carveout in Paragraph 1 is exactly the one articulated by the Court—for basic customer contact information. As reflected in Exhibit B, however, loanDepot wants to impose a very different—and far narrower—carveout than the one proposed by the Court. According to loanDepot, the carveout should cover only information "that was developed, learned, or obtained by Departed NY Employees and CrossCountry independently from" documents that may have been taken from loanDepot. That is not appropriate. As set forth in detail in Defendants' submissions of September 2 (ECF Nos. 82 & 83), neither the law nor the facts permit trade-secret protection to be afforded to basic customer contact information, regardless of whether such information was developed "independently" from loanDepot.

  The second area of disagreement is far more simple. loanDepot wishes to add a paragraph to the stipulation in which the Departed NY Employees agree not to solicit any current loanDepot employees. As discussed at the September 7 hearing and Defendants' submissions of September 2 (ECF Nos. 82 & 83), that paragraph is not necessary because such solicitation is not happening, and the Departed NY Employees have already been instructed not to do so. Indeed, loanDepot's counsel himself admitted that it has been months since a loanDepot employee left for CrossCountry. There simply is no ongoing or imminent harm to be remedied in that regard.

JONES DAY

September 13, 2022
Page 2

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Michael A. Platt*
Michael A. Platt

cc:  All counsel of record (by ECF)

# EXHIBIT A

Draft of September 13, 2022

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| loanDepot.com, LLC | |
|                 Plaintiff, | Case No. 1:22-cv-5971 |
| vs. | |
| CROSSCOUNTRY MORTGAGE, LLC, KEISHA ANTOINE, SCOTT BONORA, STUART KOLINSKY, BARRY KOVEN, ENRICO MARTINO, SCOTT NADLER, EMELINE RAMOS, ROBERT RAUSH, MICHAEL SECOR, ERIKA VIGNOLA, and YAN ZHENG | Judge Lorna G. Schofield |
|                 Defendants. | |

## **STIPULATION**

Plaintiff loanDepot.com, LLC ("loanDepot"), along with Defendants CrossCountry Mortgage, LLC ("CrossCountry"), Keisha Antoine, Scott Bonora, Barry Koven, Enrico Martino, Scott Nadler, Emeline Ramos, Robert Raush, Michael Secor, Erika Vignola, and Yan Zheng (all individuals collectively the "Departed NY Employees" and, together with CrossCountry and loanDepot, the "Parties"), hereby enter into this stipulation (the "Stipulation") and agree as follows:

**WHEREAS**, loanDepot and CrossCountry are home-mortgage, home-equity, and personal loan lenders;

**WHEREAS**, the Departed NY Employees were formerly employed by loanDepot but are currently employed by CrossCountry;

**WHEREAS**, on July 13, 2022, loanDepot filed the above captioned action against CrossCountry and the Departed NY Employees for, among other things, injunctive relief related

to CrossCountry's and the Departed NY Employees' alleged solicitation of loanDepot's customers and employees and misappropriation of loanDepot's confidential information;

WHEREAS, on September 7, 2022 the Court convened a conference related to loanDepot's request for a temporary restraining order, during which the Court asked the Parties to consider negotiating a stipulation under which the Departed NY Employees and CrossCountry agree not to use any confidential trade secrets that may have been downloaded by the Departed NY Employees from loanDepot, with a proviso that carves out basic customer contact information that the Departed NY Employees may have downloaded from loanDepot;

WHEREAS, the Parties have conferred and agreed to enter into this Stipulation, in order to avoid a disputed proceeding regarding a temporary restraining order, and without any admission as to any Party's liability, any Party's claims or defenses, or the propriety of loanDepot's request for temporary injunctive relief;

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1.      The Departed NY Employees and CrossCountry agree not to use (i) any document or email in the Departed NY Employees' possession after they left loanDepot that contains non-public customer information that was received from or prepared for customers while the Departed NY Employees were still employed by loanDepot; or (ii) any document that was downloaded from or contains non-public customer information that was downloaded from loanDepot's systems or databases, and that the Departed NY Employees still have in their possession after leaving loanDepot; provided, however, that the agreement set forth in this Paragraph 1 does not apply to, and does not prohibit the use of, any basic customer contact information (*e.g.*, name, address, phone number, email address) that may be contained within

any document or email referred to in this Paragraph 1.

2.      The agreement set forth in this Stipulation shall take effect immediately.

3.      This Stipulation shall not in any event be construed or deemed (a) a concession or admission on the part of any of the Parties to the truth of any allegations or assertions made by loanDepot, including but not limited to, any violation of any federal, state or local law, code or regulation, or of any fault, liability or wrongdoing whatsoever, or of any breach of any contract, whether based in statute, common law or otherwise; or (b) a concession or admission on the part of any of the Parties as to the denial by CrossCountry or any of the Departed NY Employees of any of loanDepot's allegations or assertions, including but not limited to, any violation of any federal, state or local law, code or regulation, or of any fault, liability or wrongdoing whatsoever, or of any breach of any contract, whether based in statute, common law or otherwise.

4.      Counsel for the respective Parties are authorized to enter into this Stipulation on their behalf.

5.      This Stipulation shall remain in effect until the earlier of:

(a)      the mutual agreement of the Parties;

(b)      the entry of an order by the Court in this matter modifying or terminating this Stipulation; or

(c)      the entry of an order dismissing, or entering judgment on, loanDepot's claims in this action.

Dated:  September __, 2022

 /s/ DRAFT _____

KIRKLAND & ELLIS LLP
Josh Greenblatt, P.C.
John Del Monaco
601 Lexington Avenue
New York, New York 10022
*Counsel for loanDepot*

 /s/ DRAFT _____

JONES DAY
Michael A. Platt
901 Lakeside Avenue
Cleveland, Ohio 44144
*Counsel for CrossCountry*

 /s/ DRAFT _____

FOX ROTHSCHILD LLP
Jeffrey L. Widman
321 N. Clark Street
Suite 1600
Chicago, Illinois  60654
*Counsel for Departed NY Employees*

# EXHIBIT B

Draft of September 13, 2022

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| loanDepot.com, LLC<br><br>                    Plaintiff,<br><br>vs.<br><br>CROSSCOUNTRY MORTGAGE, LLC,<br>KEISHA ANTOINE, SCOTT BONORA,<br>STUART KOLINSKY, BARRY KOVEN,<br>ENRICO MARTINO, SCOTT NADLER,<br>EMELINE RAMOS, ROBERT RAUSH,<br>MICHAEL SECOR, ERIKA VIGNOLA, and<br>YAN ZHENG<br><br>                    Defendants. | Case No. 1:22-cv-5971<br><br>Judge Lorna G. Schofield |

## **STIPULATION**

Plaintiff loanDepot.com, LLC ("loanDepot"), along with Defendants CrossCountry Mortgage, LLC ("CrossCountry"), Keisha Antoine, Scott Bonora, Barry Koven, Enrico Martino, Scott Nadler, Emeline Ramos, Robert Raush, Michael Secor, Erika Vignola, and Yan Zheng (all individuals collectively the "Departed NY Employees" and, together with CrossCountry and loanDepot, the "Parties"), hereby enter into this stipulation (the "Stipulation") and agree as follows:

**WHEREAS**, loanDepot and CrossCountry are home-mortgage, home-equity, and personal loan lenders;

**WHEREAS**, the Departed NY Employees were formerly employed by loanDepot but are currently employed by CrossCountry;

**WHEREAS**, on July 13, 2022, loanDepot filed the above captioned action against CrossCountry and the Departed NY Employees for, among other things, injunctive relief related

to CrossCountry's and the Departed NY Employees' alleged solicitation of loanDepot's

customers and employees and misappropriation of loanDepot's confidential information;

      **WHEREAS**, on September 7, 2022 the Court convened a conference related to

loanDepot's request for a temporary restraining order, during which the Court asked the Parties

to consider negotiating a stipulation under which the Departed NY Employees and CrossCountry

agree not to use any confidential information and trade secrets that may have been downloaded

by the Departed NY Employees from loanDepot, with an agreed upon proviso to address

customer information that carves out basic customer contact information that the Departed NY

Employees may have downloaded from loanDepot;

      **WHEREAS**, the Parties have conferred and agreed to enter into this Stipulation, in order

to avoid a disputed proceeding regarding a temporary restraining order, and without any

admission as to any Party's liability, any Party's claims or defenses, or the propriety of

loanDepot's request for temporary injunctive relief;

      **NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS**

**FOLLOWS:**

      1.    The Departed NY Employees and CrossCountry agree not to use (i) any document

or email in the Departed NY Employees' possession after they left loanDepot that contains non-

public customer information that was received from or prepared for customers while the

Departed NY Employees were still employed by loanDepot; or (ii) any document that was

downloaded from or contains non-public customer information that was downloaded or obtained

from loanDepot's systems or databases, or that was obtained because of or through the Departed

NY Employees' employment with loanDepot, and that the Departed NY Employees still have in

their possession after leaving loanDepot; provided, however, that the agreement set forth in this

Paragraph 1 does not apply to, and does not prohibit the use of, any information, including basic customer contact information (*e.g.*, name, address, phone number, email address), that ~~may~~ was developed, learned, or obtained by Departed NY Employees and CrossCountry independently ~~be contained within~~from any document or email referred to in this Paragraph 1.

2.    The Departed NY Employees shall not solicit or induce, directly or indirectly, any employee of loanDepot to terminate their employment with loanDepot or apply for employment at CrossCountry.  For clarity, the prohibition in this Paragraph applies only to those Departed NY Employees whose applicable employment agreements with loanDepot contain a restrictive covenant prohibiting the solicitation of employees of loanDepot.

3.    The agreement set forth in this Stipulation shall take effect immediately.

4~~3~~.    This Stipulation shall not in any event be construed or deemed (a) a concession or admission on the part of any of the Parties to the truth of any allegations or assertions made by loanDepot, including but not limited to, any violation of any federal, state or local law, code or regulation, or of any fault, liability or wrongdoing whatsoever, or of any breach of any contract, whether based in statute, common law or otherwise; or (b) a concession or admission on the part of any of the Parties as to the denial by CrossCountry or any of the Departed NY Employees of any of loanDepot's allegations or assertions, including but not limited to, any violation of any federal, state or local law, code or regulation, or of any fault, liability or wrongdoing whatsoever, or of any breach of any contract, whether based in statute, common law or otherwise.

5~~4~~.    Counsel for the respective Parties are authorized to enter into this Stipulation on their behalf.

6~~5~~.    This Stipulation shall remain in effect until the earlier of:

(a)    the mutual agreement of the Parties;

(b)     the entry of an order by the Court in this matter modifying or terminating this Stipulation; or

(c)     the entry of an order dismissing, or entering judgment on, loanDepot's claims in this action.

Dated:  September __, 2022

 /s/ DRAFT                                         /s/ DRAFT
KIRKLAND & ELLIS LLP              JONES DAY
Josh Greenblatt, P.C.                    Michael A. Platt
John Del Monaco                          901 Lakeside Avenue
601 Lexington Avenue                 Cleveland, Ohio 44144
New York, New York 10022         *Counsel for CrossCountry*
*Counsel for loanDepot*

 /s/ DRAFT
FOX ROTHSCHILD LLP
Jeffrey L. Widman
321 N. Clark Street
Suite 1600
Chicago, Illinois  60654
*Counsel for Departed NY Employees*