```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LOANDEPOT.COM, LLC,                                         :
                              Plaintiff,                    :
                                                            :    22 Civ. 5971 (LGS)
              -against-                                     :
                                                            :         ORDER
CROSSCOUNTRY MORTGAGE, LLC, et al.,                         :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 12, 2022, Plaintiff loanDepot.com, LLC ("loanDepot") filed this action against Defendant CrossCountry Mortgage, LLC ("CrossCountry") and several former employees of loanDepot (the "Individual Defendants") alleging misappropriation of trade secrets in violation of the Federal Defend Trade Secrets Act ("DTSA"), breach of contract, tortious interference with contract, tortious interference with prospective economic advantage, breach of fiduciary duty, aiding and abetting breach of fiduciary duty and unfair competition.

WHEREAS, loanDepot also moved by order to show cause for expedited discovery in aid of a potential future motion for preliminary injunction, and Defendants opposed the motion.

WHEREAS, loanDepot's request for expedited discovery is now moot because the parties have conferred pursuant to Rule 26(f) and begun discovery.

WHEREAS, the parties have attempted to negotiate narrower, interim injunctive relief, pending loanDepot's motion for a broader preliminary injunction, to maintain the status quo with respect to information that Defendants claim they do not want or intend to use, but those negotiations thus far have been unsuccessful.

WHEREAS, the parties dispute (1) whether an injunction should cover loanDepot's claims related to solicitation of its employees and (2) how an injunction should treat a category of

information referred to by the parties as "basic customer contact information," such as names, addresses, phone numbers and email addresses.

WHEREAS, the parties have been on notice that their recent letter submissions would be construed as a motion for preliminary injunctive relief and oppositions thereto (Dkt. Nos. 74, 87). Both loanDepot (Dkt. Nos. 69, 84, 88) and CrossCountry (Dkt. Nos. 67, 83, 89) have filed numerous letters stating their positions, while the Individual Defendants have elected to rest on the positions stated in their earlier letters (Dkt. Nos. 71, 82).

WHEREAS, whether a party seeks a preliminary injunction or a temporary restraining order, the standard is identical and requires the movant to "show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018); *see Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 469 (S.D.N.Y. 2020) ("The standards for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 are identical." (cleaned up)).

WHEREAS, loanDepot has not established that irreparable harm would result if Defendants are not enjoined from soliciting loanDepot's employees because there is no reason to think it will happen again. At the most recent conference, loanDepot's counsel acknowledged that it has been months since any of loanDepot's employees departed for CrossCountry, and CrossCountry maintains that it has instructed the Individual Defendants not to breach any applicable non-solicitation agreements. As loanDepot has not shown a risk of irreparable harm, this Order does not address the other requirements for obtaining an injunction against the solicitation of loanDepot's employees.

WHEREAS, loanDepot has established that irreparable harm would result if Defendants are not enjoined from using or disclosing its trade secrets, including those relating to confidential customer information ("CCI").  "A rebuttable presumption of irreparable harm might be warranted in cases where there is a danger that, unless enjoined, a misappropriator of trade secrets will . . . irreparably impair the value of those secrets." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009); *accord KCG Holdings, Inc. v. Khandekar*, No. 17 Civ. 3533, 2020 WL 1189302, at *16 (S.D.N.Y. Mar. 12, 2020).  If Defendants misappropriated CCI, there is danger both that the Individual Defendants will impair the CCI's value by sharing it with their new employer and colleagues, and that CrossCountry will impair the CCI's value by using it to interfere in loanDepot's customer and employee relationships.  *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 15 Civ. 211, 2021 WL 1553926, at *13 (S.D.N.Y. Apr. 20, 2021).  Once Defendants have used CCI to take a loanDepot customer for their own, the value of that information to loanDepot becomes very small.  "It is well established in this Circuit that the loss of client relationships and customer goodwill . . . generally constitutes irreparable harm." *Willis Re Inc. v. Herriott*, 550 F. Supp. 3d 68, 105 (S.D.N.Y. 2021).  "That is because 'it would be very difficult to calculate monetary damages that would successfully redress the loss of a relationship with a client that would produce an indeterminate amount of business in years to come.'" *Id.* (quoting *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 69 (2d Cir. 1999)).  Contrary to Defendants' argument, loanDepot's delay in seeking injunctive relief does not work against loanDepot, since Defendants have repeatedly represented that no such relief was necessary and that the necessary assurances could be provided on consent.

WHEREAS, loanDepot has established a likelihood of success on the merits by marshaling significant forensic evidence of the volume of CCI and other information taken by the

3

Individual Defendants and now potentially in the hands of CrossCountry. Defendants point to a few pieces of information that may not be trade secrets, but Defendants do not dispute that at least some of the thousands of allegedly misappropriated documents may be trade secrets, and Defendant's concern that an injunction would sweep too broadly and encompass so-called "basic customer contact information" is addressed by the carve-out from the injunction below.

Even as to the more marginal items that loanDepot claims as trade secrets, loanDepot has shown "at least serious questions on the merits and a balance of hardships decidedly favoring the moving party." *N. Am. Soccer League*, 883 F.3d at 37. It is well established that, in some instances, "internal directories containing contact information for . . . current and prospective customers" may be trade secrets. *Medidata Sol., Inc. v. Veeva Sys., Inc.*, No. 17 Civ. 589, 2021 WL 467110, at *8, 16 (S.D.N.Y. Feb. 9, 2021); *ExpertConnect, L.L.C. v. Fowler*, No. 18 Civ. 4828, 2019 WL 3004161, at *5 (S.D.N.Y. July 10, 2019); *Cf. Free Country Ltd. v. Drennen*, 235 F. Supp. 3d 559, 566 (S.D.N.Y. 2016) (finding that customers lists may be trade secrets but were not in that case because the "customers are well-known apparel retailers whose identities are not protected (indeed, many are named in plaintiff's complaint)").

Defendants argue that customer lists in this case cannot be trade secrets because, in the mortgage loan origination business, companies frequently ask new employees to bring their own customers and leads. The relief below does not, at this time, preclude Individual Defendants from using contact information of their own customers with whom they have relationships, or their own leads whom they have cultivated. This Order prohibits Defendants only from using CCI to supplement the customer bases that the Individual Defendants took with them, and to take loanDepot's remaining employees' customers too. With that limitation, the balance of equities tips decidedly in loanDepot's favor. To be clear, however, this Order also does not remove any

4

duties that any Defendants might owe loanDepot independent of this Order. For example, if an Individual Defendant's contract with loanDepot prohibits any of that Defendant's conduct in taking their customers from loanDepot to CrossCountry, those duties remain in force.

WHEREAS, for similar reasons, the public interest favors the narrow injunction described below. Mindful of the concern Defendants raise, that an overly broad injunction could harm innocent third parties who are seeking mortgage loans, the relief below is tailored to mitigate that risk. The public interest is not harmed because Defendants may continue communicating with customers with whom they already have relationships, independent of loanDepot's alleged CCI, and may accept inbound customer inquiries, so long as Defendants do not use information from loanDepot documents in dealing with customers.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(b), Defendants are **RESTRAINED** and **ENJOINED** during the pendency of this action from using or disclosing any document or information that remained in an Individual Defendant's possession after leaving loanDepot that (i) was obtained because of or through the Individual Defendants' employment with loanDepot and (ii) contains non-public customer information that was downloaded or obtained from loanDepot's files, systems or databases; provided, however, that this paragraph shall not apply to, and does not prohibit the use of, any information, including basic customer contact information (*e.g.*, name, address, phone number, email address) that was developed, learned or obtained by the Individual Defendant independently from any document described in this paragraph.

For clarity, this Order prohibits Defendants from using, for any purpose, documents or CCI that were taken or derived from loanDepot's databases and systems, even if some of the information contained therein is so-called "basic customer contact information." This Order does

not prohibit Defendants from using any so-called "basic customer contact information" that they possess independently from any loanDepot document -- for example, information on how to contact Individual Defendants' own clients and leads -- even if that information also happened to be memorialized in a loanDepot document that Defendants allegedly should not possess.

Dated: September 15, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE