UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| loanDepot.com, LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>CROSSCOUNTRY MORTGAGE, LLC, KEISHA ANTOINE, SCOTT BONORA, STUART KOLINSKY, BARRY KOVEN, ENRICO MARTINO, SCOTT NADLER, EMELINE RAMOS, ROBERT RAUSH, MICHAEL SECOR, ERIKA VIGNOLA, and YAN ZHENG<br><br>       Defendants. | Case No. 1:22-cv-5971<br><br>Judge Lorna G. Schofield<br><br>**ECF Case** |

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

WHEREAS, the undersigned parties have agreed to, and the Court approves, the following terms governing confidential information, and IT IS HEREBY ORDERED THAT:

1. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom, shall be subject to this Order. This Order is subject to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the Individual Rules and Procedures of Judge Lorna G. Schofield.

2. As used herein:

    (a) "Designating Party" shall mean any party to this action designating material as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

    (b) "Non-Designating Party" shall mean the party to this action and/or any non-party receiving material marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

3. Counsel for any party may designate any document or information, in whole or in part, that contains (1) information prohibited from disclosure by statute; (2) medical information concerning any individual; (3) personal identity information; (4) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and (5) other non-public, proprietary, financial, commercial, personal, or business information of any party or non-party, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of a party, or disclosure would be either restricted by law or would likely cause the producing party to violate their privacy or confidentiality obligations to others.  The Designating Party may designate confidential information and documents as confidential by stamping it "CONFIDENTIAL." Information and documents so designated are referred to herein as "Confidential Information."

4. Counsel for any party may designate as "ATTORNEYS' EYES ONLY" any information or documents when such party believes, in good faith, that such material contains trade secrets or other confidential, proprietary, or other non-public information, the disclosure of which may harm the competitive position or cause other economic disadvantage to the designating party if disclosed to parties beyond their legal counsel, including but not limited to: customer and/or prospective customer information with respect to customers or prospective customers of loanDepot or Cross Country and/or compilations of such customer and/or prospective customer information; financial information relating to loanDepot's or CrossCountry's business that is not publicly available or known and that could be of benefit to a competitor; non-public information concerning loanDepot or CrossCountry employees, including, without limitation, information concerning compensation, benefits, incentive plans or agreements, and job performance; and any document that was downloaded from or contains

customer information that was downloaded from loanDepot's systems or databases, and that Defendants Antoine, Bonora, Kolinsky, Koven, Martino, Nadler, Ramos, Raush, Secor, Vignola, and Zheng (collectively, the "Departed NY Employees") still have in their possession, custody, or control. Information and documents so designated are referred to herein as "Attorneys' Eyes Only Information."

5. "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" designations may be made as follows:

(a) For information in documentary form (other than depositions or transcripts), counsel may make confidentiality designations by stamping or labeling each page of each such document CONFIDENTIAL or ATTORNEYS' EYES ONLY or by any other reasonable means of giving notice of the party's intent to claim protected status of the material in question.

(b) For testimony or exhibits offered in a deposition or other proceedings, counsel may make confidentiality designations by notifying opposing counsel on the record during or at the conclusion of the proceeding that the information provided in the deposition or other proceeding is considered CONFIDENTIAL or ATTORNEYS' EYES ONLY and that the transcript shall be subject to the provisions of this Order. Such designations must be specific as to the portions of the transcript and/or any exhibits to be protected. In addition, a party may reserve the right on the record during or at the conclusion of the proceeding to make such confidentiality designations up to twenty (20) days after receipt of the final transcript, and in that event, the information shall be treated as Attorneys' Eyes Only until such designation is made or the twenty (20) day period expires (whichever occurs first).

(c) For information or items produced in other forms, counsel may make confidentiality designations by stamping or labeling the exterior of the container(s) in which the information or item is stored CONFIDENTIAL and/or ATTORNEYS' EYES ONLY or by any other reasonable means of providing notice of the designations.

6. The Confidential Information and Attorneys' Eyes Only Information disclosed will be held and used by the Non-Designating Party solely for use in connection with the above-captioned action, unless such information and documents that constitute the Confidential Information or Attorneys' Eyes Only Information have been publicly disclosed by the Designating Party.

7. In the event a party challenges another party's designation of confidentiality, counsel shall confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute pursuant to Local Rule 37.2 and Sections II.B.2 and III.C.3 of Judge Schofield's Individual Rules and Practices in Civil Cases ("Judge Schofield's Rules"). In the absence of a resolution, the challenging party may seek resolution by the Court by filing on ECF a letter motion for a pre-motion discovery conference with the Court, as provided in Sections III.C.3 and III.A.1 of Judge Schofield's Rules. The documents or information that are the subject of the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall remain treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the protection of this Order pending the Court's decision resolving the dispute. Acceptance by the Non-Designating Party of material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a concession that any such discovery material is appropriately designated.

    8.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information and Attorneys' Eyes Only Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Information.

    9.  All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    (a)  Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (b)  Counsel for the parties, including in-house counsel, and employees and agents of counsel;

    (c)  Consultants or experts assisting in the prosecution or defense of the litigation, to the extent deemed necessary by counsel and subject to Paragraph 11 below;

    (d)  Any witness to whom such documents or information is disclosed in the course of providing testimony at or preparing to provide testimony at any hearing or deposition, so long as the disclosure is reasonably necessary for purposes of this litigation, and provided such person has, prior to disclosure, been advised of the contents of this Order; notwithstanding the foregoing, however, a person to whom disclosure is made pursuant to this subparagraph shall not be permitted to retain copies of such Confidential Information and shall only be permitted to access such Confidential Information in the course of providing or preparing to provide testimony with counsel present;

    (e)  The Court and court personnel;

    (f)  Court reporters and any stenographers engaged to transcribe depositions or hearing testimony conducted in this litigation;

    (g)  Any mediator appointed by the Court or jointly selected by the parties;

    (h)  Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

    (i)  Any other person whom the Designating Party agrees in writing may have access to such discovery material.

    10.  All documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person or entity for any purpose, except:

    (a)  Outside counsel of record for the parties and employees and agents of outside counsel;

    (b)  Consultants or experts assisting in the prosecution or defense of the litigation, to the extent deemed necessary by counsel and subject to Paragraph 11 below;

    (c)  Any witness to whom such document or information is disclosed during the course of providing testimony at or preparing to provide testimony at any hearing or deposition provided that such witness appears, on the face of the Attorneys' Eyes Only Information, to have authored or received the information and provided further that such person has, prior to disclosure, been advised of the contents of this Order; notwithstanding the foregoing, however, a person to whom disclosure is made pursuant to this subparagraph shall not be permitted to retain copies of such Attorneys' Eyes Only Information and shall only be permitted to access such Attorneys' Eyes Only Information in the course of providing or preparing to provide testimony with counsel present;

    (d)  The Court and court personnel;

    (e)  Court reporters and any stenographers engaged to transcribe depositions or hearing testimony conducted in this litigation;

    (f)  Any mediator appointed by the Court or jointly selected by the parties; and

    (g)  Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation.

    11.  Prior to disclosing or displaying the Confidential Information or Attorneys' Eyes Only Information to any person referred to in Paragraphs 9(c) or 10(b), above, counsel must:

    (a)  Inform the person of the confidential nature of the information or documents;

    (b)  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    (c)  Require each such person to agree in writing to be bound by the terms of this Order by executing the attached Agreement.

    12.  The disclosure of a document or information without designating it as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a waiver of the right to designate such document or information as Confidential Information or Attorneys' Eyes Only Information. If so designated, the document or information shall thenceforth be treated as Confidential Information or Attorneys' Eyes Only Information subject to all the terms of this Stipulation and Order.

    13.  A Non-Designating Party in receipt of materials designated by another party as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not file such materials in the

public record unless the Designating Party agrees that the CONFIDENTIAL or ATTORNEYS' EYES ONLY material can be filed in the public record.  To the extent the Designating Party does not agree that the CONFIDENTIAL or ATTORNEYS' EYES ONLY materials may be filed in the public record, the Non-Designating Party must file the materials under seal in accordance with the procedures set forth in Section I.D.3 of Judge Schofield's Rules and Section 6 of the U.S. District Court for the Southern District of New York Electronic Case Filing Rules & Instructions ("ECF Rules").  The portions of any pleadings, motion papers or other papers that contain summaries or quotations of any CONFIDENTIAL or ATTORNEYS' EYES ONLY materials shall be redacted and filed in accordance with the procedures set forth in Section Section I.D.3 of Judge Schofield's Rules and Section 6 of the ECF Rules.

    14. Any material subject to this Order, and which is otherwise admissible, may be used at any trial or hearing, provided, however, that the parties agree that they will work with the Court to identify procedures that will protect and maintain the non-public nature of material subject to this Order.

    15. The inadvertent or unintentional disclosure by any party of documents or information protected from discovery as an attorney-client communication, work product or otherwise protected under Federal Rule of Civil Procedure 26 (the "Privileged Material"), regardless of whether the information was designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time of disclosure, shall not be deemed a waiver in whole or in part of that disclosing party's claim of privilege, either as to the specific documents or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter.  The recipient of such Privileged Material shall (i) return it, without retaining any copy of it, upon recognizing its status, or within three (3) days from a demand (the "Demand") by the

disclosing party, whichever occurs first; (ii) destroy all summaries, notes, memoranda or other documents (or the portions thereof) referring to such Privileged Material; and (iii) not use such documents containing Privileged Material for any purpose until further order of the Court.  If the receiving party disputes the disclosing party's Demand, the parties shall confer in good faith, in person or by telephone, in an effort to resolve the dispute pursuant to Local Rule 37.2 and Sections II.B.2 and III.C.3 of Judge Schofield's Rules.  In the absence of a resolution, the matter shall be presented by the disclosing party to the Court by filing on ECF a letter motion for a pre-motion discovery conference with the Court, as provided in Sections III.C.3 and III.A.1 of Judge Schofield's Rules.  Further, if the recipient has already shared such Privileged Material prior to recognizing its protected status or prior to a Demand for its return, that recipient shall promptly notify the other affected persons, and collect and return all copies.

        16.     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information and Attorneys' Eyes Only Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.  The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information and Attorneys' Eyes Only Information in the court from

which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information and Attorneys' Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information and Attorneys' Eyes Only Information by the other party to this case.

17. Within 45 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, the receiving party must promptly return the Confidential Information and Attorneys' Eyes Only Information and any copies thereof to the producing party or certify that it has been destroyed, except that the parties' counsel shall be permitted to retain their work product on the condition that any work product will remain protected under this Order.

18. The parties agree to extend the provisions of this Order to Confidential Information and Attorneys' Eyes Only Information produced in this case by third parties, if timely requested by the third party.

19. Nothing in this Order shall limit the Designating Party's rights concerning the Confidential or Attorneys' Eyes Only Information that it designated.  Similarly, nothing in this Order shall limit any Party's right to seek an Order from the Court that would provide Confidential or Attorneys' Eyes Only Information designation to materials outside the scope of this Order.

20. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

21. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential. No party shall file any documents under seal except in accordance with the Court's Individual Rule I.D.3.

**So Stipulated and agreed:**

*/s/ Josh Greenblatt*
KIRKLAND & ELLIS LLP
Josh Greenblatt, P.C.
John Del Monaco
601 Lexington Avenue
New York, New York 10022
*Counsel for loanDepot*

*/s/ Michael A. Platt*
JONES DAY
Jennifer L. Del Medico
250 Vesey Street
New York, New York 10281-1047

Michael A. Platt
901 Lakeside Avenue
Cleveland, Ohio 44144
*Counsel for CrossCountry*

*/s/ Jeffrey L. Widman*
FOX ROTHSCHILD LLP
Jeffrey L. Widman
321 N. Clark Street
Suite 1600
Chicago, Illinois 60654

Mitchell Berns
101 Park Avenue
New York, NY 10178
*Counsel for Departed NY Employees*

**SO ORDERED.**
 Dated: __September 19__, 2022

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| loanDepot.com, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CROSSCOUNTRY MORTGAGE, LLC, KEISHA ANTOINE, SCOTT BONORA, STUART KOLINSKY, BARRY KOVEN, ENRICO MARTINO, SCOTT NADLER, EMELINE RAMOS, ROBERT RAUSH, MICHAEL SECOR, ERIKA VIGNOLA, and YAN ZHENG<br><br>　　　　　Defendants. | Case No. 1:22-cv-5971<br><br>Judge Lorna G. Schofield<br><br>**ECF Case** |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

　　The undersigned hereby acknowledges that he/she has read the Protective Order in the above-captioned action, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such designated materials to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

　　The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

1

- 2 -

NAME: _____

ADDRESS:

_____

_____

SIGNATURE: _____   DATED: _____

- 2 -