IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **loanDepot.com, LLC**<br><br>                    Plaintiff,<br><br>vs.<br><br>**CROSSCOUNTRY MORTGAGE, LLC, STANISLAV ALESHIN, KEISHA ANTOINE, ANTHONY AYALA, SCOTT BONORA, FAHEEM HOSSAIN, STUART KOLINSKY, BARRY KOVEN, DANIEL KWIATKOWSKI, JAROSLAW KWIATKOWSKI, YUSHENG LIU, ROBERT LONDON, ENRICO MARTINO, DANIEL MEIDAN, SCOTT NADLER, GIOVANNI NARVAEZ, DAVID OSTROWSKY, EMELINE RAMOS, ROBERT RAUSH, RAFAEL REYES, MICHAEL SECOR, LLEWELLYN TEJADA, ILYA VAYSBERG, ERIKA VIGNOLA, and YAN ZHENG**<br><br>                    Defendants. | Case No. 1:22-cv-05971-LGS<br><br>ECF Case |

## STUART KOLINSKY'S AMENDED COUNTERCLAIMS

Defendant/Counter-Plaintiff Stuart Kolinsky ("Defendant" or "Kolinsky"), by his attorneys, states the following as his Amended Counterclaims against Plaintiff/Counter-Defendant, loanDepot.com LLC ("loanDepot"):

## INTRODUCTION

1. This is an action for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing.

142767265.1

2.       Kolinsky worked at loanDepot as a Loan Consultant until April 29, 2022, when he resigned. Kolinsky subsequently took up employment at another mortgage lender, CrossCountry Mortgage, LLC ("CrossCountry").

3.       Pursuant to the terms of his Employment Agreement with loanDepot, Kolinsky was entitled to receive sales incentives on loans he provided services for that closed within 30 days of his departure from loanDepot.

4.       However, upon information and belief, loanDepot intentionally pushed back the closing date of at least one loan on which Kolinsky worked and was due sales incentives, solely so that the loan's closing date would fall outside of the 30-day window of Kolinsky's resignation, thereby depriving him of his rightful contractual benefit.

5.       This was not the first time that loanDepot acted in bad faith or breached its obligations to Kolinsky arising from the Employment Agreement.

6.       Additionally, loanDepot breached the Employment Agreement by paying Kolinsky less than his contractually agreed to compensation, with loanDepot unilaterally deciding to deduct the cost of paying a loan processor from Kolinsky's rightful compensation under the Employment Agreement.

## PARTIES

7.       Kolinsky resides in Bronx, New York and is a citizen of that state.

8.       loanDepot is a Delaware limited liability company with its principal place of business in Orange County, California.

## JURISDICTION AND VENUE

9.       Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1367, as these counterclaims form part of the same case or controversy as loanDepot's claims, including its

Federal Defend Trade Secrets Act claim, over which this court has federal subject matter jurisdiction. 28 U.S.C. § 1331; 28 U.S.C. § 1367.

10. Pursuant to 28 U.S.C. § 1391(b)(2), venue in this Court is proper because a substantial part of the events or omissions giving rise to the claims in this lawsuit occurred in this judicial district.

## BACKGROUND FACTS

11. Kolinsky joined loanDepot in 2012 and resigned from loanDepot on April 29, 2022.

12. At the time of his resignation from loanDepot, Kolinsky was a Loan Consultant affiliated with loanDepot's New York branches.

13. Kolinsky and loanDepot entered into a valid and enforceable Employment Agreement.

14. As a Loan Consultant, Kolinsky was responsible for, among other things, brokering mortgage loans, and was entitled to receive commissions and other incentives on those loans under the terms of his Employment Agreement.

15. Specifically, Kolinsky was entitled to receive sales incentives on loans that he provided services for that closed within 30 days of his departure from loanDepot.

16. Kolinsky's Employment Agreement provides that loanDepot "will allow [Kolinsky] to be eligible to earn sales incentives for loans for which [Kolinsky] provided services…for 30 days after the termination of [Kolinsky's] employment…"

17. Upon information and belief, loanDepot intentionally pushed back the closing date of at least one loan on which Kolinsky is entitled to receive sales incentives, for the sole purpose of pushing the loan's closing date outside the 30-day window of Kolinsky's resignation and depriving him of his rightful contractual benefit.

18. At the time Kolinsky left loanDepot, his client (and friend), A. E.[1], was in the process of purchasing a new primary residence with J. D.

19. The lender on the transaction was the First National Bank of Long Island.

20. A. E's' closing was scheduled while Kolinsky was still employed at loanDepot, but was set to occur within 30 days of his departure.

21. Kolinsky timed his resignation so that he would be paid his commission on the A. E. transaction.

22. A few days before the closing, though, A. E. advised Kolinsky that the closing was pushed back a few days so that it fell outside the 30-day window after Kolinsky's resignation date.

23. Prior to his departure, Kolinsky told his area manager, Mark McGowen about the A. E. closing.

24. McGowen advised Kolinsky before he left that he was coordinating with J. F. at the First National Bank of Long Island to discuss how to deal with loans in the pipeline of departing loanDepot loan officers.

25. Upon information and belief, McGowen instructed J. F. to push back the A. E. closing date so that it fell outside of Kolinsky's 30-day window in which he was entitled to a commission.

26. Sadly, this was not the first time that loanDepot breached its obligations to Kolinsky arising from his Employment Agreement. loanDepot further acted in bad faith and breached Kolinsky's Employment Agreement by paying Kolinsky less than his contractually agreed to compensation. loanDepot unilaterally decided, after the Employment Agreement was signed, to

---

[1] For privacy reasons, customers and other referral contacts referenced in these Amended Counterclaims will be referred to only by the initials of their first and last names.

deduct the cost of paying a loan processor from Kolinsky's rightful compensation set forth in the Employment Agreement.

## COUNT I - BREACH OF CONTRACT

27. Kolinsky restates and realleges the allegations set forth in Paragraphs 1 through 26 as though set forth fully herein.

28. Kolinsky and loanDepot entered into a valid and enforceable Employment Agreement.

29. Kolinsky fully complied with his obligations and duties thereunder.

30. loanDepot breached the Employment Agreement by failing to pay Kolinsky sales incentives on at least one loan that he provided services for which should have closed within 30 days of his resignation.

31. loanDepot further breached the Employment Agreement by failing to pay Kolinsky the compensation amount agreed to by the Parties and set forth therein, and instead unilaterally deciding to deduct less that amount from Kolinsky's compensation to pay for a loan processor.

32. As a direct and proximate cause of loanDepot's breaches of the Employment Agreement, Kolinsky has sustained thousands of dollars in damages.

## COUNT II - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

33. Kolinsky restates and realleges the allegations set forth in Paragraphs 1 through 32 as though set forth fully herein.

34. Kolinsky and loanDepot entered into a valid and enforceable Employment Agreement. Kolinsky fully complied with his obligations and duties thereunder.

35. The Employment Agreement contains an implied covenant of good faith and fair dealing.

36.     As such, loanDepot could not do anything which would have the effect of destroying or injuring Kolinsky's right to receive the benefits of the Employment Agreement.

37.     loanDepot breached the implied covenant of good faith and fair dealing by failing to pay Kolinsky sales incentives on at least one loan that he provided services for that should have closed within 30 days of his resignation. Specifically, loanDepot acted in bad faith by intentionally pushing back the closing date of at least one such loan beyond the 30-day window of Kolinsky's resignation, for the sole purpose of depriving Kolinsky of sales incentives to which he was and is rightfully entitled under the Employment Agreement.

38.     loanDepot further breached the implied covenant of good faith and fair dealing by failing to pay Kolinsky the compensation amount set forth in the Employment Agreement. Specifically, loanDepot acted in bad faith by unilaterally deciding to deduct the cost of paying a loan processor from the compensation amount to which Kolinsky was and is entitled under the Employment Agreement.

39.     As a direct and proximate cause of loanDepot's breach of the implied covenant of good faith and fair dealing, Kolinsky has sustained thousands of dollars in damages.

## PRAYER FOR RELIEF

WHEREFORE, Counter-plaintiff, Stuart Kolinsky, seeks the following relief:

A.     Damages to be proven at trial;

B.     Attorneys' fees and costs of the action; and

C.     Such other relief as this Court shall deem appropriate.

**COUNTER-PLAINTIFF DEMANDS TRIAL BY JURY.**

| | |
|---|---|
| Dated: February 21, 2023 | **FOX ROTHSCHILD LLP** |
| | By: */s/ Jeffrey L. Widman* |
| | Jeffrey Widman |
| | 321 N. Clark Street, Suite 1600 |
| | Chicago, IL 60654 |
| | (312) 980-3807 |
| | jwidman@foxrothschild.com |
| | |
| | Mitchell Berns |
| | 101 Park Avenue |
| | New York, NY 10178 |
| | (212) 878-7900 |
| | mberns@foxrothschild.com |
| | |
| | *Attorneys for the Individual Defendants* |

7

142767265.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on February 21, 2023, he caused a copy of the foregoing to be served on all counsel of record via the Court's ECF system.

/s/ Jeffrey L. Widman

142767265.1