UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| loanDepot.com, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CROSSCOUNTRY MORTGAGE, LLC, et al., <br><br> Defendants. | Case No. 1:22-cv-05971-LGS <br><br> Judge Lorna G. Schofield <br><br> **[PROPOSED] PRELIMINARY INJUNCTION ORDER** |

For the reasons set forth in loanDepot's Memorandum of Law in Support of Motion for Preliminary Injunction, and the supporting papers submitted therewith, and the Court having found that Plaintiff loanDepot will suffer immediate, substantial, and irreparable harm should the following preliminary injunction ("PI") order not be entered, that loanDepot is likely to succeed on the merits of all of its claims against all Defendants, that the balance of the hardships tips decidedly in loanDepot's favor, and that the below PI is in the public interest, **IT IS HEREBY ORDERED THAT**:

1. Individual Defendants[1], and anyone acting in concert with them, including CrossCountry Mortgage, LLC ("CrossCountry"), are preliminarily enjoined and restrained from directly or indirectly:

    a. Contacting or soliciting any customer or prospective customer listed on: (i) any document, file, or folder referenced in the Amended Complaint or the Declarations

---

[1] Individual Defendants refers to STANISLAV ALESHIN, KEISHA ANTOINE, ANTHONY AYALA, SCOTT BONORA, FAHEEM HOSSAIN, STUART KOLINSKY, BARRY KOVEN, DANIEL KWIATKOWSKI, JAROSLAW KWIATKOWSKI, YUSHENG LIU, ROBERT LONDON, ENRICO MARTINO, DANIEL MEIDAN, SCOTT NADLER, GIOVANNI NARVAEZ, DAVID OSTROWSKY, EMELINE RAMOS, ROBERT RAUSH, RAFAEL REYES, MICHAEL SECOR, LLEWELLYN TEJADA, ILYA VAYSBERG, ERIKA VIGNOLA, and YAN ZHENG.

of Jim Vaughn, (ii) any documents in the Individual Defendants' possession after they left loanDepot that contain consumer information that was received from or prepared for customers while the Individual Defendants were still employed by loanDepot; or (iii) any document that was downloaded from, or contains customer information that was downloaded from, loanDepot's systems or databases, and that the Individual Defendants still have in their possession after leaving loanDepot.

b. This Paragraph 1 does not apply to customers who have: (i) closed a loan with CrossCountry between December 1, 2021 and September 15, 2022; or (ii) customers who had a loan application or refinancing application pending with CrossCountry as of September 15, 2022.

c. Furthermore, this Paragraph 1 does not apply to customers or prospective customers whom the Individual Defendants or CrossCountry identifies through a means that is independent of the documents set forth in Paragraph 1(a).

2. The Individual Defendants, and anyone acting in concert with them, including CrossCountry, are preliminarily enjoined and restrained from soliciting or inducing, directly or indirectly, any employee of the Plaintiff to terminate their employment with the Plaintiff or apply for employment at CrossCountry.

3. All of the Defendants, and anyone acting in concert with them, are preliminarily enjoined and restrained from accessing, utilizing, relying on, divulging, disclosing, transferring, reproducing, copying, storing, distributing, or misappropriating: (i) any document, file, or folder referenced in the Amended Complaint or the Declarations of Jim Vaughn, (ii) any documents in the Individual Defendants' possession after they left loanDepot that contain consumer information that was received from or prepared for customers while the Individual Defendants were still employed by loanDepot; or (iii) any document that was downloaded

from, or contains customer information that was downloaded from, loanDepot's systems or databases, and that the Individual Defendants still have in their possession after leaving loanDepot.

4. All of the Defendants shall return *all* copies of: (i) any document, file, or folder referenced in the Amended Complaint or the Declarations of Jim Vaughn, (ii) any documents in the Individual Defendants' possession after they left loanDepot that contain consumer information that was received from or prepared for customers while the Individual Defendants were still employed by loanDepot; or (iii) any document that was downloaded from, or contains customer information that was downloaded from, loanDepot's systems or databases, and that the Individual Defendants still have in their possession after leaving loanDepot. The Defendants shall bear the costs of the return of such documents.

5. On or before April 1, 2023, the Defendants must: (i) stipulate to and agree with counsel for the Plaintiff on a non-party forensic vendor, and (ii) jointly submit to this Court in conjunction with Plaintiff a forensic protocol to accomplish the return and remediation (that is, permanently removing the documents from Defendants' possession) of the documents. The return and remediation shall be completed by June 1, 2023. The Defendants shall bear the costs of the return and remediation.

6. This Order shall remain in effect during the pendency of the above-captioned action.

7. No bond shall be required under the circumstances of this case. *See R.L.E. Corp. d/b/a Casa Imports v. Ferraro Foods, Inc.*, No. 6:15-cv-123 (GLS/TWD), 2015 WL 1456178, at *1 (N.D.N.Y. March 30, 2015).

**SO ORDERED:**

Dated:_____, 2023
       New York, New York

_____
Lorna G. Schofield
United States District Judge