```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LOANDEPOT.COM, LLC,                                         :
                              Plaintiff,                    :
                                                            :    22 Civ. 5971 (LGS)
              -against-                                     :
                                                            :         ORDER
CROSSCOUNTRY MORTGAGE, LLC, et al.,                         :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 10, 2023, Defendant CrossCountry Mortgage, LLC ("CrossCountry") filed a letter seeking a pre-motion conference to address several discovery disputes with Plaintiff LoanDepot.com, LLC ("LoanDepot") (Dkt. No. 231);

WHEREAS, on February 16, 2023, LoanDepot filed a letter in response (Dkt. No. 236). It is hereby

**ORDERED** that CrossCountry's request with respect to Requests for Production ("RFPs") Nos. 8 and 10 and Interrogatory No. 4 is DENIED.  CrossCountry notes that one factor in analyzing whether information constitutes a trade secret is the extent to which the information was actually secret.  LoanDepot has produced, and CrossCountry references, contracts with many of its loan officers, which CrossCountry claims show that the information in question was not kept secret.  CrossCountry has not explained how extrinsic evidence about the drafting, negotiation and interpretation of those agreements, or about LoanDepot's eventual change in its agreements, is relevant to prove the content or effect of those agreements.  It is further

**ORDERED** that CrossCountry's request with respect to RFP No. 14 is DENIED. LoanDepot has produced documents showing that it solicited -- and the Individual Defendants provided and utilized -- customer contact information when the Individual Defendants joined

LoanDepot. LoanDepot has agreed to produce all of the information those Individual Defendants uploaded at the time they joined LoanDepot. There is apparently no dispute that, at the time the Individual Defendants joined LoanDepot, LoanDepot did not treat the information those individuals brought with them as if it contained another company's trade secrets. CrossCountry has not explained why the further discovery it seeks has any further relevance. It is further

**ORDERED** that CrossCountry's request with respect to RFP Nos. 16 and 42 is GRANTED in part and DENIED in part. CrossCountry's request for documents related to compensation paid to the Individual Defendants is denied for the same reason CrossCountry's request concerning RFP No. 14 is DENIED. There is no dispute that LoanDepot solicited certain information, which LoanDepot has produced, from the Individual Defendants at the time they were recruited, so information about the compensation LoanDepot paid at the time is irrelevant. CrossCountry's request for documents related to LoanDepot's recruitment of CrossCountry loan officers is GRANTED. CrossCountry's counterclaims include detailed allegations that its loan officers have engaged in conduct when leaving CrossCountry for LoanDepot that is similar to the conduct of the Individual Defendants who left LoanDepot for CrossCountry. While CrossCountry's request for "all non-privileged documents" about this subject is likely overbroad, in general this request seeks information that is highly relevant to CrossCountry's unclean hands defense. The parties shall meet and confer in an effort to agree on the scope of LoanDepot's reasonable search and production of documents in response to this request. It is further

**ORDERED** that CrossCountry's request with respect to RFP Nos. 17 and 20 is GRANTED. Financial information for 2017 and 2018, of the same kind LoanDepot has agreed to produce for 2020 to the present, is highly relevant context in determining whether the data LoanDepot already has produced accurately reflects purported lost profits. It is further

**ORDERED** that CrossCountry's request with respect to RFP Nos. 23, 43, 44, 45, 46 and 47 is DENIED. CrossCountry seeks this discovery in aid of an anticipated argument seeking attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D), which authorizes an award of fees to a prevailing party "if a claim of misappropriation is made in bad faith." The Court also has inherent power to award attorneys' fees for bad faith conduct, if the party seeking fees can satisfy "a two pronged test. It must show 'first, that the challenged claim was without a colorable basis and, second, that the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay.'" *TransPerfect Global, Inc. v. Bridge Techs., Inc.*, No. 19 Civ. 3283, 2022 WL 2119344, at *2 (S.D.N.Y. May 31, 2022) (quoting *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 (2d Cir. 2000)). Even if the evidence CrossCountry seeks could establish that LoanDepot acted with an improper motive, there is no apparent basis for finding that the claim of misappropriation here "lack[ed] *any* legal or factual basis." *Id.* (quoting *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 283 (2d Cir. 2021)). CrossCountry's counterclaims also do not contain any non-conclusory allegations connecting LoanDepot's "Project Alpha" and merger proposal to CrossCountry with this lawsuit. The RFPs at issue in this request therefore largely seek irrelevant information and are overbroad and unduly burdensome. It is further

**ORDERED** that CrossCountry's request with respect to RFP Nos. 37, 38 and 39 is DENIED for substantially the reasons stated in LoanDepot's letter response.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 231.

Dated: February 22, 2023
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3