# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190

TELEPHONE: +1.216.586.3939 • FACSIMILE: +1.216.579.0212

Direct Number: (216) 586-7221
maplatt@JonesDay.com

February 23, 2023

VIA ELECTRONIC CASE FILING

Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

      Re:    *loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*,
            No. 1:22-cv-05971-LGS (S.D.N.Y.)

Dear Judge Schofield:

      I write on behalf of CrossCountry Mortgage, LLC ("CrossCountry"), in accordance with the Court's Individual Rules and Procedures for Civil Cases, with an important time-sensitive request to compel loanDepot to provide a corporate representative for deposition under Rule 30(b)(6) by Friday, March 3, 2023, in time for CrossCountry to obtain testimony necessary for its opposition to loanDepot's pending motion for a preliminary injunction. Even though loanDepot is currently asking this Court to exercise the most extraordinary power it possesses—the power to issue preliminary injunctive relief—loanDepot has spent the last several weeks making a concerted effort to delay and avoid its obligation to provide properly-noticed deposition testimony on the disputed issues presented in its motion. CrossCountry has repeatedly tried to accommodate delays and disputes manufactured by loanDepot regarding that deposition, including by agreeing to narrow several noticed topics and to accept written responses in lieu of other topics, as long as we receive responsive information and testimony in time to include it in our opposition to loanDepot's preliminary-injunction motion, which is currently due on March 10. In a letter yesterday, however, loanDepot disclaimed the ability to schedule the deposition or provide any written responses before March 10, and has further refused to provide either corporate testimony or written responses on certain relevant topics. That obstructive conduct leaves us with no choice but to ask for this Court's expeditious help.

      At the outset, loanDepot has known since last August that CrossCountry intends to conduct a Rule 30(b)(6) deposition of loanDepot's corporate representative in connection with the key disputed issue in loanDepot's proffered preliminary-injunction motion: whether basic customer contact information can be treated as a protected trade secret. (*See, e.g.*, ECF No. 76 at p. 6.) Though the parties' deadlines for the preliminary-injunction proceeding have been extended since then, CrossCountry made clear throughout its many meet-and-confer calls on discovery issues that it still intended to proceed with a Rule 30(b)(6) deposition of loanDepot. When CrossCountry noticed that deposition over a month ago—on January 20, just days after the parties completed their expedited document productions—CrossCountry specifically asked that the deposition be held during the period after loanDepot filed its preliminary-injunction motion (so that CrossCountry would know the scope of the preliminary injunction loanDepot would be seeking)

JONES DAY

February 23, 2023
Page 2

and before CrossCountry's opposition brief was due.  The deposition notice asked loanDepot to provide testimony on four topics, as well as a number of subtopics, all of which tracked the topics that this Court approved for expedited discovery.  (*See* CrossCountry's Rule 30(b)(6) Deposition Notice of Plaintiff loanDepot.com, LLC In Connection With Preliminary-Injunction Proceeding, attached hereto as <u>Exhibit 1</u>; *see also* ECF No. 79.)  These topics are:  (1) the measures taken by loanDepot to keep basic customer contact information a trade secret; (2) loanDepot's solicitation, acceptance, and use of customer information provided to loanDepot by incoming loan officers; (3) agreements between loanDepot and loan officers regarding confidentiality, non-solicitation, and non-disclosure obligations; and (4) loanDepot's identification of the customers whose basic contact information loanDepot contends is a misappropriated trade secret.  The subtopics also stated with particularity each item of information CrossCountry is seeking.  Now that loanDepot has filed its preliminary injunction motion, it is clear that those subjects are critically important.

When CrossCountry served its deposition notice, it immediately requested a meet and confer with loanDepot, in accordance with Rule 30(b)(6), to discuss any issues with the matters for examination and to set a date for the deposition.  The parties then met and conferred on January 26, after which loanDepot sent a letter on February 1 detailing a litany of objections.  loanDepot refused to provide a corporate representative for Topics 1 and 4, and rejected much of Topics 2 and 3.  loanDepot did offer to provide written interrogatory responses to certain subtopics that it deemed were more appropriate for written discovery than a deposition.  CrossCountry promptly responded on February 7, detailing why loanDepot's objections were unfounded.  In order to reach an expeditious compromise, however, CrossCountry narrowed Topic 1 and agreed that certain portions of Topics Nos. 2 and 3 and all of Topic No. 4 could be satisfied with written responses.  CrossCountry's letter also noted that, as we had made clear for over five months, CrossCountry would need the deposition testimony and any written responses in lieu of that testimony **before** CrossCountry's opposition to the preliminary injunction was due.  After all, the whole point of the deposition was to obtain testimony for CrossCountry's opposition.

After receiving CrossCountry's February 7 letter, loanDepot sat silent.  CrossCountry followed up again on February 17, asking loanDepot for its position and noting that "we need to hear back from you so that we can schedule and conduct the deposition as soon as possible."  Later that day, loanDepot promised a response by Tuesday, February 21.  February 21, however, came and went without a response.  Yesterday, February 22, loanDepot emailed CrossCountry and promised a response later that day.  When loanDepot finally sent its response that evening, it took the position that it could not commit to providing **any** deposition testimony or written responses by the time CrossCountry's opposition brief is due on March 10.  loanDepot even admitted that it "still ha[s] not finalized who those representative(s) will be" for the agreed-upon topics.  loanDepot's current position, as stated in its letter, is that CrossCountry's request to hold the deposition and receive written responses sufficiently before the March 10 deadline for CrossCountry's opposition brief "is unreasonable and unworkable."

loanDepot's position is not tenable.  It has known for five months which issues are in dispute in expedited discovery and has had CrossCountry's Rule 30(b)(6) deposition notice for over a month.  loanDepot asked for this expedited proceeding and is the one asking the Court to

JONES DAY

February 23, 2023
Page 3

exercise its extraordinary powers.  It cannot now avoid its own obligation to produce a witness, which would severely prejudice CrossCountry's ability to respond to the preliminary-injunction motion.  And it certainly should not be permitted to benefit from its own torpor in responding to CrossCountry's efforts to obtain the needed deposition testimony as expeditiously as possible.

As to scope, loanDepot's letter of yesterday categorically refuses to offer any testimony or written response as to Topics 2(g), 2(h), 2(i), 3(b), 3(d), 3(e), 3(f), 3(g), 3(h), 3(i), and 3(l).  That position is likewise improper.  Topics 2(g) and 2(i) are relevant to whether loanDepot treated customer information as secret, and will show that loanDepot used customer information it received from the Individual Defendants when it hired them in the same way that CrossCountry allegedly used such information.  Topic 2(h) will evidence the customer contacts that each Individual Defendant brought to loanDepot upon hiring, and whose contact information therefore cannot be a trade secret.  Topics 3(b), 3(d), 3(e), 3(f), 3(g), 3(h), 3(i), and 3(l) are all relevant to issues that are in dispute, and that CrossCountry will use to show that for years and years, most of the Individual Defendants operated under employment agreements that explicitly carved out customer contact information (including for customers they developed while at loanDepot) from the definition of "Confidential Information," and affirmatively permitted them to use and retain that information; will allow CrossCountry to know who drafted that provision and who is knowledgeable about it so that we can depose them in regular discovery about the information the agreements intended to protect; will show how long that provision was in place for each Individual Defendant, which will establish that the customer contact information developed by that Individual Defendant while that provision was in place cannot be a trade secret; will provide relevant testimony on the evolution of loanDepot's definition of "Confidential Information," its reasons for broadening that definition, and the information they sought to protect; will show that the employment agreements that loanDepot had most of the Individual Defendants sign in 2022 (just weeks before they resigned), and which removed the permission to use and retain customer contact information, were without proper consideration, cannot be applied retroactively to render all customer contact information prior to 2022 a trade secret, and are unreasonably overbroad.

Accordingly, CrossCountry asks that loanDepot be compelled to produce its Rule 30(b)(6) representative(s) for deposition by Friday, March 3, 2023 (seven days before CrossCountry's opposition is due), on the following noticed topics:  Topic 1 in full; Topic 2(a) (except for those portions as to which CrossCountry has agreed to accept written responses), 2(b), 2(f), 2(g), 2(i), and 2(j) (except for those portions where CrossCountry has agreed to accept written responses); Topic 3(f), (g), (h), (i), (j), (k), and (l).  CrossCountry further asks that loanDepot be compelled to serve by March 3 written responses as to those topics where CrossCountry has agreed to accept such responses in lieu of testimony:  Topic 2(a) (the portions identified in CrossCountry's February 7 letter), 2(b), 2(c), 2(d), 2(e), 2(h), and 2(j) (the identified portions in the February 7 letter); and Topic 3(a), 3(b), 3(c), 3(d), and 3(e); and Topic No. 4 in full.

We appreciate the Court's attention to this matter.

JONES DAY

February 23, 2023
Page 4

                                          Respectfully submitted,

                                          */s/ Michael A. Platt*

                                          Michael A. Platt

cc:  All counsel of record (by ECF)