

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

Miguel A. Lopez
212.471.4482 direct
212.583.9600 main
malopez@littler.com

February 27, 2023

**VIA ECF**
Hon. Lorna G. Schofield
U.S. District Court, Southern District of N.Y.
40 Foley Square, Courtroom 1106
New York, New York 10007

**Re:** *loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*,
No. 1:22-cv-05971-LGS

Dear Judge Schofield:

  CrossCountry has short-circuited (what at least was) an ongoing meet-and-confer process regarding the 30(b)(6) deposition of loanDepot, and in doing so, has failed to present the Court with the most recent information from that process. The most recent correspondence from loanDepot, attached here as **Exhibit 1**, given its importance to this issue, demonstrates that loanDepot has agreed to present 30(b)(6) deposition testimony on multiple issues and agreed to provide other information in writing. The Court's February 23 discovery order [Dkt. 249] further affects the 30(b)(6) deposition testimony that CrossCountry seeks, consistent with loanDepot's last letter and summarized below.

  The real issue presented by CrossCounty is whether it is entitled to a 30(b)(6) deposition and written responses ***by March 3***, and the answer is "no" because CrossCountry has not sought 30(b)(6) testimony "as expeditiously as possible," among other things. Instead, CrossCountry presented the Court with a self-proclaimed and self-created "time-sensitive request." Indeed, although CrossCountry acknowledges that it has planned to take a 30(b)(6) deposition since August 2022, it has not explained why it failed to even issue the Notice until January 20—42 days after the current PI briefing schedule was entered (ECF No. 186). This delay cannot be squared with CrossCountry's suggestion that 30(b)(6) testimony is "critically important" to its response to loanDepot's PI motion. The Court should deny the demand for a 30(b)(6) deposition and written discovery responses ***by March 3***.[1]

---

[1] The Court's standing order regarding discovery disputes is another reason to deny CrossCountry's request that a corporate representative deposition be compelled by March 3. The Court's standing order requires that letters (such as CrossCountry's filed on February 23) be filed at least ***ten business days*** in advance of a proposed conference on a disputed issue. CrossCountry has not adhered to these timeframes either, and its suggestion that loanDepot "sat silent" ignores the flurry of recent activity in this case, both with respect to filings, document productions, and communications between the parties.

Hon. Lorna G. Schofield
Page 2

Further, the 30(b)(6) deposition sought by CrossCountry has not yet occurred solely because of choices *CrossCountry* has made. The first of these was CrossCountry's suggestion (and which is a position it still holds) that it will get multiple 30(b)(6) depositions. There is no basis for this position. While there was talk of an expedited discovery period earlier in this case, the Court long ago labeled expedited discovery "moot," and since then has entered scheduling orders that do not delineate between "expedited" and "regular" discovery. (*See, e.g.*, ECF Nos. 91 & 178.) CrossCountry's baseless positions that it should get multiple Rule 30(b)(6) depositions, and that it is somehow entitled to a limited deposition before its PI opposition brief is due, were issues that loanDepot was needlessly forced to address. Even more problematic to accomplishing the 30(b)(6) deposition was the impropriety of CrossCountry's *24* Topics themselves. Here, the fundamental flaw in the Notice was that some topics were overbroad (i.e., not described with the requisite "painstaking specificity" required under Rule 30(b)(6))[2] whereas others sought such granular information so as to transform the deposition into an improper "memory test").[3]

**Topic No. 1** falls into the former category. loanDepot believed that compromise on this topic had been reached (and is willing honor its February 22 proposal), but CrossCountry now has backtracked. Since CrossCountry wants an "all-or-nothing" approach, it should get nothing. Topic No. 1 as originally drafted is overbroad and not drafted with the painstaking specificity required by Rule 30(b)(6). (*See* Footnote 2.) The topic would force 30(b)(6) witness(es) to testify as to cybersecurity, regulatory, compliance, and information technology measures to protect customer information, all in addition to the provisions of the agreements loanDepot seeks to enforce and loanDepot's reasonable expectation of professional conduct by its employees.

**Topic Nos. 2 & 3** fall into the latter category, and seek to impose a "memory test" on loanDepot's witness(es). (*See* Footnote 3.) loanDepot outlined its objections to CrossCountry on January 26 during a meet-and-confer on the Notice, then again on February 1, and most recently in the attached February 22 letter. CrossCountry has at all points tacitly conceded that certain of its topics are improper by proposing that loanDepot's corporate representative bring documents or other information to the deposition as reference guides for answers to CrossCountry's questions. The Court's February 23 ruling impacts Topic Nos. 2 and 3 as well, as summarized here:

| Topics About Which *Further* Discovery Was Denied | Overlapping [Proposed] 30(b)(6) Topic |
| --- | --- |
| RFP 14 (loanDepot's use of customer/client information provided at one time by the Individual Defendant(s)) | 2(a) (various information about the Marketing Checklist)<br>2(b), (c), (d), (e) & (i) (identify defendants that submitted information and the actual information provided)<br>2(f) (why information was requested from the defendants) |

---

[2] *See DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 2022 WL 2702378, at *6 (E.D.N.Y. Feb. 11, 2022); *Wilmington Trust, N.A. v. Samcom 48 (DE), LLC*, 2022 WL 17977499, at *2 (E.D.N.Y. Dec. 28, 2022) (each striking proposed Rule 30(b)(6) topics seeking testimony about "all discussions" or "all measures" on a topic as overbroad).
[3] *See DDK Hotels*, 2022 WL 2702378, at *9; *Blackrock Allocation Target Shares v. Wells Fargo Bank, N.A.*, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017) (a Rule 30(b)(6) deposition "should not be a 'memory contest' of topics better suited to a written response or supplemental document production").

| ECF No. 249: "loanDepot has agreed to produce all of the information those Individual Defendants uploaded at the time they joined loanDepot. . . . CrossCounty has not explained why the further discovery it seeks has any further relevance." | 2(g) (how loanDepot used the information supplied) <br> 2(h) (recipients of emails that loanDepot has/will produce, to the extent such documents exist) <br> 2(j) (support for loanDepot's acceptance of information supplied by the defendants at their hiring) |
|---|---|

The Court's February 23 order demonstrates that there is no need for any of the 30(b)(6) testimony CrossCountry insists upon in Topic No. 2. As explained above, there is certainly no need for this information by *March 3*. The Court's February 23 Discovery Order is relevant to Topic No. 3, as well, because much of 30(b)(6) testimony CrossCountry seeks is the same information the Court found irrelevant, as explained here:

| Written Disco. Rejected by Court (Dkt. 249) | Overlapping [Proposed] 30(b)(6) Topic |
|---|---|
| RFP 8, 10; Irog. 4 (seeking various forms of "extrinsic evidence" about the drafting, negotiation, interpretation and modifications to loanDepot agreements) (ECF No. 249, p. 1.) | 3(b) (identify drafter of agreement(s)); <br> 3(d) (identify where questions about agreement(s) could be directed); <br> 3(e) (applicable time period for agreement(s); <br> 3(f) (consideration)); <br> 3(g) & (h) (provisions in unambiguous agreements); <br> 3(i) & (j) (changes to agreement(s)); <br> 3(l) (purported connection between unambiguous agreements and website traffic). |

Given the Court's ruling, there is no basis or need for CrossCountry to persist in seeking 30(b)(6) testimony on the above subtopics in Topic No. 3. Finally, while there is (or was) apparently an agreement for a written response to **Topic No. 4** (*see* attached letter), CrossCountry provides no rationale why the response is needed *by March 3*.

Rule 30(b)(6) is supposed to streamline discovery, not provide a "club" to wield against an opponent, *Smithline Corp. v. Apotex*, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000). The proponent of such a deposition bears the burden of justifying its requests for testimony. *See Whiting v. Hogan*, 2013 WL 1047012, at *11 (D. Ariz. Mar. 14, 2013). CrossCountry failed to meet its burden and does not account for the Court's February 23 order entered earlier the same day. Moreover, CrossCountry's own delay gives the Court no reason to require a deposition *by March 3* because CrossCountry cannot sustain its charge that loanDepot "sat on" Rule 30(b)(6) issues. Quite to the contrary, over the last few weeks, loanDepot: (i) conferred with CrossCountry (unsuccessfully) about a potential stipulated PI; (ii) engaged in a pre-motion letter exchange on written discovery issues that resulted in the Court's February 23 order; (iii) produced thousands of documents; and (iv) filed its motion for a PI. In connection with the 30(b)(6) proposal, loanDepot responded to the proposed compromise *one day after* CrossCountry requested a response. The Court should reject CrossCountry's purported "time-sensitive" request. If the Court needs further information to consider CrossCountry's numerous subtopics, loanDepot requests an opportunity to supplement this submission and/or a hearing on the matter.

Hon. Lorna G. Schofield
Page 4

Respectfully submitted,

/s/ *Miguel A. Lopez*

cc:  All Counsel of Record

CrossCountry's request for an order compelling a Rule 30(b)(6) deposition to take place by Friday, March 3, 2023, is DENIED.  CrossCountry's other requests concerning a Rule 30(b)(6) deposition of Plaintiff are DENIED without prejudice to renewal before Judge Cave, to whom this matter will be referred for general pretrial.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 250.

Dated: February 28, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE