# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190

TELEPHONE: +1.216.586.3939 • FACSIMILE: +1.216.579.0212

March 10, 2023

Direct Number: (216) 586-7221
maplatt@JonesDay.com

<u>VIA ELECTRONIC CASE FILING</u>

Hon. Sarah L. Cave
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, New York 10007-1312

    Re: <u>*loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*,
      No. 1:22-cv-05971-LGS (S.D.N.Y.)</u>

Dear Judge Cave:

  Pursuant to the Court's Rule I.F.2, and the Southern District of New York's ECF Rules & Instructions Section 6, Defendant CrossCountry Mortgage, LLC ("CrossCountry") respectfully moves this Court for leave to file redacted portions of Exhibit A that is attached to the contemporaneously filed Letter Responding to loanDepot.com, LLC's ("loanDepot's") Request for Pre-Motion Conference regarding Discovery Disputes ("Pre-Motion Letter") under seal.

  As an initial matter, all judicial documents have a fundamental presumptive right of public access. *Olson v. Major League Baseball*, 29 F. 4th 59, at 87 (2d Cir. 2022) (citation omitted). In order for a document to meet the threshold question of whether it is a judicial document, it "must be relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Once it finds that any record document is a judicial document, the court "must next determine the particular weight of that presumption of access for the record at issue." *Olson*, 29 F. 4th at 87 (citation omitted). Once weight of presumption has been assessed, "the court is required to 'balance competing considerations against it," which include 'the privacy interests of those resisting disclosure.'" *Id.*, at 88 (citations omitted); *Rowe v. Google LLC*, No. 19 Civ. 8655 (LGS), 2020 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) (Schofield, J.) (citations omitted).

  Exhibit A has been filed in support of the Pre-Motion Letter, and therefore is a judicial document. However, given the presence of personal information of non-party borrowers, the remaining factors weigh in favor of granting this motion to seal. Exhibit A to the Pre-Motion Letter contains the first and/or last names of non-party borrowers or prospective borrowers used as search terms during the course of discovery in this matter. The "privacy interests" of "nonparty individuals" who are unnecessary to adjudicate the Pre-Motion Letter "counsel in favor of continued redaction" of such information under seal. *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, No. 1:19-cv-09910-ER, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (permitting, based on "privacy interests," filing under seal materials that "contain information identifying employees and nonparties, such as names, telephone numbers, and email addresses"); *accord Owen v. Elastos Foundation*, No. 19-CV-5462 (GHW) (BCM), 2023 WL 194607, at *16 (S.D.N.Y. Jan. 11, 2023) (same); *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 Civ. 4352(PKC), 2011 WL 4336679 (S.D.N.Y. Sept. 15, 2011) (granting permission to seal "individual contact information" of nonparties, "such as e-mail addresses, home addresses

JONES DAY

March 10, 2023
Page 2

and phone numbers," because "[s]uch information is not at issue in this dispute and the individuals have a countervailing privacy interest in their non-disclosure").

  Accordingly, CrossCountry respectfully asks this Court to file the redacted portions of Exhibit A to the Pre-Motion Letter under seal.

              Respectfully submitted,

               *s/ Michael A. Platt*

               Michael A. Platt

cc: All counsel of record (by ECF)

APPENDIX OF PARTIES AND COUNSEL
WHO MAY HAVE ACCESS TO DOCUMENTS FILED UNDER SEAL

- Counsel of Record for loanDepot.com, LLC may have access to the sealed documents.
- Counsel of Record for Individual Defendants may have access to the sealed documents.

---

Defendant CrossCountry Mortgage, LLC's letter-motion seeking to file under seal the the redacted portions of Exhibit A in support of its opposition to Plaintiff loanDepot.com, LLC's Request for a pre-motion conference regarding outstanding discovery disputes (ECF No. 266) is GRANTED.

The Clerk of Court is respectfully directed to (i) seal ECF No. 270-1, which shall remain visible only to the selected parties; (ii) unseal the documents at ECF Nos. 270 and 270-2 – 270-3, which shall be made viewable to the public; and (iii) close ECF No. 266.

SO ORDERED 03/13/23

SARAH L. CAVE
United States Magistrate Judge