

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

Miguel A. Lopez
212.471.4482 direct
212.583.9600 main
malopez@littler.com

February 21, 2023

> By **March 24, 2023**, Plaintiff shall file, on the public docket on ECF, redacted versions of all of its papers that it filed under seal in support of its motion for preliminary injunction.
>
> So Ordered.
>
> Dated: March 22, 2023
> New York, New York
>
> LORNA G. SCHOFIELD
> **UNITED STATES DISTRICT JUDGE**

**VIA ECF**

Hon. Lorna G. Schofield
U.S. District Court, Southern District of N.Y.
40 Foley Square, Courtroom 1106
New York, New York 10007

Re:  *loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*,
**No. 1:22-cv-05971-LGS**

Dear Judge Schofield:

    Plaintiff loanDepot.com, LLC ("loanDepot"), by and through its attorneys, Littler Mendelson, P.C., respectfully moves this Court pursuant to the Court's Rule I.D.3 and the Stipulated Protective Order in this action (ECF No. 95), for leave to file certain exhibits or portions of exhibits that are attached to the contemporaneously filed Declaration of Jessica F. Pizzutelli, Esq. under seal. The information subject to this motion is submitted as part of, and are cited in, loanDepot's Memorandum of Law in Support of Its Motion for Preliminary Injunction (the "PI Brief"). loanDepot additionally seeks leave to file under seal those portions of the PI Brief that quote or substantively reference any of the below-referenced exhibits. Finally, loanDepot seeks leave to file certain contents in the Vaughn Declaration, and its two exhibits, under seal.

    In support of this Motion for Leave to File Under Seal, loanDepot states as follows:

    On September 19, 2022, this Court entered a Stipulated Protective Order (ECF No. 44), permitting the parties to designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the document falls within one or more categories specified in the order. Individual Rule I.D.3 further provides: "The party with an interest in confidential treatment bears the burden of persuasion. If this party is not the filing party, the party with an interest in confidential treatment shall promptly file a letter on ECF within two business days in support of the motion, explaining why it seeks to have certain documents filed in redacted form or under seal."

Hon. Lorna G. Schofield
February 21, 2023
Page 2

## I. DOCUMENTS MARKED CONFIDENTIAL OR HIGHLY CONFIDENTIAL BY DEFENDANTS, ON WHICH DEFENDANTS BEAR THE BURDEN

The exhibit pages discussed in this Section I contain material which either Defendant CrossCountry Mortgage, LLC ("CrossCountry") or the Individual Defendants marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." loanDepot moves to file the below documents under seal consistent with the Protective Order in this case, on the basis of Defendants' designations. loanDepot does not, however, otherwise bear the burden of persuasion on the documents listed below.[1]

### Exhibit 1

Pages 4-5 (INDIVDEF_0003575, 3576)
Page 8 (INDIVDEF 0002563)

### Exhibit 4

Page 1 (INDIVDEF 0007742)
Pages 3-4 (INDIVDEF 0007513, 7514)
Pages 5-6 (INDIVDEF_0001479, 1480)
Pages 7-8 (INDIVDEF_0005534, 5535)
Pages 9-10 (INDIVDEF_0000590, 591)
Pages 11-12 (INDIVDEF_0007805, 7806)
Pages 13-14 (INDIVDEF 0007764, 7765)

### Exhibit 5

Pages 1-5 (INDIVDEF _0007428-7432)

### Exhibit 6

Page 1 (INDIVDEF 0007744)
Page 12 (INDIVDEF 0007794)

### Exhibit 7

Pages 1-2 (CCMNY_00010773)
Pages 3-4 (CCMNY _00004673-4674)
Page 9 (CCMNY _00005986)
Page 10 (CCMNY _00003879)
Page 12-13 (INDIVDEF_0007125-7126)

---

[1] loanDepot has, of course, redacted PII from the documents cited in this section pursuant to FRCP 5.2 before filing on the public docket.

Hon. Lorna G. Schofield
February 21, 2023
Page 3

Page 15 (CCMNY _00001742_0001)

**Exhibit 9**

Pages 1-4 (INDIVDEF 0000161 – 167)
Pages 6-8 (INDIVDEF 0000158 – 160)
Pages 9-12 (INDIVDEF 0008498 – 8501)

**II.    DOCUMENTS LOANDEPOT MOVES TO REMAIN UNDER SEAL**

The following exhibits contain confidential loanDepot customer information or commercially sensitive loanDepot information. loanDepot requests that these documents be filed under seal (and/or redacted, as set forth below).

**Exhibit 1**

Page 3 (INDIVDEF 0002107): This page contains a chat between Secor and a CrossCountry employee regarding a party to a transaction, while Secor was still employed by loanDepot. Individual Defendants did not designate this document confidential, but the party's name should be redacted.

Pages 6-7 (CCMNY_00016007, 16008): These pages contain an excerpt of an email from Ramos, while employed at CrossCountry, to an employee of a non-party, discussing a customer who was going through loanDepot. CrossCountry designated this document "Attorneys' Eyes Only."

Page 12 (INDIVDEF 0002115): This page contains a message from Secor to a CrossCountry employee, about two loanDepot customers, while Secor was still employed by loanDepot. Individual Defendants did not designate this document confidential, but the customer's identities should be redacted.

Page 15 (INDIVDEF 0002177): This page contains messages between Secor and a CrossCountry employee, while Secor was still employed by loanDepot, discussing two loanDepot customers. Individual Defendants did not designate this document confidential, but the customers' names should be redacted.

**Exhibit 2**

Pages 1-3 (LoanDepot0014058-14060): This is a confidential loanDepot email that Secor forwarded to his personal email address, containing the 2021 rankings of the top revenue-generating loan officers assigned to the New York, New Jersey and Connecticut branches, with revenue figures for each officer. Both the rankings/figures and portions of the narrative discussion of loanDepot's top performers should be filed under seal.

Page 4 (INDIVDEF 0003008): This is an email Secor sent from his personal email address to his CrossCountry email address. It references a loanDepot customer by name. Individual Defendants did not designate this document confidential, but the customer's name should be redacted.

Hon. Lorna G. Schofield
February 21, 2023
Page 4

Pages 5-7 (INDIVDEF_0003009, 3017, 3018): These are excerpted pages of a bank statement, IRS Form W-2, and payroll records belonging to a loanDepot customer that Secor emailed from his personal email address to his CrossCountry email address. Individual Defendants did not designate these documents confidential, but they should be filed under seal due to the highly confidential personal financial information contained therein.

Page 8 (INDIVDEF_0003022): This is an email Secor sent from his personal email address to his CrossCountry email address. It references a loanDepot customer by name. Individual Defendants did not designate this document confidential, but the customer's name should be redacted.

Page 9 (INDIVDEF_3023): This is an excerpt of a bank statement belonging to a loanDepot customer that Secor emailed from his personal email address to his CrossCountry email address. Individual Defendants designated this document Highly Confidential-Attorney's Eyes Only, and it should be filed under seal due to the highly confidential personal financial information contained therein.

Page 10 (INDIVDEF 0003055): This page contains an email from Secor's personal email address to his CrossCountry email address, regarding a loanDepot customer. Individual Defendants did not designate this document confidential, but the customer's identity should be redacted.

Page 11 (INDIVDEF_0003056): This is an excerpt of a Contract of Sale belonging to a loanDepot customer that Secor emailed from his personal email address to his CrossCountry email address. Individual Defendants designated this document Highly Confidential, and it should be redacted in its entirety.

Page 12 (INDIVDEF_0003133): This page contains an email from Secor's personal email address to his CrossCountry email address, regarding a loanDepot customer. Individual Defendants did not designate this document confidential, but the customer's identity should be redacted.

Page 13 (INDIVDEF_0003134): This is an excerpt of an invoice belonging to a loanDepot customer that Secor emailed from his personal email address to his CrossCountry email address. Individual Defendants designated this document Highly Confidential, and it should be redacted in its entirety.

Page 14 (INDIVDEF 0003372): This page contains a loanDepot pre-approval letter generated for a loanDepot customer, which Secor still had in his possession after he commenced employment with CrossCountry. Individual Defendants designated this document Highly Confidential, and it should be redacted in its entirety.

Page 15 (INDIVDEF 0003371): This page contains an IRS Form W-2 belonging to a loanDepot customer that Secor had in his possession at CrossCountry. Individual Defendants designated this document Highly Confidential-Attorney's Eyes Only, and it should be redacted in its entirety.

**Exhibit 3**

Pages 1-2 (INDIVDEF_0003266, 3163): These pages contain excerpts of credit reports prepared for loanDepot on behalf of two loanDepot customers that Secor retained following his employment with loanDepot. Individual Defendants designated these documents Highly Confidential, and they should be redacted in full.

Page 3 (INDIVDEF_0002800): This page contains an email from Secor's personal email address to Ramos' personal email address regarding a loanDepot customer. Individual Defendants did not designate this document confidential, but the customer's identity should be redacted.

Page 4 (INDIVIVDEF_0002801): This page contains a loanDepot pre-approval letter generated for a loanDepot customer that Secor maintained in his possession after joining CrossCountry. Individual Defendants designated this document Highly Confidential and the document should be redacted in its entirety.

**Exhibit 6**

Page 2 (INDIVDEF_0004367): This page contains messages between Nadler and a loanDepot client. Individual Defendants did not designate this document confidential, but the third-party (non-party) customer's identity and phone number should be redacted.

Pages 3-5 (INDIVDEF 0007218-7220): These pages contain an email chain regarding a third-party (non-party) borrower. The borrower's name is listed in the subject of the email. Individual Defendants designated the document Attorneys' Eyes Only.

Page 8 (INDIVDEF_0004753): This page is part of an email chain referencing a third-party (non-party) deal in the pipeline. Individual Defendants did not designate this document confidential, but the third-party's (non-party's) identity should be redacted.

Page 11 (INDIVDEF_0000135): This page contains an email between Defendant Yan Zheng and a non-party about a borrower. Individual Defendants did not designate this document confidential. However, the third-party, non-party borrower's name (in the Subject line) should be redacted.

**Exhibit 7**

Pages 5-8: These pages contain emails from Zheng's loanDepot email address to her personal email address, forwarding email communications with loanDepot customers. LoanDepot designated these documents Attorneys' Eyes Only given the nature of the information communicated therein concerning third-party, non-party customers.

Page 11 (attachment to CCMNY_00003879): This is a spreadsheet sent from Kolinsky's personal email address to his CrossCountry email address. It is a contact list that is a trade secret that

Hon. Lorna G. Schofield
February 21, 2023
Page 6

is the very core of the dispute between the parties in this case (see accompanying Memorandum of Law supporting Motion for Preliminary Injunction). It should be redacted in its entirety.

Page 14 (INDIVDEF- 0007129): This is a spreadsheet that Defendant Robert London downloaded from the loanDepot Salesforce database, and emailed to a CrossCountry employee. It is a contact list that is a trade secret that is at the very core of the dispute between the parties in this case (see accompanying Memorandum of Law supporting Motion for Preliminary Injunction). Individual Defendants designated it Highly Confidential – Attorney's Eyes Only.  It should be redacted in its entirety.

### Exhibit 8

Pages 1-5 (CCMNY   00016984-16988): This page contains an email between Ayala and another CrossCountry employee. CrossCountry designated this document confidential. Within the email is an embedded screenshot of an Excel spreadsheet, on page 3, showing loanDepot customer information, including sensitive information such as FICO scores.  This screen shot should be treated as Attorneys' Eyes Only and redacted in its entirety.

Page 6 (INDIVEF 0004495): This document is a loanDepot document still in Nadler's possession at CrossCountry. It relates to loanDepot customers and a preapproval they sought, including the preapproval amount. It also includes the customer's contact information. The customers' identities and address should be redacted.

### Exhibit 10

Pages 1-3 (LoanDepot0007745-7747): These pages contain an email prepared by Jarek Kwiatkowski containing notes regarding loanDepot customers, including PPI. Given the highly sensitive nature of the contents of this document, it should be redacted.

Vaughn Supplemental Declaration: Customer names that appear in the filenames, folder names, or file paths identified in the Supplemental Declaration of Jim Vaughn ("Vaughn Supplemental Declaration") in support of loanDepot's preliminary injunction motion should be redacted.

- Exhibit C: This exhibit is a spreadsheet with the filenames and paths of the files that Defendant Faheed Hossain deleted from his loanDepot-issued laptop, as set forth in the Vaughn Supplemental Declaration. This exhibit should remain under seal.

- Exhibit D: This exhibit is a spreadsheet with the filenames and paths of the files that Defendant Giovanni Narvaez deleted from his loanDepot-issued laptop, as set forth in the Vaughn Supplemental Declaration. This exhibit should remain under seal.

Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction ("Plaintiff's MOL"): Plaintiff's MOL should be redacted to the extent that it quotes or paraphrases any of the material discussed in Section II of this letter.

Hon. Lorna G. Schofield
February 21, 2023
Page 7

# ARGUMENT

The Court should allow the documents set forth in Section II, *supra*, to be filed under seal (e.g., completely redacted) or with the redactions proposed by loanDepot, above. A three-step inquiry exists to determine whether particular documents should be withheld from public view. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Initially, the Court must determine whether the document in question is a "judicial document," *i.e.*, a document that is "relevant to the performance of the judicial function and useful in the judicial process." A presumption of public access applies if the Court finds that the document is a judicial document. *Id.* at 119. Next, the Court "must determine the weight of that presumption." *Id.* Lastly, after determining the weight of the presumption of access, the court must "balance competing considerations against it." Such "countervailing factors" include, among other things, "the privacy interests of those resisting disclosure." *Id.* at 120.

Here, all of the documents are "judicial documents" because they are submitted in support of loanDepot's motion for preliminary injunction. However, the remaining facts in the *Lugosch* analysis counsel in favor of granting loanDepot's motion to file under seal.

As a threshold matter, this case is about—among other things—misappropriation of loanDepot's trade secret and confidential information. The information that loanDepot seeks to file under seal relate to loanDepot's trade secret and breach of contract claims. For example, pages 1-3 of Exhibit 2 discuss loanDepot's confidential internal revenue and business figures, and its employees' performance. Public disclosure of this information would put loanDepot at a competitive disadvantage. Public disclosure of the confidential rankings would reveal to competitors loanDepot's top performers. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706-07 (S.D.N.Y. 2017) (granting motion to seal document from which competitors could deduce the plaintiff's employees' compensation and make it easier to hire them away). Moreover, internal documents containing "various production details and metrics of the . . . Business" have been found to fall into the category of documents for which sealing is appropriate. *See Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020). There is no overriding public interest in access to these confidential, internal rankings.

The remaining proposed redactions to the Pizzutelli Declaration exhibits and Vaughn Declaration and exhibits, discussed in Section II, *supra*, relate to customers' identities, financial information, or contact information. Federal law requires loanDepot to protect nonpublic customer information. *See* 15 U.S.C. §§ 6801- 6809. Under the *Lugosch* test, the privacy interests of non-parties in maintaining the "customer names, account numbers, and pricing information" overcomes the presumption in favor of public access. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015). The public interest is not served by revealing the names and other highly sensitive information relating to individual customers, and any such interest would be far outweighed by the privacy interests of the non-party individuals.

loanDepot also refers the Court to its Memorandum of Law in support of its Motion for Preliminary Injunction, which further sets forth the reasons why this information is competitively valuable and loanDepot's efforts to keep it secret.

Hon. Lorna G. Schofield
February 21, 2023
Page 8

Respectfully submitted,

*/s/ Miguel A. Lopez*

cc: All Counsel of Record

APPENDIX OF PARTIES AND ATTORNEYS<br>WHO MAY HAVE ACCESS TO SEALED DOCUMENTS

Counsel of Record for CrossCountry Mortgage, LLC may have access to the sealed documents
Counsel of Record for Individual Defendants may have access to the sealed documents
Parties may have access to the sealed documents consistent with the Protective Order in this case