

**Littler Mendelson, P.C.**
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450

Jessica Pizzutelli
Shareholder
585.203.3414 direct
585.203.3400 main
jpizzutelli@littler.com

May 22, 2023

Hon. Lorna G. Schofield, USDJ
Southern District of New York
40 Foley Square
New York, NY 10007

**Application DENIED. Defendant's supplemental brief will be disregarded to the extent the proffered "new evidence" is not new or relevant. Plaintiff's letter below will be considered in making that determination.**

**Dated: May 23, 2023**
**New York, New York**

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*, Case No. 22-cv-05971-LGS

Dear Judge Schofield:

On behalf of Plaintiff loanDepot.com LLC, we move for reconsideration of Your Honor's May 16 order granting Defendant CrossCountry Mortgage leave to submit a supplemental brief. (ECF No. 354). CrossCountry's proposed supplemental brief is procedurally improper and the "new evidence" CrossCountry seeks to place before the Court is neither new nor relevant. The "new evidence" is merely a rehashing of CrossCountry's already argued points. CrossCountry's letter also mischaracterizes the record. In the alternative, should the Court decline to reconsider its May 16 order and permit CrossCountry to file a supplemental brief, loanDepot requests leave of the Court to file a responsive brief and also introduce additional evidence produced by Defendants **to loanDepot** since the filing of the preliminary injunction motion which supports loanDepot's request for preliminary injunctive relief.

I.   **THE SUPPLEMENTAL BRIEF IS PROCEDURALLY IMPROPER.**

loanDepot's motion for a preliminary injunction has been fully-briefed for nearly two months. loanDepot filed its reply brief on March 21, 2023 (ECF No. 299). In that brief, loanDepot responded to extensive argument by CrossCountry concerning CrossCountry's meritless unclean hands defense based on alleged conduct unrelated to the facts here. (*See* ECF No. 299 at 6-8).

CrossCountry's proposed supplemental brief seeks to continue arguing its unclean hands defense. CrossCountry is, in practical terms, seeking a sur-reply, months after briefing on the motion was completed. But sur-replies are only proper "when an opposing party raises arguments for the first time in a reply." *Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, No. 22-MC-308 (PKC) (JLC), 2023 WL 2201991, at *3 (S.D.N.Y. Feb. 24, 2023). That is not the case here. *See Est. of Loveria by Loveria v. Portadam*, Inc., No. 3:09-CV-1215, 2010 WL 11541909, at *3 (N.D.N.Y. June 9, 2010) (denying leave to file sur-reply). Nor should CrossCountry be permitted to submit an improper sur-reply dressed up as supplemental briefing.

For this reason alone, the Court should reconsider its order granting CrossCountry leave to file a supplemental brief and instead deny CrossCountry's motion.

Hon. Lorna G. Schofield
May 22, 2023
Page 2

**II.   CROSSCOUNTRY'S ALLEGED "NEW EVIDENCE" IS NEITHER NEW NOR RELEVANT.**

CrossCountry's motion should be denied for another reason: the purported "new evidence" it seeks to place before the Court is not new at all and is not material to any issue in this case.

For example, in its opposition to the preliminary injunction motion, CrossCountry offered a declaration and an exhibit to support its argument that "[w]hen loanDepot hires employees from a competitor, it regularly asks the new hire during the onboarding process to send client contact information from their prior employer." (*See* ECF No. 282 at 24, citing Liberman Declaration and Platt Declaration, Exhibit 5). CrossCountry also argued that loanDepot "hired employees who stole extensive loan pipelines with CrossCountry borrowers' contact information . . . [and] also provided two of its employees loanDepot email addresses while still working at Cross Country." (*See id.* at 25, citing Platt Declaration, Exhibit 7). This is precisely the "evidence" CrossCountry now claims is "new" as a basis to submit supplemental briefing – it is not. (*Compare* the above *with* ECF No. 353 at 2, bullets 1, 3, 4 and 5). Similarly, CrossCountry cites to loanDepot's "own contractual definition of 'Confidential Information'" as a basis for its request (ECF No. 353, bullet 2), but CrossCountry has known of the loanDepot contract terms (which it mischaracterizes) since the filing of the Complaint.

In addition to being repetitive of CrossCountry's prior arguments, all of the referenced not-so-new purported "evidence" is also totally and completely irrelevant. To be sure, "[t]he unclean hands doctrine applies only where the misconduct alleged as the basis for the defense '**has immediate and necessary relation to the equity that [plaintiff] seeks in respect of the matter in litigation**.'" *Specialty Mins., Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 112 (S.D.N.Y. 2005) (citing *Keystone Driller Co. v. General Excavator Co.,* 290 U.S. 240, 245 (1933)) (emphasis added). "The Second Circuit has repeatedly emphasized **the narrowness of the doctrine's application**." *Id.* (emphasis added). Thus, "[t]he unclean hands defense does not permit defendants to raise all of plaintiff's alleged inequitable conduct." *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 126, 131 (S.D.N.Y. 1999). All that is relevant and admissible for the defense is a defendant's bad-faith conduct related to the **facts specifically at issue in the case at bar**. *See Procter & Gamble Co. v. Quality King Distributors, Inc.*, 123 F. Supp. 2d 108, 115–16 (E.D.N.Y. 2000) ("The defense of unclean hands applies only with respect to the right in suit . . . In this case, the doctrine of unclean hands must relate to the **creation or acquisition of the trademark itself**.") (internal citation and marks omitted) (emphasis added); *Comput. Assocs. Int'l, Inc. v. Bryan,* 784 F. Supp. 982, 998 (E.D.N.Y. 1992) ("doctrine of unclean hands is only applicable [in a trade secret case] when the conduct relied on is directly related to the subject matter in litigation – **in this case meaning that it would have to be related to the creation or acquisition of the trade secrets themselves**.") (emphasis added); *see also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Ran,* 67 F. Supp. 2d 764, 776 (E.D. Mich. 1999) (rejecting unclean hands defense in a nonsolicitation case based on argument that plaintiff "participates in the same industry practice" and observing, "[plaintiff's] decision to encourage brokers from other firms to join them and to engage in conduct which violates those brokers' employment contracts with competing firms, even if true, **is irrelevant to the instant dispute. Such an offensive industry practice is not grounds for refusing to enforce the valid restrictive covenants at issue here, however distasteful the court finds the untoward business practices of the brokerage firms**") (emphasis added).

There is a reason why courts take a narrow approach to the "unclean hands" defense, especially in cases such as this. If they did not, then **every single litigation would devolve into a series of winding, unnecessary, and irrelevant mini-trials (just as, unfortunately, this case has here)[1] regarding a competitor's nationwide practices**, which are irrelevant to the trade secrets and claims before the Court. Indeed, CrossCountry is trying to turn this New York-based 32-person group departure into an excuse to drain party and judicial resources, and conduct a meandering inquiry into loanDepot's activities in California and elsewhere, involving unrelated employees, and irrelevant documents. If CrossCountry truly took issue with loanDepot's hiring of any of its employees, it could have sued loanDepot separately, in the correct jurisdictions, relating to the individuals and facts relevant to those cases. It has not. But nothing about the purported "evidence" (even as misleadingly as CrossCountry attempts to characterize it), minimizes or diminishes loanDepot's claims against CrossCountry here.

Instead, the purported evidence CrossCountry seeks to proffer (again) does not relate to the trade secrets or individual contractual obligations at issue in this litigation. Nor does it relate to the conduct by any of the individual defendants here, who loanDepot alleges engaged in wrongdoing. Rather, the "evidence" concerns conduct by nonparties and documents that are not at issue in this case. Accordingly, loanDepot requests that the Court reconsider its ruling allowing CrossCountry to submit supplemental briefing, as the proposed briefing relies on arguments already advanced by CrossCountry, and relates to claims having no legal bearing on the outcome or issues in this litigation.

### III. IF THE COURT DECLINES TO RECONSIDER ITS MAY 16 RULING, LOANDEPOT REQUESTS LEAVE TO FILE A RESPONSIVE BRIEF

In the event the Court denies loanDepot's motion for reconsideration, loanDepot requests leave to respond to CrossCountry's supplemental submission by June 7 (2 weeks after CrossCountry's brief is due, given the intervening Memorial Day holiday weekend and deposition schedule in this case), as well as submit evidence subsequently produced by Defendants, with a brief of no more than 15 pages. Indeed, as the moving party on the preliminary injunction motion, loanDepot should, "for reasons of judicial efficiency and simple fairness" be "afforded the last word on the motion." *Medina v. Hunt*, No. 9:05-CV-1460, 2008 WL 4426748, at *16 n. 95 (N.D.N.Y. Sept. 25, 2008). We thank the Court for its consideration of these requests.

Respectfully submitted,
*/s/ Jessica Pizzutelli*

4879-6802-2373.4 / 114369-1017

---

[1] loanDepot acknowledges that the Court previously held that CrossCountry's single RFP related to loanDepot's "recruitment" of CrossCountry loan officers sought documents relevant to CrossCountry's unclean hands defense. ECF No. 249. This issue was not, however, fully briefed prior to the Court's ruling. And, since then, CrossCountry has abused the Court's narrow ruling, and attempted to leverage it to justify incredibly burdensome discovery, including: (a) 5 non-party subpoenas; (b) 10 additional 30(b)(6) topics; and (c) five (5) additional depositions.