# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190

TELEPHONE: +1.216.586.3939 • FACSIMILE: +1.216.579.0212

May 23, 2023

Direct Number: (216) 586-7221
maplatt@JonesDay.com

<u>VIA ELECTRONIC CASE FILING</u>

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

      Re:    *loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*,
            No. 1:22-cv-05971-LGS (S.D.N.Y.)

Dear Judge Schofield:

      Pursuant to the Court's Rule I.D.3, and the Stipulated Protective Order, Defendant CrossCountry Mortgage, LLC ("CrossCountry") respectfully moves this Court for leave to file certain exhibits or portions of exhibits that are attached to the contemporaneously filed Declaration of Michael A. Platt ("Platt Declaration") under seal. Those exhibits or portions of exhibits support, and are incorporated into, CrossCountry's Supplemental Brief in Opposition to loanDepot.com LLC's Motion for Preliminary Injunction ("Supplemental PI Opposition"), which is being filed today. CrossCountry further seeks leave to file under seal portions of the Supplemental PI Opposition that quote or substantially describe those exhibits, which are discussed below. CrossCountry supports this Motion for Leave to File Under Seal as follows:

      On September 19, 2022, this Court entered Stipulated Protective Order ("Protective Order") (ECF No. 95), permitting the parties to designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" if the document falls within one or more of the following categories: "(1) information prohibited from disclosure by statute; (2) medical information concerning any individual; (3) personal identity information; (4) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and (5) other non-public, proprietary, financial, commercial, personal, or business information of any party or non-party . . . customer and/or prospective customer information with respect to customers or prospective customers of loanDepot or Cross Country and/or compilations of such customer and/or prospective customer information; financial information relating to loanDepot's or CrossCountry's business that is not publicly available or known and that could be of benefit to a competitor; non-public information concerning loanDepot or CrossCountry employees, including, without limitation, information concerning compensation, benefits, incentive plans or agreements, and job performance; and any document that was downloaded from or contains customer information that was downloaded from loanDepot's systems or databases . . . ." (Protective Order ¶¶ 3–4.)

      Further, to the extent any documents produced in this action bear confidentiality designations pursuant to the Protective Order, the Court's Rule I.D.3 provides that "[t]he party with an interest in confidential treatment bears the burden of persuasion. If this party is not the filing party, the party with an interest in confidential treatment shall promptly file a letter on ECF

JONES DAY

May 23, 2023
Page 2

within two business days in support of the motion, explaining why it seeks to have certain documents filed in redacted form or under seal." CrossCountry therefore seeks leave to provisionally file under seal the documents identified below bearing the designations "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," produced by either loanDepot or Individual Defendants, and pursuant to the Protective Order, CrossCountry does not otherwise bear the burden of substantiating the bases for sealing such documents.

Additionally, pursuant ¶ 5(b) of the Protective Order, the deposition transcripts for Mark McGowen and Christopher Butterfield must be treated as HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY for a period of twenty days after the parties' receipt of the final transcripts. That 20-day period has not yet lapsed, and we understand that loanDepot's confidentiality designations as to those deposition transcripts may be forthcoming. CrossCountry therefore seeks leave to provisionally file under seal the excerpts of those transcripts, and pursuant to the Protective Order, CrossCountry does not otherwise bear the burden of substantiating the bases for sealing such excerpts.

**I.  DEPOSITION TRANSCRIPTS AND DOCUMENTS PRODUCED BY LOANDEPOT OR THE INDIVIDUAL DEFENDANTS THAT BEAR CONFIDENTIALITY DESIGNATIONS**

   A.   Exhibit 1: Transcript of the deposition of Christopher Butterfield, who was deposed in this matter on May 4, 2023 (excerpted portions)

   B.   Exhibit 2: Transcript of the deposition of Mark McGowen, who was deposed in this matter on May 3, 2023 (excerpted portions)

   C.   Exhibit 3: INDIVDEF_0005641–55 (including excerpted portions bearing bates numbers INDIVDEF_0005641–44, INDIVDEF_0005648–49, INDIVDEF_0005655)

   D.   Exhibit 5: LoanDepot0015833–36

   E.   Exhibit 6: LoanDepot0015976; LoanDepot0016054–55

   F.   Exhibit 7: LoanDepot0016151–52; LoanDepot0016221–23

   G.   Exhibit 8: LoanDepot0016238–42; LoanDepot0016272–73; LoanDepot0016302–03

   H.   Exhibit 9: LoanDepot0016306–09

   I.   Exhibit 11: LoanDepot0015310; LoanDepot0015318; LoanDepot0015433–36; LoanDepot0015596–99

JONES DAY

May 23, 2023
Page 3

    J.    Exhibit 12:  LoanDepot0015677–80; LoanDepot0015691–94; LoanDepot0015705–06

    K.    Exhibit 15:  LoanDepot006163–67

CrossCountry has also applied minimal redactions to its Supplemental PI Opposition on the basis of the foregoing confidentiality designations applied by other parties to this matter.

## II. DOCUMENTS CROSSCOUNTRY MOVES TO REMAIN UNDER SEAL[1]

    A.    Exhibit 5:

LoanDepot0015837:  These are excerpts from the spreadsheet sent by Christopher Vondra to Jacqui Cardot at loanDepot listing hundreds of CrossCountry borrowers' or prospective borrowers' names and personal contact information taken from CrossCountry's systems, as well as information regarding prior mortgage loans closed by CrossCountry, and further identifies the assigned CrossCountry loan officer for those loans. loanDepot designated the document as "Attorneys' Eyes Only." It should be redacted in its entirety.

    B.    Exhibit 6:

LoanDepot0015977: These are excerpts from the spreadsheet sent by Christopher Vondra to Jacqui Cardot at loanDepot, and which Jacqui Cardot circulated to loanDepot's CRM Marketing distribution list, listing hundreds of CrossCountry borrowers' or prospective borrowers' names and personal contact information taken from CrossCountry's systems. loanDepot designated the document as "Attorneys' Eyes Only." It should be redacted in its entirety.

    C.    Exhibit 7:

        1.    LoanDepot0016155: These are excerpts from the spreadsheet that Chad Ulmer sent from his CrossCountry email address to his personal email address, and then forwarded to his loanDepot email address, listing hundreds CrossCountry borrowers' or prospective borrowers' names and personal contact information. loanDepot designated the document as "Attorneys' Eyes Only." It should be redacted in its entirety.

        2.    LoanDepot0016224, LoanDepot0016226–28: These are excerpts from spreadsheets sent by Chad Ulmer to Manrique Pena, after previously forwarding such contact lists from Chad Ulmer's CrossCountry email address to his personal email address shortly before his resignation, listing

---

[1] To the extent it has not identified any documents or portions of documents it has produced bearing the "CCMNY" Bates numbered prefix, CrossCountry does not affirmatively seek leave to file those documents or portions of documents under seal and has entered those documents or portions of documents into the public record.

JONES DAY

May 23, 2023
Page 4

          hundreds of CrossCountry borrowers' or prospective borrowers' names and personal contact information. loanDepot designated these documents as "Attorneys' Eyes Only." It should be redacted in its entirety.

D. <u>Exhibit 8</u>:

          LoanDepot0016274: These are excerpts from the spreadsheet sent by Chad Ulmer to loanDepot's CRM Marketing distribution list listing hundreds of CrossCountry borrowers' or prospective borrowers' names and personal contact information. loanDepot designated the document as "Attorneys' Eyes Only." It should be redacted in its entirety.

E. <u>Exhibit 10</u>:

    1. CCMNY_00056612–13, CCMNY_00056615, CCMNY_00056617: These are excerpts from the spreadsheets sent by Kirstie Holmes from her CrossCountry email address to her personal email address, shortly prior to her resignation, listing dozens of CrossCountry borrowers' or prospective borrowers' names and personal contact information taken from CrossCountry's systems, as well as information regarding prior mortgage loans closed by CrossCountry, and further identifies the assigned CrossCountry loan officer for those loans. CrossCountry designated the document bearing the bates number CCMNY_00056612 as "Attorneys' Eyes Only," and the spreadsheets bearing the bates numbers CCMNY_00056613, CCMNY_00056615, and CCMNY_00056617 as "Confidential." They should be redacted in their entirety.

    2. CCMNY_00056650: This is an excerpt from the spreadsheet sent by Kirstie Holmes from her CrossCountry email address to her personal email address, shortly prior to her resignation, listing twenty-two CrossCountry borrowers' or prospective borrowers' names and personal contact information taken from CrossCountry's systems, as well as information regarding prior mortgage loans closed by CrossCountry, and further identifies the assigned CrossCountry loan officer for those loans. CrossCountry designated the document as "Attorneys' Eyes Only. It should be redacted in its entirety.

F. <u>Exhibit 12</u>:

    1. CCMNY_00056857: This is an email from CrossCountry to Christopher Vondra's CrossCountry email address informing him that the borrower J.F. had applied for a loan at CrossCountry. It includes the full name of the prospective CrossCountry borrower, his personal contact information, and loan number at CrossCountry. CrossCountry designated the document as "Attorneys' Eyes Only." It should be redacted in its entirety.

JONES DAY

May 23, 2023
Page 5

    2.    CCMNY_00056945: This is an email from CrossCountry to Christopher Vondra's CrossCountry email address informing him that the borrower A.S. had applied for a loan at CrossCountry. It includes the full name of the prospective CrossCountry borrower, her personal contact information, and loan number at CrossCountry. CrossCountry designated the document as "Attorneys' Eyes Only." It should be redacted in its entirety.

    3.    CCMNY_00057022: This is an email from CrossCountry to Christopher Vondra's CrossCountry email address informing him that the borrower K.S. had applied for a loan at CrossCountry. It includes the full name of the prospective CrossCountry borrower, her personal contact information, and loan number at CrossCountry. CrossCountry designated the document as "Confidential." It should be redacted in its entirety.

G.    Exhibit 13:

    1.    LoanDepot0016115–21: This is an email from Manrique Pena's CrossCountry email address to his personal email address, shortly prior to his resignation, forwarding detailed information regarding a CrossCountry borrower's prospective loan at CrossCountry, and which also contains the name and contact information of that non-party. Further, the email attaches the prospective borrower's verification of employment containing additional personal information, phone number and compensation. loanDepot designated the document as "Attorneys' Eyes Only." It should be redacted in its entirety.

    2.    LoanDepot0016122–26 (excerpted document): This is an email from Manrique Pena's CrossCountry email address to his personal email address, shortly prior to his resignation, forwarding detailed information regarding a CrossCountry borrower's prospective loan at CrossCountry, and which also contains the name and contact information of that non-party. Further, the email attaches CrossCountry's letter pre-approving a loan at CrossCountry that also contain information about a prospective loan and additional personal information of the non-party borrower, including the home address. It should be redacted in its entirety.

## ARGUMENT

CrossCountry seeks approval from this Court to file the documents identified in Section II, *supra*, under seal. As an initial matter, all judicial documents have a fundamental presumptive right of public access. *Olson v. Major League Baseball*, 29 F. 4th 59, at 87 (2d Cir. 2022) (citation omitted). In order for a document to meet the threshold question of whether it is a judicial document, it "must be relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Once it finds that any record document is a judicial document, the court "must next determine the particular

May 23, 2023
Page 6

weight of that presumption of access for the record at issue." *Olson*, 29 F. 4th at 87 (citation omitted). Once weight of presumption has been assessed, "the court is required to 'balance competing considerations against it," which include 'the privacy interests of those resisting disclosure.'" *Id.* at 88 (citations omitted); *Rowe v. Google LLC*, No. 19 Civ. 8655 (LGS), 2020 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) (Schofield, J.) (citations omitted).

  All documents identified in Section II, *supra*, have been filed in support of the Supplemental PI Opposition, and therefore are judicial documents. However, given the presence of personal information of non-party borrowers, the remaining factors weigh in favor of granting this motion to seal. As described above, CrossCountry has filed documents reflecting the personal contact information, names, addresses, and certain loan information of its customers taken by loanDepot. *See* Section II, *supra*. The "privacy interests" of "nonparty individuals" who are unnecessary to adjudicate the Supplemental PI Opposition "counsel in favor of continued redaction" of such information under seal. *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, No. 1:19-cv-09910-ER, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (permitting, based on "privacy interests," filing under seal materials that "contain information identifying employees and nonparties, such as names, telephone numbers, and email addresses"); *accord Owen v. Elastos Foundation*, No. 19-CV-5462 (GHW) (BCM), 2023 WL 194607, at *16 (S.D.N.Y. Jan. 11, 2023) (same); *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 Civ. 4352(PKC), 2011 WL 4336679 (S.D.N.Y. Sept. 15, 2011) (granting permission to seal "individual contact information" of nonparties, "such as e-mail addresses, home addresses and phone numbers," because "[s]uch information is not at issue in this dispute and the individuals have a countervailing privacy interest in their non-disclosure").

  While it remains the case, as discussed extensively in CrossCountry's Supplemental PI Opposition, and as admitted in loanDepot's sworn deposition testimony, that basic customer contact information is publicly available and therefore does not constitute a protected trade secret, the thousands of nonparty customers identified in the documents at issue nonetheless have a privacy interest, as recognized by *Falberg*, *Owen*, and *Cohen*, in not having their information contained in judicial documents for litigation that they have no part of, especially where that information is not necessary for deciding the pending preliminary injunction motion.

  Accordingly, CrossCountry respectfully asks this Court to file the documents identified in Section II, *supra*, under seal.

                Respectfully submitted,

                *s/ Michael A. Platt*

                Michael A. Platt

cc: All counsel of record (by ECF)

JONES DAY

May 23, 2023
Page 7

APPENDIX OF PARTIES AND COUNSEL

WHO MAY HAVE ACCESS TO DOCUMENTS FILED UNDER SEAL

- Counsel of Record for loanDepot.com, LLC may have access to the sealed documents.
- Counsel of Record for Individual Defendants may have access to the sealed documents.
- Parties may have access to the sealed documents consistent with the Protective Order in this case.

Application GRANTED. The documents filed at Dkt. Nos. 361, 362-1, 362-2, 362-3, 362-5, 362-6, 362-7, 362-8, 362-9, 362-10 362-11, 362-12, 362-13 and 362-15 will remain sealed, and only the parties, individuals identified in the attached Appendix, and other counsel of record will have access.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Filing the above-referenced documents in redacted form is necessary to prevent the dissemination of the names of non-party customers and related details about the status of their prospective mortgage loans, information that is confidential. The names of those individuals and of specific files relating to them are not material to any issue currently presented in this case, so the privacy interests of those non-parties outweigh the public's right of access at this stage.

No request was made to maintain certain exhibits under seal. The Clerk of Court may lift restrictions on Dkt. Nos. 362-4 and 362-14.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 360.

Dated: May 24, 2023
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE