# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190

TELEPHONE: +1.216.586.3939 • FACSIMILE: +1.216.579.0212

March 10, 2023

Direct Number: (216) 586-7221
maplatt@JonesDay.com

VIA ELECTRONIC CASE FILING

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

   Re: *loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*,
     No. 1:22-cv-05971-LGS (S.D.N.Y.)

Dear Judge Schofield:

  Pursuant to the Court's Rule I.D.3, and the Stipulated Protective Order, Defendant CrossCountry Mortgage, LLC ("CrossCountry") respectfully moves this Court for leave to file certain exhibits or portions of exhibits that are attached to the contemporaneously filed Declaration of Michael A. Platt, Esq. ("Platt Declaration") under seal. Those exhibits or portions of exhibits attached to the Platt Declaration are submitted and incorporated into CrossCountry's Opposition to loanDepot.com LLC's Motion for Preliminary Injunction ("PI Opposition"). CrossCountry further seeks leave to file under seal portions of the PI Opposition that quote or substantially describe the below-referenced exhibits. CrossCountry supports this Motion for Leave to File Under Seal as follows:

  On September 19, 2022, this Court entered Stipulated Protective Order ("SPO") (ECF No. 95), permitting the parties to designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" if the document falls within one or more of the following categories: "(1) information prohibited from disclosure by statute; (2) medical information concerning any individual; (3) personal identity information; (4) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and (5) other non-public, proprietary, financial, commercial, personal, or business information of any party or non-party . . . customer and/or prospective customer information with respect to customers or prospective customers of loanDepot or Cross Country and/or compilations of such customer and/or prospective customer information; financial information relating to loanDepot's or CrossCountry's business that is not publicly available or known and that could be of benefit to a competitor; non-public information concerning loanDepot or CrossCountry employees, including, without limitation, information concerning compensation, benefits, incentive plans or agreements, and job performance; and any document that was downloaded from or contains customer information that was downloaded from loanDepot's systems or databases . . . ." (SPO, ¶¶ 3–4.)

  Further, to the extent any documents produced in this action bear confidentiality designations pursuant to the SPO, the Court's Rule I.D.3 provides that "[t]he party with an interest in confidential treatment bears the burden of persuasion. If this party is not the filing party, the party with an interest in confidential treatment shall promptly file a letter on ECF

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

March 10, 2023
Page 2

within two business days in support of the motion, explaining why it seeks to have certain documents filed in redacted form or under seal." CrossCountry therefore seeks leave to provisionally file under seal the documents identified below bearing the designations "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," produced by either loanDepot or Individual Defendants, and pursuant to the SPO, CrossCountry does not otherwise bear the burden of substantiating the bases for sealing such documents.

**I.  DOCUMENTS PRODUCED BY LOANDEPOT OR INDIVIDUAL DEFENDANTS BEARING CONFIDENTIALITY DESIGNATION**

A.  Exhibit 1:  LoanDepot0000574; LoanDepot0003093 (excerpted portions bearing bates numbers LoanDepot0003140–41, LoanDepot0003147

B.  Exhibit 5:  INDIVDEF_0005641 (including excerpted portions bearing bates numbers INDIVDEF_0005643, INDIVDEF_0005648–49, INDIVDEF_0005657)

C.  Exhibit 6:  INDIVDEF_0007799–800; INDIVDEF_0007803–804

CrossCountry has also applied minimal redactions to its PI Opposition on the basis of the foregoing confidentiality designations applied by other parties to this matter.

**II.  DOCUMENTS CROSSCOUNTRY MOVES TO REMAIN UNDER SEAL[1]**

A.  Exhibit 7:

1.  CCMNY_00056612 (excerpted spreadsheet):  This excerpt from the spreadsheet sent by Kirstie Holmes to her personal email address, shortly prior to her resignation, lists dozens of non-party borrower or prospective borrowers names and personal contact information, as well as information regarding prior closed loans, and further identifies the assigned CrossCountry loan officer to those loans.  CrossCountry designated this document "Attorneys' Eyes Only."  It should be redacted in its entirety.

2.  CCMNY_0056702–05, CCMNY_0056720 (excerpted document):  This is an email from Manrique Pena's CrossCountry email address to his personal email address, shortly prior to his resignation, forwarding detailed information regarding a non-party borrower's prospective loan at CrossCountry, and which also contains the name and contact information of that non-party.  Further, the email attaches CrossCountry's letter pre-approving a loan at CrossCountry that also contain information about a prospective loan and additional personal information of the non-party

---

[1] To the extent it has not identified any documents it has produced bearing the "CCMNY_" Bates numbered prefix, CrossCountry does not affirmatively seek leave to file those documents under seal and has entered such documents into the public record.

March 10, 2023
Page 3

      borrower, including name and home address. It should be redacted in its entirety.

3. CCMNY_0056759–60 (excerpted document): This is an email exchange between Steve Rennie, a loanDepot Business Development Director, and Chad Ulmer, who did not resign from CrossCountry until months later, forwarding an email thread with a prospective CrossCountry borrower and requesting a referral of that borrower to loanDepot. It includes the last name of the prospective borrower and information on their potential loan at CrossCountry, as well as the loan rate offered by loanDepot for this prospective CrossCountry borrower. It should be redacted in its entirety.

4. CCMNY_00056774 (excerpted spreadsheet): This excerpt of a spreadsheet sent by Chad Ulmer to his personal email address shortly before his resignation contains 1,629 contacts consisting of past CrossCountry customers and loan referral sources. The spreadsheet contains the names of non-party borrowers, their personal email addresses, and phone numbers. It should be redacted in its entirety.

## ARGUMENT

CrossCountry seeks approval from this Court to file the documents identified in Section II, *supra*, under seal. As an initial matter, all judicial documents have a fundamental presumptive right of public access. *Olson v. Major League Baseball*, 29 F. 4th 59, at 87 (2d Cir. 2022) (citation omitted). In order for a document to meet the threshold question of whether it is a judicial document, it "must be relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Once it finds that any record document is a judicial document, the court "must next determine the particular weight of that presumption of access for the record at issue." *Olson*, 29 F. 4th at 87 (citation omitted). Once weight of presumption has been assessed, "the court is required to 'balance competing considerations against it," which include 'the privacy interests of those resisting disclosure.'" *Id.*, at 88 (citations omitted); *Rowe v. Google LLC*, No. 19 Civ. 8655 (LGS), 2020 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) (Schofield, J.) (citations omitted).

All documents identified in Section II, *supra*, have been filed in support of the PI Opposition, and therefore are judicial documents. However, given the presence of personal information of non-party borrowers, the remaining factors weigh in favor of granting this motion to seal. As described above, CrossCountry has filed documents reflecting the personal contact information, names, addresses, and certain loan information of its customers stolen by loanDepot. *See* Section II, *supra*. The "privacy interests" of "nonparty individuals" who are unnecessary to adjudicate the PI Opposition "counsel in favor of continued redaction" of such information under seal. *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, No. 1:19-cv-09910-ER, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (permitting, based on "privacy interests," filing under seal materials that "contain information identifying

JONES DAY

March 10, 2023
Page 4

employees and nonparties, such as names, telephone numbers, and email addresses"); *accord Owen v. Elastos Foundation*, No. 19-CV-5462 (GHW) (BCM), 2023 WL 194607, at *16 (S.D.N.Y. Jan. 11, 2023) (same); *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 Civ. 4352(PKC), 2011 WL 4336679 (S.D.N.Y. Sept. 15, 2011) (granting permission to seal "individual contact information" of nonparties, "such as e-mail addresses, home addresses and phone numbers," because "[s]uch information is not at issue in this dispute and the individuals have a countervailing privacy interest in their non-disclosure").

While it remains the case, as discussed extensively in CrossCountry's PI Opposition, that basic customer contact information does not constitute a protected trade secret, the thousands of nonparty customers identified in the documents at issue nonetheless have a privacy interest, as recognized by *Falberg*, *Owen*, and *Cohen*, in not having their information contained in judicial documents for litigation that they have no part of, especially where that information is not necessary for deciding the pending preliminary injunction motion.

Accordingly, CrossCountry respectfully asks this Court to file the documents identified in Section II, *supra*, under seal.

Respectfully submitted,

s/ Michael A. Platt

Michael A. Platt

*[Signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Application GRANTED in part and DENIED in part without prejudice to renewal.  "The common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  The documents that Defendant describes in Section I of its letter motion (those "produced by loanDepot or Individual Defendants") appear to encompass discovery material that was designated confidential by the parties.  The parties' confidentiality designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations, such as the need to protect competitively sensitive information.  Plaintiff and Individual Defendants may file a request to maintain these documents under seal by **June 9, 2023**, with an explanation of the basis for the request that is sufficient under Second Circuit case law.

The documents that Defendant describes in Section II of its letter motion consist of client information.  Filing these documents in redacted form is necessary to prevent the dissemination of the identities of non-party customers.  The identities of those individuals are not material to any issue currently presented in this case, so the privacy interests of those non-parties outweigh the public's right of access at this stage.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 276.  The Clerk of Court is respectfully directed to maintain all currently sealed documents under seal pending a possible renewed motion to seal by Plaintiff and Individual Defendants.  Consistent with this Order, Defendants shall file the memorandum of law at Dkt. 282 and Exhibit 7 at Dkt. 283 in redacted form by **June 9, 2023**.

Dated: June 6, 2023
New York, New York