

321 N. Clark Street
Suite 1600
Chicago, IL  60654
Tel 312.517.9200  Fax 312.517.9201
www.foxrothschild.com

JEFFREY L. WIDMAN
Direct No: 312.980.3807
Email: JWidman@Foxrothschild.com

March 10, 2023

**VIA ECF**

Hon. Lorna G. Schofield
U.S. District Court, Southern District of N.Y.
40 Foley Square, Courtroom 1106
New York, New York 10007

**Re:**   **loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.,**
        **No. 1:22-cv-05971-LGS**
        **Individual Defendants' Motion for Leave to File Under Seal**

Dear Judge Schofield:

The Individual Defendants, by and through their attorneys, Fox Rothschild LLP, respectfully move this Court pursuant to the Court's Rule I.D.3 and the Stipulated Protective Order in this action (Doc. No. 95), for leave to file under seal certain exhibits or portions of exhibits that are attached to the contemporaneously filed Declarations in support of the Individual Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction (the "PI Opposition"). The Individual Defendants additionally seek leave to file under seal those portions of the PI Opposition and Declarations that quote or substantively reference any of the below-referenced exhibits.

In support of this Motion for Leave to File Under Seal, the Individual Defendants state as follows:

On September 19, 2022, this Court entered a Stipulated Protective Order (Doc. No. 44), permitting the parties to designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the document falls within one or more categories specified in the order. Individual Rule I.D.3 further provides: "The party with an interest in confidential treatment bears the burden of persuasion. If this party is not the filing party, the party with an interest in confidential treatment shall promptly file a letter on ECF within two business days in support of the motion, explaining why it seeks to have certain documents filed in redacted form or under seal."

143557436.2



Hon. Lorna G. Schofield
March 10, 2023
Page 2

**I.   DOCUMENTS MARKED CONFIDENTIAL OR HIGHLY CONFIDENTIAL BY LOANDEPOT OR THAT LOANDEPOT OTHERWISE MAY HAVE SUCH INTEREST IN REMAINING UNDER SEAL, ON WHICH LOANDEPOT BEARS THE BURDEN.**

**Declaration of Jeffrey L. Widman:**

- Exhibit 1:

    LoanDepot0001874-75, 83
    LoanDepot0001911-12, 20
    LoanDepot0003034, 40, 43

- Exhibit 2:

    LoanDepot0002010-11, 19
    LoanDepot0003063-64, 73
    LoanDepot0005422-23, 30

- Exhibit 3:

    LoanDepot0005831-32, 40
    LoanDepot0005857-58, 65
    LoanDepot0005978-79, 87

- Exhibit 4:

    LoanDepot0006036-37, 45
    LoanDepot0006142-43; 51.

- Exhibit 5:

    INDIVDEF_0005452-53; 69

- Exhibit 6:

    INDIVDEF_0026535-37
    INDIVDEF_0026543
    INDIVDEF_0026539-42



Hon. Lorna G. Schofield
March 10, 2023
Page 3

**Declaration of Barry S. Koven:**

- Exhibit 1:

  LoanDepot0001848-49; 57

- Exhibit 2:

  INDIVDEF_0026545-47

**Declaration of Scott D. Bonora**

- Exhibit 1


## II.   DOCUMENTS WHICH THE INDIVIDUAL DEFENDANTS MOVE TO REMAIN UNDER SEAL

The following documents contain sensitive customer information. The Individual Defendants requests that these documents to be filed under seal (and/or redacted), as set forth below.

**Declaration of Jeffrey L. Widman:**

- Exhibit 6


  Pages 4-5 (INDIVDEF_0026523) [native with bates-label and document excerpt). This document contains customer information, including customer contact information. The Individual Defendants designated this document "CONFIDENTIAL."

**Declaration of Barry S. Koven**

- Exhibit 2

  Pages 4-5 (INDIVDEF_0026544 [native with bates-label indicated and document excerpt). This document contains customer information, including customer contact information. The Individual Defendants designated this document "CONFIDENTIAL."



Hon. Lorna G. Schofield
March 10, 2023
Page 4

**Declaration of Stuart J. Kolinsky**

- Exhibit 1

  Pages 1-4 (INDIVDEF_0026548; INDIVDEF_0026552; INDIVDEF_0026549 [native with bates-label indicated and document excerpt). These pages relate to and contain customer contact information. The Individual Defendants designated these documents "CONFIDENTIAL."

## ARGUMENT

This Court should allow the documents set forth herein to be filed under seal or with redactions proposed by the Individual Defendants. A three-step inquiry exists to determine whether the particular documents should be withheld from public view. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Initially, the Court must determine whether the document in question is a "judicial document," i.e., a document that is "relevant to the performance of the judicial function and useful in the judicial process." A presumption of public access applies if the Court finds that the document is a judicial document. *Id.* at 119. Next, the Court "must determine the weight of that presumption." *Id.* Lastly, after determining the weight of the presumption of access, the court must "balance competing considerations against it." Such "countervailing factors" include, among other things, "the privacy interests of those resisting disclosure." *Id.* at 120.

Here, the documents are "judicial documents" because they are submitted in support of the PI Opposition. However, the remaining facts in the *Lugosch* analysis are in favor of granting the Individual Defendants' motion to file under seal.

The Individual Defendants seek to maintain under seal information related to customers' identities, contact, and other customer information, as designated in Section II. Federal law requires the Individual Defendants to protect customer information. *See* 15 U.S.C. §§ 6801-6809. Under the Lugosch test, the privacy interests of non-parties in maintaining "customer names" and other related customer information overcomes the presumption in favor of public access. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015). The public interest is not served by revealing the names and other information relating to individual customers, and any such interest would be far outweighed by the privacy interests of non-party individuals. As such, the Individual Defendants request that this information remain under seal.



Hon. Lorna G. Schofield
March 10, 2023
Page 5

Respectfully submitted,

Jeffrey Widman
cc:    All Counsel of Record


APPENDIX OF PARTIES AND ATTORNEYS WHO MAY HAVE ACCESS TO SEALED
DOCUMENTS

Counsel of Record for loanDepot may have access to the sealed documents.
Counsel of Record for CrossCountry Mortgage may have access to the sealed documents.
Parties may have access to the sealed documents consistent with the Protective Order in this case.


Application GRANTED in part and DENIED in part without prejudice to renewal.  "The common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns.*, Inc., 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  The documents that Defendants describe in Section I of their letter motion (those "marked confidential or highly confidential by loanDepot") appear to encompass discovery material that was designated confidential by the parties.  The parties' confidentiality designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations, such as the need to protect competitively sensitive information.  Plaintiff may file a request to maintain these documents under seal by June 9, 2023, with an explanation of the basis for the request that is sufficient under Second Circuit case law.

Most of the documents that Defendants describe in Section II of their letter motion consist of client information.  Filing these documents in redacted form is necessary to prevent the dissemination of the identities of non-party customers, which Defendants keep confidential.  The identities of those individuals are not material to any issue currently presented in this case, so the privacy interests of those non-parties outweigh the public's right of access at this stage.  However, pages 1 and 2 of Dkt. 273-1 do not contain client identifying information, and do not outweigh the public's right of access.  Those pages may not be filed in redacted form.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 267. The Clerk of Court is respectfully directed to maintain all currently sealed documents under seal pending a possible renewed motion to seal by Plaintiff.  Consistent with this Order, Defendants shall file the memorandum of law at Dkt. 269; Exhibit 6 at Dkt. 271; Exhibit 1 at Dkt. 273 and Exhibit 2 at Dkt. 274 in redacted form by June 9, 2023.

Dated: June 6, 2023
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE