# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **loanDepot.com, LLC** | |
| Plaintiff, | Case No. 1:22-cv-05971-AS |
| vs. | **ECF Case** |
| **CROSSCOUNTRY MORTGAGE, LLC, STANISLAV ALESHIN, KEISHA ANTOINE, ANTHONY AYALA, SCOTT BONORA, FAHEEM HOSSAIN, STUART KOLINSKY, BARRY KOVEN, DANIEL KWIATKOWSKI, JAROSLAW KWIATKOWSKI, YUSHENG LIU, ROBERT LONDON, ENRICO MARTINO, DANIEL MEIDAN, SCOTT NADLER, GIOVANNI NARVAEZ, DAVID OSTROWSKY, EMELINE RAMOS, ROBERT RAUSH, RAFAEL REYES, MICHAEL SECOR, LLEWELLYN TEJADA, ILYA VAYSBERG, ERIKA VIGNOLA, and YAN ZHENG** | |
| Defendants. | |

**INDIVIDUAL DEFENDANTS'**
**SUR-REPLY IN OPPOSITION TO LOANDEPOT'S MOTION TO COMPEL**
**ARBITRATION OF COUNTERCLAIMS**

Individual Defendants Scott Bonora ("Bonora"), Emeline Ramos ("Ramos"), Anthony Ayala ("Ayala"), Ilya Vaysberg ("Vaysberg"), and Faheem Hossain ("Hossain") (collectively the "Individual Defendants[1]"), by their attorneys, state the following as their sur-reply in opposition to the motion by Plaintiff LoanDepot.com, LLC ("loanDepot") or ("Plaintiff") to compel arbitration:

---

[1] For purposes of this Response, the term "Individual Defendants" is limited to only Defendants Bonora, Ramos, Ayala, Vaysberg, and Hossain.

In its Reply Memorandum of Law in Support of Motion to Compel Arbitration of Counterclaims, loanDepot makes two demonstrably false statements. While the Individual Defendants would normally address these falsehoods at oral argument, they are compelled to set the record set straight in writing given the severity of the misrepresentations.

**<u>Falsehood #1:</u>**

"loanDepot has time and again asserted and maintained its right to arbitration and emphasized its intent to proceed before JAMS **on all final remedies** against Individual Defendants." (Doc. No. 409, Plaintiff's Reply Memorandum, at p. 2) (emphasis added)

**<u>Reality:</u>**

From the start, loanDepot has sought the final remedy of permanent injunctive relief against the Individual Defendants. (*See* Doc. 118, the Amended Complaint, at ¶ 17, (seeking "preliminary and permanent injunctive relief"); *id.* at Counts I, II, IV, V, VI seeking "[i]njunctive" relief generally and lacking any specificity that such injunctive relief sought is limited to preliminary injunctive relief). In fact, in the Declaration of Jessica F. Pizzutelli, Esq. (Doc. No. 410 at ¶ 4), loanDepot's counsel concedes this point, stating: "In the Amended Complaint, Plaintiff asserted, for the first time, claims against Ayala, Vaysberg, and Hossain, and repleaded its claims against remaining Defendants. *Id.* The Amended Complaint states that **Plaintiff seeks injunctive relief as to all Defendants** . . . ." Indeed, it does. And given that the relief sought in the Amended Complaint is not limited to preliminary injunctive relief, that would explain loanDepot's ongoing regular discovery efforts against the Individual Defendants.[2]

---

[2] While loanDepot's Amended Complaint contains limited language relating to a distinction between "preliminary" and "permanent" injunctive relief sought (e.g. Prayer for Relief at ¶ 1, 4), as well as a brief footnote to ¶ 17, this limited language does not negate the fact that loanDepot's claims against the Individual Defendant seek "injunctive" relief generally (Doc. 118 at Counts I, II, IV, V, VI.), and loanDepot has sought significant discovery against the Individual Defendants unrelated to its request for a preliminary injunction (Doc. No. 404 at ¶ 4, Ex. A).

loanDepot engages in a bit of pretzel logic, twisting itself into an illogical argument to explain this conduct away. It contends that the discovery it conducted against the so-called "Arbitrating Defendants" would be discoverable regardless of the forum: "Discovery taken to date against the Arbitrating Defendants would be discoverable regardless of the forum: Individual Defendants are CrossCountry employees, and all core witnesses to loanDepot's claims against CrossCountry and the other Non-Arbitrating Defendants." (Doc No. 409 at p. 4). While that may be true, loanDepot did not file its Arbitration Demand until last week, after more than a year of litigation and costly discovery. (Doc. No. 410 at ¶ 19).

This inconvenient fact has put loanDepot in a bind. It is axiomatic that it cannot seek an ultimate determination on liability against the Individual Defendants in both this court *and* before an arbitration tribunal. As a matter of law, permanent injunctive relief requires a final judgment on liability. *See, e.g., Masefield AG v. Colonial Oil Indus.*, 2005 WL 2105542, at *7 (S.D.N.Y. Sept. 1, 2005) (citations omitted) ("[A] permanent injunction is not automatically born from a preliminary injunction, as the former requires a greater showing, namely actual success on the merits."). And having two competing tribunals making liability determinations leads to "absurd results." *See GateGuard, Inc. v. MVI Sys. LLC*, 19 Civ. 2472 (JPC), 2021 WL 4443256, at *8 (S.D.N.Y. Sept. 28, 2021) (if a "Court would have jurisdiction over the equitable remedy, but an arbitrator would have authority over the legal remedy[,] [t]hat would make no sense, as these dual tracks could yield differing results for the *same* claim"). Allowing loanDepot to simultaneously proceed in this litigation and in arbitration would fly in the face of well-established principles respecting the preclusive effects of final decisions on the

3

merits.[3] Regardless, loanDepot cannot now change tack and alter the relief it seeks after vigorously litigating to obtain it through expansive and protracted discovery. Instead, loanDepot has long intended for this Court to rule on the Individual Defendants' liability, and "[h]aving made this choice, it has no right under the agreements to abandon this litigation and start afresh with arbitration." *Satcom Int'l Grp. PLC v. Orbcomm Int'l Partners, L.P.*, 49 F. Supp. 2d 331, 338-39 (S.D.N.Y. 1999) (denying arbitration); *see also Superior Edge, Inc. v. Monsanto Co.*, 964 F. Supp. 2d 1017, 1048-49 (D. Minn. 2013) (citations omitted) ("[Plaintiff seeks judicial relief as an alternative to any relief it may obtain in arbitration . . . . By invoking the judicial process to decide key issues that underlie its arbitrable claims, [plaintiff] has acted inconsistently with its right to arbitrate."). Incidentally, it is no coincidence that the arbitration to which loanDepot references as being filed (Doc. No. 410 at ¶ 19; Doc. 409 at n.2, p.3)[4] was, in fact, filed on the exact same day as its Reply brief.

**Falsehood #2:**

"loanDepot is seeking damages from the Non-Arbitrating Defendants. ***McGowen did not testify that loanDepot seeks damages from the Arbitrating Defendants in Court***. . ." (Doc. No. 409 at p. 5) (emphasis added).

**Reality:**

loanDepot's 30(b)(6) witness, Mark McGowen, clearly and unequivocally testified under oath that loanDepot seeks damages against **any** Individual Defendant, not just those that were subject

---

[3] Courts regularly refuse to rule on claims "when they involve common issues of fact and law with those subject to arbitration, or when the arbitration is likely to dispose of issues common to claims against both arbitrating and non-arbitrating defendants." *Moore v. Interacciones Glob., Inc.*, No. 94-CV-4789, 1995 WL 33650, at *7 (S.D.N.Y. Jan. 27, 1995) (collecting cases). That is "because the prior litigation or arbitration is likely to have preclusive effect over some or all of the claims not subject to arbitration." *Winter Investors, LLC v. Panzer*, No. 14 Civ. 6852(KPF), 2015 WL 5052563, at *11(S.D.N.Y. Aug. 27, 2015) (quoting *Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005)) ("An arbitration decision may effect collateral estoppel in a later litigation or arbitration if the proponent can show with clarity and certainty that the same issues were resolved.").

[4] "As of **today's date**, Plaintiff has now filed its arbitration demand against all Arbitration Defendants. . . ." (Doc. No. 410, at ¶ 19) (emphasis added).

4

to arbitration agreements. As loanDepot states, "context is key." And McGowen's testimony came in response to specific questions relating to Scott Bonora, one of the Individual Defendants who did, in fact, sign an arbitration agreement:

> Q. you specifically referenced Bonora soliciting the other employees, right?
> A. It's hypothetical.
> Q. Okay.
> A. If we can prove that any of these people solicited somebody else to go there and they went there.
> Q. You want to recover damages against those individuals?
> A. Well, either the individuals or the company.

(Doc. No. 404-5 at 327: 1-11 (Mark McGowen deposition testimony)).

## **CONCLUSION**

loanDepot does not—because it cannot—deny that it sought regular discovery against the Individual Defendants in this litigation. Nor can it deny that it seeks permanent injunctive relief against the Individual Defendants in this litigation. It is simply not possible to split a single unitary cause of action against a defendant into different forms of relief to seek part of the relief in litigation and the other part in arbitration. Simply put, it is illogical to suggest that two different tribunals—one in arbitration and the other in litigation—can each independently decide liability on the same cause of action against the same defendant. This is simply an artful and self-serving way to try to dodge the reality that loanDepot has waived arbitration. As such, the Court should deny loanDepot's motion to compel arbitration.

| | |
|---|---|
| Dated: October 25, 2023 | FOX ROTHSCHILD LLP |
| | By: */s/ JEFFREY L. WIDMAN* |
| | Jeffrey L. Widman<br>Alexandria A. Rhoades<br>321 N. Clark Street, Suite 1600<br>Chicago, IL 60654<br>(312) 980-3807<br>jwidman@foxrothschild.com;<br>arhoades@foxrothschild.com |
| | Mitchell Berns<br>101 Park Avenue<br>New York, NY 10178<br>(212) 878-7900<br>mberns@foxrothschild.com |
| | *Attorneys for the Individual Defendants* |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on October 25, 2023, he caused a copy of the foregoing to be served on all counsel of record via the Court's ECF system.

*/s/ Jeffrey L Widman*
Jeffrey L. Widman

6

150817584.1