

**Littler Mendelson, P.C.**
375 Woodcliff Drive
Suite 2D
Fairport, NY 14450

Jessica F. Pizzutelli
585.203.3403 direct
585.203.3400 main
585.486.1605 fax
jpizzutelli@littler.com

January 12, 2024

**VIA ECF**
Hon. Sarah L. Cave
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, New York 10007-1312

Re:   *loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*, **No. 22-cv-05971-LGS-SLC**
      Joint Status Letter

Dear Judge Cave:

Pursuant to Dkt. No. 425, the parties submit this joint letter setting forth what fact discovery remains outstanding, including: (i) categories of party documents, (ii) party depositions, and (iii) non-party discovery.

loanDepot report:

Party Documents: Now that the Court has ruled on loanDepot's motion to dismiss, loanDepot believes it requires additional limited discovery from Defendants CrossCountry and Kolinsky regarding their few surviving counterclaims. In addition, Defendants' document productions appear to be deficient. The deficiencies relate to the counterclaims and loanDepot's affirmative claims. loanDepot believes that there are deficiencies regarding, among other things: internal communications within CrossCountry relevant to loanDepot's claims; CrossCountry's production of financial data; CrossCountry's production in response to the Court's order at Dkt. 346; Kolinsky's document production in response to Dkt. 337; and loanDepot's Second Set of RFPs directed to Kolinsky. loanDepot will meet and confer with counsel for Defendants to discuss these and other deficiencies.

Depositions: loanDepot still needs to depose Individual Defendant and CrossCountry employee, Robert Raush, and CrossCountry employees Barry Koven and Rafael Reyes. loanDepot also intends to renew its request to depose Ron Leonhardt.

Non-Party Discovery: The parties still need to complete expert discovery.

CrossCountry report:

Party Documents: loanDepot's document production appears to be deficient with respect to documents relating to CrossCountry's counterclaims under the Lanham Act and related state-law claims (as to which the Court recently denied loanDepot's motion to dismiss), and relating to

Hon. Sarah L Cave
January 12, 2023
Page 2

CrossCountry's affirmative defenses. CrossCountry intends to meet and confer with loanDepot regarding those deficiencies (which discussion will also implicate a remaining issue regarding a Rule 30(b)(6) topic that remains unresolved). Additionally, prior to the stay, loanDepot's corporate designee gave deposition testimony that CrossCountry believes necessitates certain limited additional document discovery. CrossCountry intends to serve those limited discovery requests by the end of next week.

Depositions: CrossCountry has taken two fact depositions, and has yet to take the depositions of loanDepot employees Fallon Fahrendorf, Mike Brown, and Shane Stanton, each of whom will be deposed on certain specified Rule 30(b)(6) topics as well as in their personal capacities. In accordance with the Court's Order of November 6, 2023, CrossCountry also must elect to depose one of Chad Ulmer, Christopher Vondra, or Steve Rennie, limited to two hours of record time. Of those three, loanDepot has represented to the Court that Messrs. Ulmer and Vondra are no longer employed by loanDepot; therefore, CrossCountry's election to depose either of those two appears as if it will require issuance of a non-party subpoena. As to two additional deponents noticed by CrossCountry—Melanie Salloum, Raymond Calderon—loanDepot informed CrossCountry before the stay of this action that those two deponents are no longer loanDepot employees and that one of those deponents now lives overseas. Now that the stay is lifted, CrossCountry is considering non-party subpoenas for those depositions, and will meet and confer with loanDepot as necessary. CrossCountry further reserves the right to revisit its previously-noticed deposition of Jeff Walsh.

Non-Party Documents: Pursuant to the Court's November 6, 2023 Order, loanDepot is required to produce certain documents in response to five non-party subpoenas—including for Messrs. Ulmer and Vondra—for whom loanDepot's counsel accepted service. loanDepot's counsel has represented that they intend to produce those documents by the end of this month. CrossCountry has notified loanDepot that it will need to review those documents in order to make its election as to whether to depose Messr. Ulmer, Vondra, or Rennie.

Individual Defendants' report:

Documents: loanDepot's document production appears to be deficient with respect to documents relating to Kolinsky's Counterclaims, documents sent by the Individual Defendants to loanDepot when they joined loanDepot, and documents relating to the Individual Defendants' affirmative defenses. The Individual Defendants intend to meet and confer with loanDepot regarding these potential remaining document productions.

Depositions: The Individual Defendants have noticed the following remaining depositions that they intend to take in this action for deponents in their individual capacity: Kathy Lane, Melanie Salloum, Shane Stanton, and Tom Fidler. As to Melanie Salloum, loanDepot has informed the Individual Defendants before the stay that she is no longer employed at loanDepot and as such the Individual Defendants are considering a non-party subpoena for her deposition and will meet and confer with loanDepot as necessary.

Hon. Sarah L Cave
January 12, 2023
Page 3

      The Individual Defendants have yet to take the depositions of the following loanDepot employees on certain specified Rule 30(b)(6) topics: Fallon Fahrendorf, Mike Brown, and Shane Stanton. The Individual Defendants have also noticed 30(b)(6) topics for which loanDepot has not indicated who it will make available for a deposition including topics concerning loanDepot's policies related to the transfer of contact information from Mortgage Master's systems to loanDepot's systems, information concerning revisions to loanDepot's employment agreements, and information related to Individual Defendant Kolinsky's Counterclaims. The Individual Defendants intend to meet and confer with loanDepot as necessary for these 30(b)(6) topics.

Sincerely,

*/s/ Jessica F. Pizzutelli*

Jessica F. Pizzutelli

cc:    All Attorneys of Record Via CM/ECF
4860-4443-3052.3 / 114369-1017