UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOANDEPOT.COM, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> CROSSCOUNTRY MORTGAGE, LLC, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-05971-AS-SLC <br><br> **ECF CASE** |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANT STUART KOLINSKY'S AMENDED COUNTERCLAIMS**

Plaintiff loanDepot.com, LLC ("Plaintiff" or "loanDepot"), by and through its attorneys, Littler Mendelson, P.C., for its Answer and Affirmative Defenses to Defendant Stuart Kolinsky's ("Kolinsky") Amended Counterclaims, ECF No. 238, pleads and states as follows:

### RESPONSE TO "INTRODUCTION"

1. The allegations in Paragraph 1 are conclusions of law that do not require a response. To the extent a response is required, denied.

2. loanDepot admits the allegations in Paragraph 2.

3. The allegations in Paragraph 3 are conclusions of law that do not require a response. To the extent a response is required, Kolinsky's contracts with loanDepot speak for themselves. Otherwise, the allegations in this Paragraph are denied.

4. loanDepot denies the allegations in Paragraph 4.

5. loanDepot denies the allegations in Paragraph 5.

6. loanDepot denies the allegations in Paragraph 6.

### RESPONSE TO "PARTIES"

7. loanDepot lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7.

8. loanDepot admits the allegations in Paragraph 8.

### RESPONSE TO "JURISDICTION AND VENUE"

9. The allegations in Paragraph 9 are conclusions of law that do not require a response.

10. The allegations in Paragraph 10 are conclusions of law that do not require a response.

### RESPONSE TO "BACKGROUND FACTS"

11. loanDepot admits that Kolinsky resigned from loanDepot on April 29, 2022, but denies the remaining allegations in Paragraph 11.

12. loanDepot admits the allegations in Paragraph 12.

13. loanDepot admits that Kolinsky and loanDepot entered into valid and enforceable agreements, however loanDepot lacks sufficient knowledge or information as to what "Employment Agreement" Kolinsky refers, as this term is not defined in Kolinsky's Amended Counterclaims.

14. loanDepot admits that, as a loan consultant, Kolinsky was responsible for, among other things, brokering mortgage loans, however loanDepot lacks sufficient knowledge or information as to what "Employment Agreement" Kolinsky refers, as this term is not defined in Kolinsky's Amended Counterclaims. Kolinsky's agreements with loanDepot speak for themselves, and loanDepot denies any characterization inconsistent with the referenced agreement.

15. loanDepot states that the document referenced in Paragraph 15 speaks for itself and loanDepot denies any characterization inconsistent with that document.

16. loanDepot lacks sufficient knowledge or information as to what "Employment Agreement" Kolinsky refers, as that term is not defined in Kolinsky's Amended Counterclaims. Kolinsky's agreements with loanDepot speak for themselves, and loanDepot denies any characterization inconsistent with the referenced agreement.

17. loanDepot denies the allegations in Paragraph 17.

18. loanDepot denies knowledge or information sufficient to admit or deny the allegations in Paragraph 18.

19. loanDepot denies knowledge or information sufficient to admit or deny the allegations in Paragraph 19.

20. loanDepot denies knowledge or information sufficient to admit or deny the allegations in Paragraph 20.

21. loanDepot denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 21.

22. loanDepot denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 22.

23. loanDepot admits that Kolinsky told Mark McGowen ("McGowen") about certain loan applications that were still in process as of the date of his separation from employment, but denies the remaining allegations in Paragraph 23.

24. loanDepot admits that McGowen advised Kolinsky that loanDepot was in communication with First National Bank of Long Island regarding certain loan applications that were still in process as of the date of his separation from employment, but denies the remaining allegations in Paragraph 24.

25. loanDepot denies the allegations in Paragraph 25.

26. loanDepot denies the allegations in Paragraph 26.

### RESPONSE TO "COUNT I – BREACH OF CONTRACT"

27. loanDepot repeats and realleges each of the foregoing Paragraphs as if fully set forth herein.

28. loanDepot admits that Kolinsky and loanDepot entered into valid and enforceable agreements, however loanDepot lacks sufficient knowledge or information as to what "Employment

Agreement" Kolinsky refers, as this term is not defined in Kolinsky's Amended Counterclaims.

29. loanDepot denies the allegations in Paragraph 29.

30. loanDepot denies the allegations in Paragraph 30.

31. loanDepot denies the allegations in Paragraph 31.

32. loanDepot denies the allegations in Paragraph 32.

**RESPONSE TO "COUNT II – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING"**

33. loanDepot repeats and realleges each of the foregoing Paragraphs as if fully set forth herein.

34. loanDepot admits that Kolinsky and loanDepot entered into valid and enforceable agreements, however loanDepot lacks sufficient knowledge or information as to what "Employment Agreement" Kolinsky refers, as this term is not defined in Kolinsky's Amended Counterclaims. loanDepot denies that Kolinsky "fully complied with his obligations and duties thereunder."

35. The allegations in Paragraph 35 are conclusions of law that do not require a response. Further, loanDepot lacks sufficient knowledge or information as to what "Employment Agreement" Kolinsky refers, as this term is not defined in Kolinsky's Amended Counterclaims.

36. The allegations in Paragraph 36 are conclusions of law that do not require a response. Further, loanDepot lacks sufficient knowledge or information as to what "Employment Agreement" Kolinsky refers, as this term is not defined in Kolinsky's Amended Counterclaims.

37. loanDepot denies the allegations in Paragraph 37.

38. loanDepot denies the allegations in Paragraph 38.

39. loanDepot denies the allegations in Paragraph 39.

**RESPONSE TO "PRAYER FOR RELIEF"**

In response to Kolinsky's Prayer for Relief, loanDepot denies that Kolinsky is entitled to any of the relief requested. Kolinsky's Prayer for Relief also seeks relief for claims that were dismissed

with prejudice, and which are expressly denied. loanDepot also denies each and every allegation contained in Kolinsky's counterclaims that has not been specifically admitted herein.

## AFFIRMATIVE DEFENSES

loanDepot asserts the following separately numbered defenses and affirmative defenses to Kolinsky's counterclaims. By asserting these defenses, loanDepot does not concede that it has the burden of proof as to any such defense. To the extent any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are pled in the alternative. Subject to and without waiving the foregoing, and without waiving Kolinsky's burden to show otherwise, loanDepot states:

## FIRST AFFIRMATIVE DEFENSE

The counterclaims, in whole or in part, fail to state a claim upon which relief may be granted. loanDepot did not breach any agreement with Kolinsky, nor did it breach any implied covenant of good faith and fair dealing.

## SECOND AFFIRMATIVE DEFENSE

Kolinsky cannot recover from loanDepot on the basis of any contract, because such recovery is barred, in whole or in part, by Kolinsky's prior material breach of the same contract or another contract incorporated by reference therein.

## THIRD AFFIRMATIVE DEFENSE

Kolinsky's counterclaims for relief are barred, in whole or in part, by laches, equitable estoppel, waiver, consent, or other related doctrines.

## FOURTH AFFIRMATIVE DEFENSE

Kolinsky is not entitled to recover his attorney's fees.

### FIFTH AFFIRMATIVE DEFENSE

Kolinsky's counterclaims are barred because he suffered no damages as a result of the alleged conduct of loanDepot.

### SIXTH AFFIRMATIVE DEFENSE

Kolinsky's counterclaims are barred, in whole or in part, because his alleged damages, if any, were the result of intervening/superseding causes, or caused by the acts or omissions of third parties, and were not the result of any act or omission by loanDepot.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Kolinsky has suffered any damages alleged in the counterclaims, such damages were not proximately caused by loanDepot.

### EIGHTH AFFIRMATIVE DEFENSE

Kolinsky's counterclaims against loanDepot are barred, in whole or in part, by contracts and agreements between Kolinsky and loanDepot.

### NINTH AFFIRMATIVE DEFENSE

Kolinsky's counterclaims against loanDepot are barred, in whole or in part, by his failure to mitigate his damages, if any.

### TENTH AFFIRMATIVE DEFENSE

To the extent any of Kolinsky's counterclaims against loanDepot seek equitable relief, such counterclaims are barred because Kolinsky has an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE

Kolinsky cannot recover from loanDepot for breach of any contract because such recovery is barred, in whole or in part, by a failure of a condition or conditions precedent to loanDepot's obligations under such contract, if such obligations exist. This failure of a condition or conditions precedent occurred through no fault, action, or inaction of loanDepot.

## TWELVTH AFFIRMATIVE DEFENSE

Kolinsky's counterclaims fail to the extent they are time-barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

In addition to the foregoing defenses, loanDepot reserves the right to amend its Answer to assert additional defenses based upon facts learned during discovery and during any other proceeding in this action or pursue any available claim against Kolinsky as those claims become known during this litigation.

Dated:  January 26, 2024

LITTLER MENDELSON P.C.

By: *Jessica F. Pizzutelli*

Jessica Pizzutelli, Esq.
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
(585) 203-3414
Pizzutelli@littler.com

Miguel A. Lopez, Esq.
900 Third Avenue, 8th Floor
New York, NY 10022
(212) 583-2595
MALopez@littler.com

*Attorneys for Plaintiff loanDepot.com, LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 26, 2024, she caused a true and correct copy of the foregoing to be filed electronically with the Clerk of Court using the Court's CM/ECF system, which served this document on counsel of record for all parties to this action.

/s/ *Jessica F. Pizzutelli*