# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190

TELEPHONE: +1.216.586.3939 • FACSIMILE: +1.216.579.0212

March 11, 2024

Direct Number: (216) 586-7221
maplatt@JonesDay.com

VIA ELECTRONIC CASE FILING

Hon. Sarah L. Cave, United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, New York 10007-1312

Re: *loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al.*,
No. 1:22-cv-05971-LGS (S.D.N.Y.)

Dear Judge Cave:

Pursuant to the Court's Rule I.G.2, and the Southern District of New York's ECF Rules & Instructions Section 6, Defendant CrossCountry Mortgage, LLC ("CCM") respectfully moves this Court for leave to file under seal Exhibits 2–5 that are attached to CCM's contemporaneously filed Pre-Motion Letter to Compel (the "Letter"). Those exhibits or portions of exhibits support, and are incorporated into, CCM's Letter, and therefore CCM further seeks leave to file under seal portions of the Letter that quote or substantially describe those exhibits, which are discussed below. CCM supports this Motion for Leave to File Under Seal as follows:

On September 19, 2022, this Court entered the Stipulated Protective Order ("Protective Order") (ECF No. 95), permitting the parties to designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" if the document falls within one or more of the following categories: "(1) information prohibited from disclosure by statute; (2) medical information concerning any individual; (3) personal identity information; (4) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and (5) other non-public, proprietary, financial, commercial, personal, or business information of any party or non-party . . . customer and/or prospective customer information with respect to customers or prospective customers of loanDepot or [CCM] and/or compilations of such customer and/or prospective customer information; financial information relating to loanDepot's or [CCM]'s business that is not publicly available or known and that could be of benefit to a competitor; non-public information concerning loanDepot or [CCM] employees, including, without limitation, information concerning compensation, benefits, incentive plans or agreements, and job performance; and any document that was downloaded from or contains customer information that was downloaded from loanDepot's systems or databases . . . ." (Protective Order ¶¶ 3, 4.)

Exhibits 2–5 to CCM's Letter, which are described in detail below, consist of documents that, pursuant to the Protective Order, have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" by either loanDepot or the Individual Defendants, as well as deposition testimony that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" by loanDepot. CCM notes, however, that, as described in its Letter, certain documents and deposition testimony **reflect illegal conduct by loanDepot**. *See* Exs. 3–5. And it is axiomatic that documents and testimony may not be filed under seal merely because they evidence "embarrassing or even illegal corporate conduct." *See Personnel Staffing Grp., LLC v. XL Ins. Am., Inc.*, No. 22-CV-10259, 2023 WL 4304688, at *3

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

(S.D.N.Y. June 30, 2023) ("Protecting from public view a company's failure to abide by state law runs directly contrary to the public interest. 'Foreclosing public scrutiny of the grounds for [an] adjudication' because public scrutiny might reveal embarrassing or even illegal corporate conduct 'is wholly unjustifiable.'") (quoting *Joy v. North*, 692 F. 2d 880, 884 (2d Cir. 1982)).

Nonetheless, ¶ 13 of the Protective Order requires that CCM, as the Non-Designating Party, "must file the[se] materials under seal in accordance with the procedures set forth in Section I.D.3 of Judge Schofield's Rules and Section 6 of the U.S. District Court for the Southern District of New York Electronic Case Filing Rules & Instructions ('ECF Rules')," and that "[t]he portions of any pleadings, motion papers or other papers that contain summaries or quotations of any CONFIDENTIAL or ATTORNEYS' EYES ONLY materials shall be redacted and filed in accordance with the procedures set forth in Section I.D.3 of Judge Schofield's Rules and Section 6 of the ECF Rules."[1]  Section I.D.3 of Judge Schofield's Rules provides that "[t]he party with an interest in confidential treatment bears the burden of persuasion.  If this party is not the filing party, the party with an interest in confidential treatment shall promptly file a letter on ECF within two business days in support of the motion, explaining why it seeks to have certain documents filed in redacted form or under seal."

Accordingly, CCM seeks leave to provisionally file under seal the excerpts of the deposition transcript and documents identified below that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" by either loanDepot or the Individual Defendants and, pursuant to the Protective Order, CCM does not otherwise bear the burden of substantiating the bases for sealing such documents.

I. **DEPOSITION TRANSCRIPTS AND DOCUMENTS PRODUCED BY LOANDEPOT OR THE INDIVIDUAL DEFENDANTS THAT BEAR CONFIDENTIALITY DESIGNATIONS**

   A.   Exhibit 2:  LoanDepot0006275–81

   B.   Exhibit 3:  Transcript of the deposition of loanDepot's Rule 30(b)(6) corporate designee, Mark McGowen, who was deposed in this action on May 3, 2023 (excerpted portions)

   C.   Exhibit 4:  INDIVDEF_0026886–89, Exhibit 22 to the deposition of Mark McGowen

---

[1] CCM recognizes that this action has been reassigned from Judge Schofield to Judge Subramanian.  We are also cognizant, however, that Judge Subramanian has explicitly ordered that "[u]nless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment."  (ECF No. 391 at 1.)  Accordingly, out of an abundance of caution, CCM is complying with the Protective Order's requirement that CCM proceed in accordance with "Section I.D.3 of Judge Schofield's Rules."  (Protective Order ¶ 13.)  CCM submits, however, that it would be appropriate to amend to the Protective Order to replace the references to Judge Schofield's Rules with references to Judge Subramanian's Rules on this subject.

JONES DAY

March 11, 2024
Page 3

   D. <u>Exhibit 5</u>: INDIVDEF_0026883–85, Exhibit 23 to the deposition of Mark McGowen

  CCM respectfully asks this Court to file the redacted portions of its Letter, as well as the above-referenced Exhibits, under seal.

               Respectfully submitted,

               *s/ Michael A. Platt*

               Michael A. Platt

cc: All counsel of record (by ECF)


APPENDIX OF PARTIES AND COUNSEL

WHO MAY HAVE ACCESS TO DOCUMENTS FILED UNDER SEAL

- Counsel of Record for loanDepot.com, LLC may have access to the sealed documents.
- Counsel of Record for Individual Defendants may have access to the sealed documents.