

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

Miguel A. Lopez
212.471.4482 direct
212.583.9600 main
malopez@littler.com

March 25, 2024

<u>Via ECF</u>

Hon. Sarah L. Cave
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

**Re:    loanDepot.com, LLC v. CrossCountry Mortgage, LLC, et al., No. 1:22-cv-05971**

Dear Judge Cave:

 **Texts and Personal Emails**: CCM represented to loanDepot that it would produce "communications between CrossCountry and any third parties" and "communications between CrossCountry employees." ECF No. 268-2, at 4-5. The correspondence CCM cites in support of its assertion that it communicated to loanDepot that it would not search for responsive personal text messages and emails does not even contain the terms "text" or "text messages." *See* ECF No. 268-3. Because both text messages and personal emails are "communications" and CCM stated it would produce such "communications," the Court should compel their production. *See* S.D.N.Y. L.R. 26.3(c)(1) (defining "communication"). CCM's time-lapse argument is nonsensical, and the decision it cites as support bears that out. *See Rapp v. Fowler*, 2022 WL 1214778, at *1-3 (S.D.N.Y. Apr. 25, 2022) (motion to compel after close of discovery and after summary judgment motion and pretrial order filed). Here, discovery is still ongoing, and depositions revealed CCM's discovery collection shortcomings. *See, e.g.*, **Ex. A**, 32:24-33:3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; **Ex. B**, 18:8-19:21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ **Ex. C** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. These documents are highly probative, as it appears CCM was trying to hide its solicitation efforts by using personal texts and emails. Finally, as a party resisting discovery, CCM must show why discovery should be denied, given its admitted relevance. *Hicks v. Leslie Feely Fine Art, LLC*, No. 20 Civ. 1991 (ER), 2021 WL 3617208, at *4 (S.D.N.Y. Aug. 13, 2021). It fails to offer any substantive reason.

 **Leonhardt Deposition**: loanDepot's request satisfies the "apex" doctrine. loanDepot undertook extensive questioning on the topics for which it seeks Leonhardt's testimony, but the various witnesses' testimony has been contradictory or contradicted by CCM's document production. Unlike *M. A. Porazzi Co v. the Mormaclark*, 16 F.R.D. 383, 383 (S.D.N.Y. 1951), and *Harapeti v. CBS Television Stations Inc.*, 2021 WL 3932424, at *3 (S.D.N.Y. Sept. 2, 2021), where the executives had no personal knowledge, Leonhardt has personal knowledge *and involvement* in the lift-out of loanDepot's New York City branches. And a limited deposition in Ohio would not cause him disruption, unlike the executive in *Guan Ming Lin v. Benihana Nat. Corp.*, 2010 WL 4007282, at *2 (S.D.N.Y. Oct. 5, 2010). For the foregoing reasons, loanDepot's letter motion to compel should be granted.

Hon. Sarah L. Cave
March 25, 2024
Page 2

Respectfully submitted,
/s/ *Miguel A. Lopez*

CC: Counsel of Record