UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOANDEPOT.COM, LLC,<br><br>                                 Plaintiff,<br><br>            -v-<br><br>CROSSCOUNTRY MORTGAGE, LLC, et al.,<br><br>                                 Defendants. | CIVIL ACTION NO. 22 Civ. 5971 (AS) (SLC)<br><br>**ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

Today, April 9, 2024, the Court held a telephonic discovery conference (the "Conference") to discuss (i) the issues raised by Defendant CrossCountry Mortgage, LLC ("CC") (ECF Nos. 443 & 445), with respect to which Plaintiff loanDepot.com, LLC ("LD") filed an opposition (ECF Nos. 451–52) and CC a reply (ECF No. 464–64), and (ii) the issues raised by LD (ECF No. 440), with respect to which CC filed an opposition (ECF No. 450) and LD a reply (ECF Nos. 460 & 462).  As discussed at the Conference, the Court resolves the issues raised in the parties' letters as set forth herein.

**I. LD's Requests**

    **A. LD's Request for Communications Concerning Recruitment of the Individual Defendants**

LD requests that the Court "compel CC[] to collect and produce responsive documents located in the relevant CC[] custodians' text messages, personal email and other cloud-based accounts."  (ECF No. 440 at 1).  CC opposes the request on the grounds that, inter alia, the communications are duplicative of documents already produced in discovery and LD unreasonably delayed in seeking these documents.  (ECF No. 450 at 1–2).

The request is GRANTED IN PART and DENIED IN PART, as follows:

1. CC shall search the personal email accounts and text messages of Justin Lieberman, DJ Mellay, and Matthew Reid, and produce to LD non-privileged communications pertaining to recruitment of the Individual Defendants.  As discussed at the Conference, the timeframe for the search and production shall be the approximately two-month period between when Scott Bonora spoke to Mr. Lieberman in 2021 and when CC hired the Individual Defendants.

2. The parties shall meet and confer to agree on the search terms and precise timeframe for the search and production using the guidance the Court provided above and at the Conference.

**B. LD's Request to Depose Ron Leonhardt**

LD also renews its request to depose Ron Leonhardt, CC's Chief Operating Officer, which the Court held in abeyance following the conference held on April 22, 2023.  (ECF No. 440 at 3; see ECF No. 337).  Centrally, LD argues that Mr. Leonhardt had a role in recruiting the Individual Defendants, and has unique knowledge of "how special financing positioned CC[] to recruit" them and "about the trip that CC[] organized for certain of the[m] to visit CC[] headquarters in Ohio." (ECF No. 440 at 3).  LD notes that various witnesses who have been deposed in this case gave incomplete or inconsistent testimony regarding Mr. Leonhardt's role in the recruitment effort. (See id.)  CC opposes the request, relying on the "Apex Doctrine" and arguing that Mr. Leonhardt does not have unique knowledge to contribute beyond that which would, and has, been gleaned from other witnesses.  (ECF No. 450 at 2–3).

1. **Standard of Review**

Barring a party from taking a deposition is an "extraordinary" form of relief. Myun-Uk Choi v. Tower Rsch. Cap. LLC, No. 14 Civ. 9912 (KMW), 2019 WL 6271324, at *2 (S.D.N.Y. Nov. 22, 2019) (quoting Speadmark, Inc. v. Federated Dep't Stores, Inc., 176 F.R.D. 116, 118 (S.D.N.Y. 1997)).[1] The party seeking this relief "bears the burden of proving that the proposed deponent has nothing to contribute." Id. (quoting Speadmark, 176 F.R.D. at 116). Although "it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition," id. (quoting Naftchi v. N.Y. Univ. Med. Ctr., 172 F.R.D. 130, 132 (S.D.N.Y. 1997)), under the Apex Doctrine senior corporate executives enjoy "'an additional layer of protection' from the intrusion of depositions." Id. (quoting Alex & Ani, Inc. v. MOA Intern. Corp., No. 10 Civ. 4590 (KMW), 2011 WL 6413612, at *3 (S.D.N.Y. Dec. 21, 2011)). This protective principle derives from Federal Rule of Civil Procedure 26(b)(2), which limits discovery that is unreasonably cumulative or duplicative or is obtainable from a "more convenient, less burdensome, or less expensive" source. Fed. R. Civ. P. 26(b)(2)(C)(i). Under the Apex Doctrine, "executives are 'safeguarded' from depositions unless they have 'unique evidence, personal knowledge of the claims at issue, and other witnesses are incapable of providing testimony about the conduct alleged.'" Shiber v. Centerview Partners LLC, No. 21 Civ. 3649 (ER), 2023 WL 3071554, at *3 (S.D.N.Y. Apr. 25, 2023) (quoting Harapeti v. CBS Television Stations Inc., No. 21 Misc. 680 (PAE), 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021)); cf. Gen. Star Indem. Co. v. Platinum Indem., Ltd., 210 F.R.D. 80, 82–83 (S.D.N.Y. 2002) (noting that courts have granted protective orders for executives where the party seeking the deposition had "not yet attempted

---

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated,

to obtain information from lower level executives; where high-level executives plainly had no knowledge of the facts; or where the deposition was solely sought to harass the executive").

### 2. Application

The Court finds that the Apex Doctrine does not warrant the extraordinary relief of precluding LD from deposing Mr. Leonhardt. The parties do not meaningfully dispute that Mr. Leonhardt had a role in CC's effort to recruit the Individual Defendants; rather, the parties dispute the extent of his role. At a minimum, the evidence to date reflects that Mr. Leonhardt attended all or part of a trip that CC organized for certain of the Individual Defendants to visit CC's headquarters in Ohio (the "Trip"), with several witnesses testifying that they flew to Ohio on Mr. Leonhardt's plane. (ECF Nos. 440 at 3; 450 at 3). Further, although LD has deposed many witnesses, the record remains unclear as to the extent of Mr. Leonhardt's role in the Trip (see ECF Nos. 440-6 at 2 (Mr. Leonhardt copied on an email discussing plans for the Trip); 440-7 at 3 (Daniel Meidan testifying that someone told him Mr. Leonhardt owned the plane); 442-2 at 3 (Scott Nadler testifying that he was told the plane belonged to Mr. Leonhardt); 450-3 at 6 (Justin Lieberman testifying that Mr. Leonhardt only "spoke" at the Trip at one dinner)), and his role in CC's recruiting of the Individual Defendants in general (ECF Nos. 442 at 6 (CC's corporate witness testifying that he did not know whether Mr. Leonhardt approved hiring requests), 10 (CC's corporate witness testifying that he did not know that Mr. Leonhardt approved signing bonuses for the Individual Defendants); 442-1 (email in which Mr. Leonhardt approved signing bonuses for Individual Defendants); see ECF No. 450 (CC claiming that Mr. Leonhardt merely "rubber-stamped compensation proposed by other CC[] employees who have already been deposed")).

4

The Court finds that Mr. Leonhardt's role in the recruitment of the Individual Defendants is relevant to the parties' claims and defenses, questions remain regarding the extent of his role, he is in the best position to answer those questions, and CC has not identified an alternative source from which LD can obtain the information.  Accordingly, LD's request is GRANTED and it is permitted to depose Mr. Leonhardt (the "Deposition").  The Deposition shall be limited to two hours of on-the-record time, and limited in scope to CC's recruitment of the Individual Defendants and the Trip.

**II. CC's Request**

CC requests that LD be compelled to produce documents relevant to CC's affirmative defenses, including, chiefly, its defense that LD committed "antecedent material breaches of the employment agreements between [LD] and the Individual Defendants." (ECF Nos. 443 at 1; 445 at 1).  LD argues that, inter alia, CC seeks "irrelevant documents[] designed to burden and harass [LD]." (ECF Nos. 451 at 1; 452 at 1).

The request is GRANTED IN PART and DENIED IN PART as follows:

1. LD shall promptly investigate the loan referenced at ECF No. 445-2, loan number 400716321 (the "Loan"), to ascertain (i) whether the Loan was referred to an internal loan consultant, (ii) whether the Loan was characterized as a "corporate loan" (see ECF No. 445 at 2), and (iii) the compensation Mr. Bonora and Stan Aleshin received in connection with the Loan.

2. Once LD completes the investigation, LD shall produce the information to CC and the parties shall promptly meet and confer regarding what, if any, additional documents CC is seeking.

By **April 30, 2024**, the parties shall meet and confer and file a joint letter as to any remaining depositions and as to the meet and confer processes directed by this Order.

The parties shall order a transcript of the Conference and file it on the docket. The parties shall submit a single request to etranscripts@nysd.uscourts.gov by **April 11, 2024**, and shall select the "7 Day" option for service.

Dated:    New York, New York          SO ORDERED.
          April 9, 2024

                                      _____
                                      **SARAH L. CAVE**
                                      **United States Magistrate Judge**