# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190

TELEPHONE: +1.216.586.3939 • FACSIMILE: +1.216.579.0212

Direct Number: (216) 586-7221
maplatt@JonesDay.com

May 3, 2024

VIA ELECTRONIC CASE FILING
Hon. Sarah L. Cave, United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, New York 10007-1312

Re: *loanDepot v. CrossCountry Mortgage*, No. 1:22-cv-05971-AS-SLC (S.D.N.Y.)

Dear Judge Cave:

Pursuant to Section II.C.2 of the Individual Practices in Civil Cases, CrossCountry Mortgage ("CCM") respectfully requests a pre-motion discovery conference to compel the production of documents and information directly relevant to the counterclaims asserted by CCM and Individual Defendants, which loanDepot has refused to produce, in response to CCM's Requests for Production ("RFPs") Nos. 59–68 and Interrogatory Nos. 7–9 (attached hereto as Exs. 1, 2).[1]

**Lanham Act and State-Law Counterclaims:** CCM and the Individual Defendants assert counterclaims that loanDepot "deployed a scheme to illegally generate business using the names and likenesses of multiple [Individual Defendants]." ECF No. 237 ¶ 44.[2] Between April and July 2022, loanDepot sent fraudulent blast email solicitations to all contacts in the loanDepot databases of the Individual Defendants—including *at least* Tony Ayala, Scott Bonora, Faheem Hossain, and Ilya Vaysberg—falsely using their names, likenesses, and loanDepot email addresses despite the fact that each of them had left loanDepot for CCM weeks or months before. The purpose of these email blasts indisputably was to generate business by getting potential customers to open the email, click a link, and start a loan application. *Id.* ¶¶ 44–48.[3] As asserted in CCM's counterclaims, loanDepot sought "to gain a business advantage by falsely portraying those individuals as loanDepot employees many months after they had left," by misrepresenting to potential customers that the Individual Defendants still worked at loanDepot. *Id.* ¶ 44, 48.

Defendants learned of loanDepot's fraudulent emails only because Ayala, Bonora, Hossain, and Vaysberg were inadvertently copied on the email blasts or because the emails were forwarded to them by a friend or confused consumer. On May 16, 2022, counsel for the Individual Defendants sent a letter to loanDepot demanding that it cease and desist these unlawful solicitations. Ex. 3. Ignoring this demand, loanDepot continued to send similar blast emails to consumers falsely under the names of the Individual Defendants. ECF No. 237 ¶¶ 45-46. Indeed, ████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████. Ex. 4 (Brown Dep.) at

---

[1] Pursuant to Section II.C.2, CCM certifies that it met and conferred with loanDepot by Zoom about the issues in this letter at 11:00 a.m. on April 29, 2024, which lasted for approximately 24 minutes. Brent Knight and Jessica Pizzutelli, among others, attended the conference. Based on that discussion, the parties are at an impasse.
[2] *See also* ECF Nos. 112, 207 (CCM); ECF No. 208 (Ayala); ECF Nos. 111, 209 (Bonora), ECF No. 210 (Hossain); ECF No. 211 (Vaysberg).
[3] In an order dated December 29, 2023, the Court rejected loanDepot's attempt to dismiss CCM's false association claims under the Lanham Act, as well as analogous state law claims. ECF 423 at 3-5.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

May 3, 2024
Page 2



  CCM has served targeted, limited discovery asking loanDepot to identify and produce the improper email solicitations affecting the Individual Defendants, the recipients of those false emails, and the loans that loanDepot generated from those false emails. *See* Exs. 1, 2. In response, loanDepot flatly refused to produce any documents, and provided interrogatory responses limited to insufficient, cherry-picked information. *See* Ex. 5; Ex. 6 at 5–6.

  loanDepot's objections and attempt to limit its discovery responses to only those email communications that CCM previously identified are without merit. CCM learned of the emails it identified in its counterclaims serendipitously, either because the Individual Defendants included their own personal email address in their loanDepot CRM or because a customer who received the email blast forwarded it to an Individual Defendant confused as to why it suggested that he was still affiliated with loanDepot. But, as noted, loanDepot's Chief Information Security Officer has since conceded that ███████████████████████████████████████████████████████████████. Moreover, loanDepot itself has

May 3, 2024
Page 3

opened the door to CCM's discovery requests through its own discovery on CCM. Ex. 7. loanDepot has served discovery seeking virtually the same information that CCM is seeking; only that information is exclusively in the hands of loanDepot. *Id.* CCM cannot fully answer loanDepot's discovery, or properly present its case at trial, without loanDepot identifying all of the false email blasts, the recipients of those email blasts, and loan applications opened as a result of those email blasts.

Despite its prior representations to the Court, loanDepot apparently has the ability to both ████████████████████████████████████████████████████████████████████████████████ Ex. 4 (Brown Deposition) at 207:2-17; Ex. 6 at 5–6 ████████████████████████████████████████████████████████████████. Therefore, CCM respectfully requests the Court to order loanDepot to produce, at a minimum, records and information reflecting (1) which Individual Defendants were affected by loanDepot's phony email blasts between March and August 2022, (2) who received those email blasts, (3) which prospective customers accessed those emails, and (4) the customers who closed loans at loanDepot after accessing or clicking the links contained in those false emails.

**Computation of Damages**:  In its response to CCM's Interrogatory No. 9, loanDepot refused to provide a computation of its alleged damages in this case. Ex. 6 at 6–7. General statements on the types of damages a plaintiff intends to seek is insufficient under controlling law. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 368 (S.D.N.Y. 2010) ("[Plaintiff's] objection to Interrogatory 20 as premature fails; further, this Interrogatory seeks a computation of damages and is thus appropriate and timely under Local Civil Rule 33.3(a) and Rule 26 of the Federal Rules of Civil Procedure."); *J.P. Morgan Sec. LLC v. Mariano*, 2018 WL 522339, at *3 (S.D.N.Y. Jan. 22, 2018) (granting motion to compel interrogatory response for computations of categories of damages); Local Civil Rule 33.3(a)("[A]t the commencement of discovery, interrogatories will be restricted to . . . the computation of each category of damage alleged . . . ."). loanDepot's computation of damages is particularly warranted here considering that, given the procedural posture of this case at its earliest stages, the parties did not exchange initial disclosures. *See Design Strategy, Inc. v. Davis*, 469 F. 3d 284, 295 (2d Cir. 2006) ("[B]y its very terms Rule 26(a) requires . . . a 'computation,' supported by documents. . . . [Plaintiff's] failure to comply with [Rule 26(a)] was especially troubling because . . . the [] Defendants specifically *requested* a calculation of damages."); Fed. R. Civ. P. 26(a)(1)(A)(iii) ("[A] party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages[.]"). CCM respectfully requests that the Court order loanDepot to provide a computation of each category of its claimed damages.

May 3, 2024
Page 4

                                          Respectfully submitted,

                                          *s/ Michael A. Platt*

                                          Michael A. Platt

cc:  All counsel of record (by ECF)