UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOANDEPOT.COM, LLC,

                      Plaintiff,

-against-

CROSSCOUNTRY MORTGAGE, LLC et al.,

                      Defendants.

22-cv-5971 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

      Defendant CrossCountry Mortgage, LLC ("CCM") filed objections to Judge Cave's May 31, 2024 discovery order. Dkt. 494. Under Federal Rule of Civil Procedure 72(a), the Court must consider these objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." "An order is 'clearly erroneous' only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Janik v. Spin Media, Inc.*, 2017 WL 6021644, at *1 (S.D.N.Y. Dec. 4, 2017) (citation omitted). "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted).

      As relevant here, CCM brought a Lanham Act counterclaim alleging that Plaintiff loanDepot.com LLC sent blast marketing emails advertising loanDepot's services from the loanDepot email addresses of former employees after those employees had begun working for CCM. CCM requested broad discovery related to this counterclaim. Judge Cave ordered loanDepot to turn over additional discovery related to the email blasts but did not require loanDepot to search for all potential emails that may or may not have been sent from the email address of every former loanDepot employee. Dkt. 489.

      CCM argues that the Court should modify or set aside the order because Judge Cave failed to determine the relevance and proportionality of CCM's discovery requests. But the transcript of the discovery hearing proves otherwise. Indeed, Judge Cave properly acknowledged that CCM had already received other relevant discovery on the topic, which had had not yielded "a lot of return." Dkt. 496 at 34. So Judge Cave concluded that CCM's additional requests (which loanDepot's attorneys represented could take hundreds of hours to investigate) were not reasonable, particularly considering the discovery schedule the parties had agreed to. *Id.* at 27–33. The record thus makes clear that Judge Cave properly considered both relevance and proportionality.

      CCM also claims that Judge Cave improperly weighed the merits of CCM's arguments because she questioned how CCM could show causation related to its Lanham Act claim. But Judge Cave's questions were raised in the context of determining what discovery CCM was requesting and why those discovery requests were relevant. *Id.* at 9. CCM has therefore not met

its "heavy burden" of showing that the Court should modify or set aside Judge Cave's order. *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, 2021 WL 961750, at *1 (S.D.N.Y. Mar. 15, 2021).

Expert discovery in this matter is scheduled to close on November 8, 2024. Dkt. 491. Accordingly, any dispositive motions should be filed no later than **December 13, 2024**. Opposition briefs are due on **January 6, 2025,** and reply briefs are due on **January 17, 2025**. The parties are advised that the Court is unlikely to extend to these deadlines.

The Clerk of Court is directed to terminate the motions at Dkts. 498 and 500.

SO ORDERED.

Dated: July 9, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge