# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190

TELEPHONE: +1.216.586.3939 • FACSIMILE: +1.216.579.0212

Direct Number: (216) 586-7221
maplatt@JonesDay.com

December 19, 2024

VIA ELECTRONIC CASE FILING
Hon. Sarah L. Cave, United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, New York 10007-1312

Re: *loanDepot v. CrossCountry Mortgage*, No. 1:22-cv-05971-AS-SLC (S.D.N.Y.)

Dear Judge Cave:

Pursuant to Local Rule 37.2 and Section II.C.2 of the Individual Practices in Civil Cases, CrossCountry Mortgage ("CCM") respectfully requests a pre-motion discovery conference to compel responses to its contention interrogatories served on loanDepot.[1]

LR 33.3(c) provides: "At the conclusion of other discovery, and at least 30 days before the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the court has ordered otherwise." CCM served contention interrogatories on November 6, 2024, thirty days prior to the discovery cut-off date. (*See* ECF No. 526.) On December 6, 2024, loanDepot served objections, stating a single objection in response to each contention interrogatory:

> loanDepot objects to this Interrogatory on the ground that it is untimely pursuant to the Federal Rules of Civil Procedure, Local Rule 33.3 of the Southern District of New York, the agreement of the Parties, and the Court's orders in this case, including (without limitation) the Court's order setting a fact discovery deadline of July 31, 2024 (the subject Interrogatories were served over three months later, on November 6, 2024). *See* Dkt. Nos. 489, 510, 514 ("The deadline for… fact discovery has now passed").

(*See* Ex. A.) loanDepot's objections are without merit.

As a threshold matter, contrary to loanDepot's characterization of the parties' statement regarding "new discovery" in their Joint Status Letter of May 10, 2024, which requested an extension to the fact discovery deadline (*see* ECF No. 488), contention interrogatories under LR 33.3(c) are not "new discovery" intended to elicit new facts. Rather, "[c]ontention interrogatories properly serve as tools to streamline litigation." *In re Facebook, Inc.*, No. MDL 12-2389, 2016 WL 5080152, at *3 (S.D.N.Y. July 7, 2016). They are designed to "narrow issues already known, thus saving both the parties and the court from inefficiency and unnecessary delay." *Id.*

---

[1] Pursuant to Section II.C.2 of the Individual Practices in Civil Cases, CCM certifies that it met and conferred with loanDepot by video conference about the issue in this letter at 12:00 p.m. on December 17, 2024, which lasted for approximately 13 minutes. Brent Knight, Michael Platt, Jacob Aleknavicius, Jessica Pizzutelli, Alex Rhoades, and Jeff Widman attended the conference. During that conversation, CCM asserted its position that the interrogatories were timely and proper, and as such, loanDepot should provide responses to the interrogatories; loanDepot took the position that the interrogatories were untimely and sought new discovery, and accordingly, no response was needed. Based on that discussion, the parties are at an impasse, and CCM informed loanDepot that it would request a conference with the Court.

December 19, 2024
Page 2

For that very reason, "Southern District courts have been generally consistent that the proper understanding of Rule 33 requires contention interrogatories be reserved until *after* the completion of discovery." *In re Facebook*, 2016 WL 5080152, at *3 (emphasis added and collecting cases). Indeed, contention interrogatories served 37 days before the deadline for fact discovery "arguably were not consistent with Local Rule 33.3 when served" because significant fact discovery remained to be completed. *See Williams v. NYC Bd. of Elections*, No. 23-cv-5460, 2024 WL 3861830, at *4 (S.D.N.Y. Aug. 19, 2024).

As CCM understands it, the basis for loanDepot's timeliness objection is that CCM was required to serve its contention interrogatories at least 30 days before the *fact* discovery cut-off date, which was July 31, 2024.[2] loanDepot's position is inconsistent with the plain text of LR 33.3(c), which requires contention interrogatories to be served no later than 30 days before "the discovery cut-off date." It is axiomatic that the Local Rules of this Court must be interpreted consistent with the Federal Rules of Civil Procedure. *See, e.g.*, *Wyche v. Advanced Drainage Sys.*, 332 F.R.D. 109, 115 (S.D.N.Y. 2019) (rejecting plaintiff's interpretation that Local Rule 58.1 tolled the time limitations in F.R.C.P. 60(c) because such a result "would run afoul of the Federal Rules of Civil Procedure"); Local Rule 26.3(b) (where LR 26.3 outlines requirements as to uniform definitions in discovery requests, LR 26.3(b) makes clear that the rule "is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure"). And where the Federal Rules use the term "discovery," they use it to mean *all* discovery, not only fact discovery as loanDepot would have it. For instance, Federal Rule 26, which addresses "General Provisions Governing Discovery," unambiguously uses the term "discovery" to mean both fact and expert discovery. *See* F.R.C.P. 26. The Local Rules for the Southern and Eastern Districts of New York likewise use the term "discovery" to refer to both fact and expert discovery. For example, LR 26.4 addresses Cooperation Among Counsel in "Discovery," and outlines expectations of counsel "in *all phases of the discovery process* . . . including in matters relating to scheduling and timing of various discovery procedures" (emphasis added). Simply put, loanDepot's assertion that Local Rule 33.3(c)'s use of the phrase "discovery cut-off date" was meant to refer to the fact discovery cut-off date is untenable and fallacious.

Significantly—and similar to *In re Facebook*, *Williams*, and other cases interpreting the timing requirements of LR 33.3(c)—contention interrogatories prior to the close of fact discovery here would have been premature. As the Court is aware, the parties still were conducting significant and material discovery throughout July and indeed into August 2024. For instance, at the discovery conference on April 9, 2024, the Court ordered CCM to collect, search, and produce text messages and emails from the accounts of three CCM managers regarding the recruitment of the Individual Defendants. Those documents were not produced until July 2, 2024. At the May 31, 2024 discovery conference, the Court granted in part CCM's request to compel discovery regarding loanDepot's marketing campaigns that unlawfully used the names and likenesses of the Individual Defendants after they resigned from loanDepot, and the loan activity that resulted from those campaigns. That information was not provided until July 31, 2024. loanDepot did not produce its damages computation until July 15, 2024.

---

[2] The Court extended the deadline for loanDepot to produce commission statements for certain Individual Defendants to August 14, 2024 but otherwise left the July 31, 2024 deadline intact. (*See* ECF No. 510, 514.)

December 19, 2024
Page 3

And loanDepot did not produce commission statements related to loans closed by certain Individual Defendants until August 14, 2024.

As the Court is aware, fact discovery deadlines were extended multiple times to address the parties' discovery disputes and to accommodate the additional time needed to comply with discovery orders. Given the numerous outstanding discovery obligations that continued even past the fact discovery deadline, loanDepot's position that CCM was required to serve contention interrogatories on April 10 (when the fact discovery deadline was May 10), on May 22 (when the fact discovery deadline was June 21), or on July 1 (when the fact discovery deadline was July 31), is not practicable and not at all consistent with Local Rule 33.3(c).

In all events, to the extent there is any question over the timing requirements in Local Rule 33.3(c), that question should be resolved in favor of CCM. "Discovery rules 'are to be accorded a broad and liberal treatment [] to effectuate their purpose that civil trials in the federal courts need not be carried on in the dark.'" *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104 (1964)) (alteration in original). Courts have "broad authority to supervise discovery in the interests of justice," *Bogan v. Northwestern Mut. Ins. Co.*, 144 F.R.D. 51, 53 (S.D.N.Y. 1992), and often exercise their discretion to permit additional discovery where doing so "will further the interests of justice by allowing a more fully informed jury to decide the relevant issues." *Cosentino v. State Office of Developmental Disabilities*, No. 04-cv-4159, 2010 WL 11711525, at *2 (S.D.N.Y. Mar. 3, 2010). Here, in the interests of justice, any ambiguity should be construed in favor of requiring responses to CCM's contention interrogatories.

Respectfully submitted,

*s/ Michael A. Platt*

Michael A. Platt

cc: All counsel of record (by ECF)